1  LAURA D. BERGER (FL Bar No. 11762)
   Federal Trade Commission
2  901 Market Street, Suite 570
   San Francisco, CA 94103
3  P: (202) 326-2471/F: (415) 848-5184
4  lberger@ftc.gov;

5  KEVIN H. MORIARTY (DC Bar No. 975904)
   CATHLIN TULLY (NY Bar)
6  Federal Trade Commission
   600 Pennsylvania Ave N.W.
7  Washington, DC 20580
8  P: (202) 326-3644/F: (202) 326-3062
   kmoriarty@ftc.gov; ctully@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | **Case No. 3:17-cv-00039** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| D-LINK CORPORATION ) | |
| ) | **FEDERAL TRADE COMMISSION'S** |
| and ) | **ADMINISTRATIVE MOTION TO FILE** |
| ) | **UNDER SEAL PORTIONS OF** |
| D-LINK SYSTEMS, INC., ) | **PLAINTIFF'S COMPLAINT** |
| corporations, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Federal Trade Commission ("FTC") hereby moves the Court to issue an administrative order that authorizes the filing under seal, pursuant to Civil Local Rules 7-11 and 79-5(d) and (e), of certain portions of Plaintiff's Complaint.

The FTC's complaint alleges facts in Paragraphs 10, 11, and 25 that the FTC obtained during the course of its non-public investigation of D-Link Systems, Inc. ("DLS"). In providing this information to the FTC, DLS designated this information as confidential pursuant to Section 21 of the FTC Act, 15 U.S.C. § 57b-2.

Local Rule 79-5 governs the filing of documents under seal in civil cases. Subsection (d) of Local Rule 79-5 sets forth additional procedures that apply when a party seeks to file "documents designated as confidential by the opposing party or a Non-Party pursuant to a protective order" and provides as follows:

> If the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order, or a document containing information so designated by an opposing party or a non-party, the Submitting Party's declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential ("the Designating Party").

Pursuant to subsection (e)(1) of Local Rule 79-5, the Designating Party then has four days to file a declaration establishing that all of the designated material is "sealable" (as defined in Local Rule 79-5(b)).

As "designating party," DLS bears the burden of establishing that the information identified in the specified paragraphs is "sealable." The FTC takes no position as to whether this information should remain under seal until such time as DLS provides its justifications for the information to be maintained under seal. A declaration of FTC counsel and a proposed order granting this motion will be filed concurrently with this motion.

For the reasons stated above, the FTC's motion should be granted.

Respectfully Submitted

Dated:  January 5, 2017

/s/ Cathlin Tully
LAURA D. BERGER
KEVIN H. MORIARTY
CATHLIN TULLY

Attorneys for Plaintiff
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
P:  (202) 326-2471/F: (415) 848-5184

FTC'S ADMIN. MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S COMPLAINT
CASE NO.  3:17-CV-00039                                                                                              PAGE 3