PILLSBURY WINTHROP SHAW PITTMAN LLP
LAURA C. HURTADO (CSB #267044)
laura.hurtado@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, California 94111
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

CAUSE OF ACTION INSTITUTE
PATRICK J. MASSARI [*pro hac vice* pending] [Lead Counsel]
patrick.massari@causeofaction.org
MICHAEL PEPSON [*pro hac vice* pending]
michael.pepson@causeofaction.org
KARA E. MCKENNA [*pro hac vice* to be filed]
kara.mckenna@causeofaction.org
1875 Eye Street N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 422-4332
Facsimile: (202) 330-5842

*Attorneys for Defendant D-Link Systems, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>            Plaintiff,<br><br>      vs.<br><br>D-LINK CORPORATION<br><br>and<br><br>  D-LINK SYSTEMS, INC.,<br><br>            Defendants. | No. 3:17-cv-00039-JSC<br><br>**DEFENDANT D-LINK SYSTEMS, INC.'S RESPONSE TO FEDERAL TRADE COMMISSION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S COMPLAINT** |

1    Defendant D-Link Systems, Inc. ("D-Link Systems") hereby responds to the Federal

2    Trade Commission's ("FTC" or "Commission") Administrative Motion to File Under Seal

3    Portions of Plaintiff's Complaint ("Administrative Motion") (Dkt. No. 3).[1]

4    Materials designated as "confidential" pursuant to Section 21 of the Federal Trade

5    Commission Act ("FTC Act"), 15 U.S.C. § 57b-2, as well as court filings reflecting the contents

6    of such materials, should remain sealed (or otherwise confidential) in litigation.  *See FTC v. Gen.*

7    *LLC*, No. 3:16-cv-0136-LRH-VPC, 2016 U.S. Dist. LEXIS 170785, at *2 (D. Nev. Dec. 9, 2016)

8    ("[M]aterials produced in response to compulsory actions and filings before the FTC are

9    confidential as a matter of law.  Therefore, the court finds that the parties have satisfied their

10   burdens to show compelling reasons for filing the various pleadings under seal." (citing 15

11   U.S.C. § 57b-2(b); 16 C.F.R. § 4.10(g)).  Such material "may be disclosed in … court

12   proceedings *subject to … court protective or in camera orders*." 16 C.F.R. § 4.10(g)(3)

13   (emphasis added).  But it should not be publicly filed in a Complaint.

14   Because, as the FTC has explained elsewhere,[2] such materials are subject to

15   confidentiality restrictions imposed by law and regulation, the Commentary to Civil L.R. 79-5

16   suggests its procedures do not apply here.  *See* Commentary, Civil L.R. 79-5 ("In some cases …

17   law or regulation requires a document to be filed under seal (e.g., a False Claims Act complaint).

18   Those cases are exempt from the procedures described in this rule."); *see also* Civil L.R. 79-5(e)

19   (solely referencing materials designated confidential "pursuant to a protective order"—not law

20

---

21   [1]    Because the Administrative Motion was filed contemporaneous with the Complaint, and
22   before D-Link Systems's counsel entered an appearance, this Response should be deemed
     timely, notwithstanding Civil L.R. 7-11(b).  *See, e.g., TIBCO Software, Inc. v. KAAZING Corp.*,
23   No. 16-cv-06949-BLF, 2016 U.S. Dist. LEXIS 175307, at *1 (N.D. Cal. Dec. 19, 2016)
     (provisionally granting administrative motion to file portions of complaint and exhibits under
24   seal, filed with complaint, "WITHOUT PREJUDICE to Defendants filing an opposition *once
     they have appeared in the case*" (emphasis added)).
25   [2]    *See* FTC Motion to Seal Reply, at 2 ¶ 2, *FTC v. General LLC et al.*, Case No. 3:16-cv-
26   00136-LRH-VPC, Dkt. No. 19 (D. Nev. April 16, 2016) ("Under the Federal Trade Commission
     Act, 15 U.S.C. § 41 et seq., and the FTC's Rules of Practice, see 16 C.F.R. Part 4, such materials
27   produced in response to compulsory process are confidential and are subject to limits on
     disclosure. Specifically, such material 'may be disclosed in … court proceedings subject to …
28   court protective or *in camera* orders.'" (some citations omitted)).

-1-

and regulation).[3]  Regardless, as explained in the accompanying Declaration of William Brown in Support of Defendant D-Link Systems, Inc.'s Response ("Brown Decl."), D-Link Systems properly designated materials submitted to the FTC as confidential under 15 U.S.C. § 57b-2(b). *See* Brown Decl. ¶¶ 4-7.  The Administrative Motion does not dispute this, asserting that allegations in Paragraphs 10, 11, and 25 of the FTC's Complaint for Permanent Injunction and Other Equitable Relief ("Compl." or "Complaint") (Dkt. No. 1) are based on information D-Link Systems designated confidential pursuant to 15 U.S.C. § 57b-2(b).[4]  *See* Administrative Motion at 2:4-7; Declaration of Cathlin Tully in Support of Federal Trade Commission's Administrative Motion to File Under Seal Portions of Plaintiff's Complaint Declaration (Dkt. No. 3-1) ¶ 2. Therefore, the redacted portions of Paragraphs 10, 11, and 25 should remain sealed and otherwise confidential and the FTC's Administrative Motion should be granted in its entirety.

Alternatively, as further discussed below, Paragraphs 10, 11, and 25 of the Complaint should remain sealed until the FTC files an Administrative Motion that complies with this Court's Local Rules. *See, e.g., Kamakahi v. Am. Soc'y for Reprod. Med.*, No. 11-cv-01781-JCS, 2014 U.S. Dist. LEXIS 160357, at *6 (N.D. Cal. Nov. 13, 2014) ("If Plaintiffs comply with the Local Rule, the Designating Party or Parties will have four days from the date of Plaintiffs' compliance to file their declarations pursuant to Local Rule 79-5(e)(1).").

This Court's Local Rules require all administrative motions to be accompanied by either a stipulation or a declaration explaining why a stipulation could not be obtained.  Civil L.R. 7-11(a); *see Spieler v. Mt. Diablo Unified Sch. Dist.,* No. C 98-0951 CW, 2007 U.S. Dist. LEXIS 47534, at *8 (N.D. Cal. June 20, 2007).  The FTC's Administrative Motion is accompanied by neither.  The FTC did not contact D-Link Systems prior to filing this Motion.  Brown Decl. ¶ 8.

---

[3]     The fact that Civil L.R. 79-5(e) specifically and only refers to a "protective order," conspicuously omitting mention of laws and regulations, indicates that that Local Rule does not apply here.  "In the words of the old maxim of statutory construction, *inclusio unius est exclusio alterius." Andrade v. United States Sentencing Com.,* 989 F.2d 308, 309 (9th Cir. 1993).

[4]     D-Link Systems disputes the FTC's characterization of Paragraphs 10, 11, and 25 as alleging "facts … that the FTC obtained during the course of its non-public investigation[.]" Administrative Motion at 2:4-5. These Paragraphs contain compound allegations rife with mischaracterizations and inaccuracy, which, if necessary, will be addressed at an appropriate stage of this litigation.

-2-

1   Nor did FTC counsel otherwise contact D-Link Systems's legal counsel who represented D-Link

2   Systems during the non-public compulsory investigation by FTC to discuss the possibility of a

3   stipulation regarding the instant Motion before filing it.  Thus, the FTC Motion was not

4   accompanied by a stipulation under Civil L.R. 7-12.  Therefore, under this Court's Local Rules,

5   the FTC Motion "must be accompanied … by a declaration that explains why a stipulation could

6   not be obtained."  Civil L.R. 7-11(a).  The FTC Motion is accompanied by a Declaration, Dkt.

7   No. 3-1, but it does not explain why a stipulation could not be obtained, as required by Civil L.R.

8   7-11(a).  Therefore, the Administrative Motion violates Civil L.R. 7-11(a) as well as Civil L.R.

9   79-5(d)(1), which requires "conformance with Civil L.R. 7-11."[5]

10          These are not mere technicalities.  Instead of contacting D-Link Systems's counsel—who

11  FTC counsel knows full well represents D-Link Systems—prior to filing the Administrative

12  Motion in a good-faith effort to obtain a stipulation to conserve this Court's valuable time, on

13  January 5, 2017, the FTC apparently mailed its Motion from Washington, D.C., halfway around

14  the world to Taiwan and to D-Link Systems's registered agent in Fountain Valley, California.[6]

15  *See* Certificate of Service (Dkt. No. 3-5) at 2. (D-Link Systems did not receive the mailed copy

16  until January 10, 2017.  *See* Brown Decl. ¶ 9.)  The FTC did this almost a week before its

17  Complaint was served on D-Link Systems on January 10, 2017.  *See* Certificate of Service, Ex.

18  A (Dkt. No. 9-1).  The FTC also emailed a copy to D-Link Systems's former counsel, but did not

19  email a copy to D-Link Systems's counsel who represented D-Link Systems during the FTC's

20  non-public investigation (Law Offices of S.J. Christine Yang), *see* Certificate of Service (Dkt.

21

22  [5]      *Cf. Tri-Valley CAREs v. United States DOE*, 671 F.3d 1113, 1131 (9th Cir. 2012)
    ("Denial of a motion as the result of a failure to comply with local rules is well within a district
23  court's discretion. Northern District of California Civil Local Rule 7-11(a) requires that any
    motion for administrative relief include a stipulation or declaration explaining why a stipulation
24  could not be obtained.  Nowhere in its motion, nor in its additional briefs, did Tri-Valley CAREs
    include the requisite stipulation or declaration." (citation omitted)).
25
    [6]      The FTC Complaint alleges that D-Link Systems's principal place of business is located
26  in the Central (*not* Northern) District of California.  *See* Compl. ¶ 7.  Curiously, the FTC
    Complaint does not include an "Intradistrict Assignment" paragraph identifying any basis for
27  assignment of this case to this Division of the Court pursuant to Civil L.R. 3-2(c).  *See* Civil L.R.
    3-5(b).
28

-3-

1    No. 3-5) at 2, and traveled to Washington, D.C., as recently as November, 2016 to meet with the

2    FTC's counsel in this case.

3         As a practical consequence, the FTC's position as to whether it may subsequently oppose

4    D-Link Systems's efforts to prevent the FTC from making public allegations about D-Link

5    Systems the FTC claims were derived from materials D-Link Systems designated as confidential

6    under 15 U.S.C. § 57b-2—and, if so, how and when it will do so—is unclear.  *See* FTC Motion

7    at 2:20-24 ("The FTC takes no position as to whether this information should remain under seal

8    until such time as DLS provides its justifications for the information to be maintained under

9    seal.").[7]

10        In addition, because FTC counsel did not contact D-Link Systems's counsel before filing

11   this Motion—and because Paragraphs 10, 11, and 25 do not cite to any materials D-Link

12   Systems designated confidential during the FTC's investigation of D-Link Systems, which the

13   FTC claims to be the basis for those allegations—D-Link Systems is unable to determine

14   definitively at this time the extent to which the allegations contained in those paragraphs are, in

15   fact, derived from materials D-Link Systems designated as confidential during the FTC

16   investigation.  This is no small task, as the FTC commenced its investigation of D-Link Systems

17   in June 2013; D-Link Systems produced over 20,000 pages of documents to the FTC; and D-

18   Link Systems produced a corporate witness to provide testimony over the course of an extended,

19   three-day investigational hearing in July 2014.  Thus, it will require substantial time and effort

20   for D-Link Systems's counsel to even attempt to identify which statements, if any, from

21   Paragraphs 10, 11, and 25 of the Complaint correspond, in whole or in part, to which materials

22   D-Link Systems produced to the Commission but designated as confidential.  This logistical

23

24

25

26

_____

27   [7]     In other cases, the FTC has affirmatively advocated for sealing materials designated
     confidential under 15 U.S.C. § 57-b2.  *See, e.g., FTC v. Gen. LLC,* No. 3:16-cv-0136-LRH-VPC,
28   2016 U.S. Dist. LEXIS 170785, at *2 (D. Nev. Dec. 9, 2016) (granting *parties'* motions to seal).

1  burden is exacerbated by the fact that D-Link Systems has recently engaged new counsel, who

2  are representing D-Link Systems pro bono.[8]

3       For the reasons stated above, the FTC's Administrative Motion should be granted in its

4  entirety. Alternatively, this Court should require the FTC to comply with the Local Rules by (1)

5  reasonably identifying the materials D-Link Systems designated confidential that the FTC asserts

6  form the basis for redacted allegations in Paragraphs 10, 11, and 25; (2) conferring with D-Link

7  Systems's counsel before refiling any Administrative Motion to File Under Seal to determine

8  whether a stipulation under Civil L.R. 7-12 is feasible; and (3) either (a) refiling a compliant

9  Administrative Motion (including either a stipulation under Civil L.R. 7-12 or a declaration

10  explaining why a stipulation could not be obtained) or (b) filing an amended complaint after

11  removing the redacted allegations from Paragraphs 10, 11, and 25.  *Cf. Kamakahi*, 2014 U.S.

12  Dist. LEXIS 160357, at *4-6.

13  Dated:  January 17, 2017                    Respectfully submitted,

14                                             PILLSBURY WINTHROP SHAW PITTMAN LLP

15                                             By:_____/s/ Laura C. Hurtado_____
16                                             Laura C. Hurtado (CSB #267044)
                                               laura.hurtado@pillsburylaw.com
17                                             Four Embarcadero Center, 22nd Floor
                                               San Francisco, California 94111
18                                             Telephone: (415) 983-1000
                                               Facsimile: (415) 983-1200

19                                             CAUSE OF ACTION INSTITUTE
20                                             PATRICK J. MASSARI [*pro hac vice* pending]
                                               patrick.massari@causeofaction.org
21                                             MICHAEL PEPSON [*pro hac vice* pending]
                                               michael.pepson@causeofaction.org
22                                             KARA E. MCKENNA [*pro hac vice* to be filed]
                                               kara.mckenna@causeofaction.org
23                                             1875 Eye Street N.W., Suite 800
                                               Washington, D.C. 20006
24                                             Telephone: (202) 422-4332
                                               Facsimile: (202) 330-5842

25
                                               *Attorneys for Defendant D-Link Systems, Inc.*
26

27  [8]    *See generally* Jimmy Koo, "Back in the Fight: Advocacy Group Joins Another FTC Data
    Security Power Challenge," BLOOMBERGBNA (Jan. 11, 2017), *at* https://www.bna.com/back-
28  fight-advocacy-b73014449684/.