CAUSE OF ACTION INSTITUTE
PATRICK J. MASSARI [admitted *pro hac vice*] [Lead Counsel]
patrick.massari@causeofaction.org
MICHAEL PEPSON [admitted *pro hac vice*]
Admitted only in Maryland.
Practice limited to matters and proceedings before United States Courts and agencies.
michael.pepson@causeofaction.org
CYNTHIA CRAWFORD [admitted *pro hac vice*]
cynthia.crawford@causeofaction.org
JOSHUA N. SCHOPF [*pro hac vice* pending]
josh.schopf@causeofaction.org
JESSICA LEE THOMPSON [*pro hac vice* pending]
Admitted only in North Carolina.
Practicing under the supervision of Patrick Massari, a member of the D.C. Bar.
jessica.thompson@causeofaction.org
KARA E. MCKENNA [admitted *pro hac vice*]
kara.mckenna@causeofaction.org
1875 Eye Street N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 422-4332/Facsimile: (202) 330-5842

Christopher Kao (SBN 237716)
ckao@velaw.com
Erica Connolly (SBN 288822)
econnolly@velaw.com
Vinson & Elkins L.L.P.
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: 415.979.6900/Facsimile: 415.651.8786

*Attorneys for Defendant D-Link Systems, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>D-LINK SYSTEMS, INC.,<br><br>Defendant. | No. 3:17-cv-00039-JD<br><br>**DEFENDANT D-LINK SYSTEMS, INC.'S ANSWER TO PLAINTIFF FEDERAL TRADE COMMISSION'S COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO PLAINTIFF FEDERAL TRADE COMMISSION'S COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF
4818-9994-9888.v1

Defendant D-Link Systems, Inc. ("DLS"), responds as follows to plaintiff Federal Trade Commission's ("Plaintiff," "FTC," or "Commission") Complaint for Permanent Injunction and Other Equitable Relief, dated January 5, 2017 (the "Complaint") (Dkt. Nos. 1, 44),[1] with respect to their own actions and knowledge and/or upon information and belief. To the extent not expressly admitted, all allegations in the Complaint are denied.

Pursuant to this Court's Order on May 15, 2017 granting Joint Stipulation Dismissing D-Link Corporation Without Prejudice (Dkt. No. 75), non-party D-Link Corporation ("D-Link Corp.") has been dismissed from this case and is not a defendant in or party to this action. Pursuant to this Court's Order (Dkt. No. 90) on September 19, 2017, Plaintiff's "unfairness" claim (Count I) and certain of Plaintiff's "deception" claims (Counts IV and V) have been dismissed. To the extent that a response to the allegations related to these claims and/or to non-party D-Link Corp. is required, DLS denies all such allegations.

1. To the extent the allegations in paragraph 1 are legal conclusions, no response is required. To the extent paragraph 1 contains allegations directed solely at non-party D-Link Corp., no response is required. To the extent any response is required, DLS admits that it has marketed and sold routers and IP cameras to United States consumers. Except as expressly admitted herein, DLS denies the allegations in paragraph 1 of the Complaint. With respect to the allegations in paragraph 1 that relate to non-party D-Link Corp., DLS further states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis.

---

[1] DLS states that the Complaint contains section titles or organizational headings to which no response is required. To the extent that the headings can be construed to contain allegations of fact to which a response is required, DLS denies all such allegations. DLS further states that pursuant to the Court's Order (Dkt. No. 43) on the parties' Stipulation on Federal Trade Commission's Administrative Motion to File Under Seal Portions of the Plaintiff's Complaint (Dkt. No. 41), on March 20, 2017, the Plaintiff filed an unredacted Complaint for Permanent Injunction and Other Equitable Relief (Dkt. No. 44), the exhibits to which are attached to the Plaintiff's January 5, 2017, Complaint (Dkt. No. 1).

-1-

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO PLAINTIFF FEDERAL TRADE COMMISSION'S COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

4818-9994-9888.v1

## JURISDICTION AND VENUE

2. To the extent the allegations in paragraph 2 are legal conclusions, no response is required. To the extent any response is required, DLS admits that the Court has subject matter jurisdiction and that Plaintiff purports to base subject matter jurisdiction on 28 U.S.C. §§ 1331, 1337(a), and 1345. DLS further admits that Plaintiff purports to assert claims under 15 U.S.C. §§ 45(a) and 53(b), but denies that DLS violated the statutes cited by Plaintiff and that Plaintiff is entitled to any relief under those statutes. Except as expressly admitted herein, DLS denies the allegations in paragraph 2 of the Complaint.

3. To the extent the allegations in paragraph 3 are legal conclusions, no response is required. To the extent any response is required, DLS admits that Plaintiff purports to base venue on 28 U.S.C. § 1391(b) and (c), but denies that venue is proper in this District. DLS further admits that Plaintiff purports to assert claims under the Federal Trade Commission Act (the "FTC Act"), but denies that DLS violated that statute and that Plaintiff is entitled to any relief under that statute. Except as expressly admitted herein, DLS denies the allegations in paragraph 3 of the Complaint.

## PLAINTIFF

4. To the extent the allegations in paragraph 4 are legal conclusions, no response is required. To the extent any response is required, DLS admits that Plaintiff purports to assert claims under the FTC Act, but denies that DLS violated the statutes cited by Plaintiff and that Plaintiff is entitled to any relief under those statutes. DLS lacks knowledge sufficient to admit or deny allegations about the legal status of the FTC.

5. To the extent the allegations in paragraph 5 are legal conclusions, no response is required. To the extent any response is required, DLS admits that Plaintiff purports to assert claims under the FTC Act, but denies that it violated the statutes cited by Plaintiff or that Plaintiff is entitled to any relief under those statutes. DLS lacks knowledge sufficient to admit or deny allegations about the legal status of the FTC.

-2-

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO
PLAINTIFF FEDERAL TRADE COMMISSION'S
COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF

4818-9994-9888.v1

# DEFENDANTS

6. To the extent the allegations in paragraph 6 are legal conclusions, no response is required. To the extent paragraph 6 contains allegations directed solely at non-party D-Link Corp., no response is required. With respect to the allegations in paragraph 6 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis, except that DLS admits that D-Link Corporation is a Taiwanese corporation with its principal office or place of business at No. 289, Xinhu 3rd Rd., Neihu District, Taipei City, Taiwan 114. Except as expressly admitted herein, DLS denies the allegations in paragraph 6 of the Complaint.

7. DLS admits that it is a California corporation with its principal office or place of business at 17595 Mt. Hermann St., Fountain Valley, California 92708. DLS further admits that it has sold routers and internet-protocol cameras ("IP cameras") in the United States. DLS further admits that it has communicated with or through non-party D-Link Corp. regarding the security of DLS routers and IP cameras and other D-Link Brand routers and IP cameras. Except as expressly admitted herein, DLS denies the allegations in paragraph 7 of the Complaint.

8. To the extent the allegations in paragraph 8 are legal conclusions, no response is required. To the extent paragraph 8 contains allegations directed solely at non-party D-Link Corp., no response is required. To the extent a response is required, DLS states that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and denies them on that basis. With respect to the allegations in paragraph 8 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis. Except as expressly admitted herein, DLS denies the allegations in paragraph 8 of the Complaint.

# COMMERCE

9. To the extent the allegations in paragraph 9 are legal conclusions, no response is required. To the extent paragraph 9 contains allegations directed solely at non-party D-Link Corp.,

-3-

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO PLAINTIFF FEDERAL TRADE COMMISSION'S COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

4818-9994-9888.v1

no response is required. To the extent any response is required, DLS admits that it sells routers and IP cameras in the United States. With respect to the allegations in paragraph 9 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis. Except as expressly admitted herein, DLS denies the allegations in paragraph 9 of the Complaint.

## **DEFENDANTS' BUSINESS PRACTICES**

10. To the extent paragraph 10 contains allegations directed solely at non-party D-Link Corp., no response is required. To the extent any response is required, with respect to the allegations in paragraph 10 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis. DLS admits that non-party D-Link Corp. may choose to assist in testing the software that may be used in certain models of D-Link Brand routers and IP cameras that DLS chooses to sell. DLS further admits that private keys are used for the software included in the IP cameras and routers DLS chooses to sell. Except as expressly admitted herein, DLS denies the allegations in paragraph 10 of the Complaint.

11. To the extent paragraph 11 contains allegations directed solely at non-party D-Link Corp. or non-party D-Link Holding Company, Ltd., no response is required. To the extent any response is required, with respect to the allegations in paragraph 11 that relate to non-party D-Link Corp. or non-party D-Link Holding Company, Ltd., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis, except that DLS admits that it is a subsidiary of non-party D-Link Corp., which is approximately 98% owned by non-party D-Link Corp. and non-party D-Link Holding Company, Ltd., and that DLS, from time to time, communicates with or through D-Link Corp. about D-Link Brand products. DLS further admits that it markets and distributes DLS products in the United States and also notifies users of DLS products about the availability of firmware updates to those products through means such as DLS's website. DLS admits it provides after-sale support to

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO
PLAINTIFF FEDERAL TRADE COMMISSION'S
COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF
4818-9994-9888.v1

owners/users of DLS products.  DLS admits that owners/users of DLS IP cameras and routers may contact DLS's Customer Service Department and/or Consumer Contact Support via phone or email regarding those products and that DLS will appropriately assist owners/users of its products in attempting to address any product-related issues.  DLS further admits that it monitors reports regarding its products, investigates the validity of reports regarding purported potential security vulnerabilities possibly affecting its products, and, as appropriate, informs, through non-party D-Link Corp., the third-party vendor/manufacturers that make the IP cameras and routers DLS sells of such reports that may warrant firmware updates from the third-party vendor/manufacturer.  Except as expressly admitted herein, DLS denies the allegations in paragraph 11 of the Complaint.

12. To the extent paragraph 12 contains allegations directed solely at non-party D-Link Corp., no response is required.  To the extent any response is required, with respect to the allegations in paragraph 12 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis.  DLS admits that certain DLS IP cameras and routers can be accessed by the owners/authorized users of those IP cameras via mobile devices through software applications for mobile devices like the free "mydlink Lite" mobile app, which can be used by the owners/authorized users of certain DLS router and IP camera models who choose to use it.  DLS further admits that owners/authorized users of certain DLS routers and IP cameras who choose to use the mydlink Lite app must enter a user name and password the first time the owner/authorized user employs the app on a particular mobile device.  DLS admits that owners/authorized users of the app may choose whether to store login credentials, and, if so, for how long, and whether and when to log in or out.  Except as expressly admitted herein, DLS denies the allegations in paragraph 12 of the Complaint.

### **DEFENDANTS' ROUTERS**

13. To the extent paragraph 13 contains allegations directed solely at non-party D-Link Corp., no response is required.  To the extent any response is required, with respect to the

-5-

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO
PLAINTIFF FEDERAL TRADE COMMISSION'S
COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF
4818-9994-9888.v1

allegations in paragraph 13 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis. DLS admits that DLS routers operate to forward data packets along a network. With respect to the allegations in paragraph 13 that relate to other unspecified routers sold by other businesses and the FTC's characterization of the typical role of said routers, DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis. Except as expressly admitted herein, DLS denies the allegations in paragraph 13 of the Complaint.

## DEFENDANTS' IP CAMERAS

14. To the extent paragraph 14 contains allegations directed solely at non-party D-Link Corp., no response is required. To the extent any response is required, with respect to the allegations in paragraph 14 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis. DLS admits that certain DLS IP cameras can be used by their owners/authorized users to monitor homes or businesses and that live video and audio of certain DLS IP camera models can be accessed via the Internet by the owner/authorized user of the DLS IP camera using a mobile device or computer, depending on how the owner chooses to configure and use the device. DLS admits that paragraph 14 purports to characterize DLS marketing and/or other materials relating to DLS IP cameras. DLS states that these documents speak for themselves. With respect to the allegations in paragraph 14 relating to other unspecified IP cameras sold by other businesses and the FTC's characterization of the role said IP cameras play, DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis. Except as expressly admitted herein, DLS denies the allegations in paragraph 14 of the Complaint.

## DEFENDANTS' SECURITY FAILURES

15. DLS denies the allegations in paragraph 15 of the Complaint.

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO
PLAINTIFF FEDERAL TRADE COMMISSION'S
COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF
4818-9994-9888.v1

## THOUSANDS OF CONSUMERS AT RISK

16. DLS lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 regarding anonymous, unspecified press reports, so the allegations regarding what the "press has reported" about DLS are denied. DLS denies the remainder of the allegations in paragraph 16 of the Complaint. DLS states that paragraph 16 contains vague terms such as "significant risk" and "have been vulnerable," and DLS further denies those allegations on that basis.

17. DLS denies the allegations in paragraph 17 of the Complaint. DLS states that paragraph 17 contains vague terms such as "risk," "vulnerable," "could," "significant," "widely known," "readily accessible," "readily available," and "widely available," and DLS further denies those allegations on that basis.

18. DLS denies the allegations in paragraph 18 of the Complaint. DLS states that paragraph 18 contains vague terms such as "significant risk" and "could," and DLS further denies those allegations on that basis. To the extent paragraph 18 contains allegations directed solely at non-party D-Link Corp., no response is required. To the extent any response is required, with respect to the allegations in paragraph 18 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis.

## DEFENDANTS' SECURITY STATEMENTS

19. DLS admits the allegations in paragraph 19 of the Complaint to the extent the allegations relate to DLS, and states that to the extent those allegations constitute legal conclusions, or relate to claims which the Court has already dismissed, no response is required. To the extent paragraph 19 contains allegations directed solely at non-party D-Link Corp., no response is required. To the extent any response is required, with respect to the allegations in paragraph 19 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO PLAINTIFF FEDERAL TRADE COMMISSION'S COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

4818-9994-9888.v1

sufficient to form a belief as to the truth of those allegations, and denies them on that basis. Except as expressly admitted herein, DLS denies the allegations in paragraph 19 of the Complaint.

## SECURITY EVENT RESPONSE POLICY

20.     DLS admits that from approximately December 2013 until September 2015, a document titled "Security Event Response Policy" was posted on its webpage at http://support.dlink.com/securityadvisories.aspx. DLS further admits that paragraph 20 of the Complaint purports to describe the contents of an exhibit to the Complaint (PX 1). DLS states that PX 1 is a document that speaks for itself. Except as expressly admitted herein, DLS denies the allegations in paragraph 20 of the Complaint. DLS states that paragraph 20 contains vague terms such as "general form," "highly publicized," "affect," and "many," and DLS further denies those allegations on that basis.

## PROMOTIONAL CLAIMS

21.     DLS admits that user manuals and brochures describing the features of DLS routers are available on DLS's website. DLS further admits that paragraph 21 purports to describe the contents of exhibits to the Complaint (PX 2-5). DLS states that exhibits PX 2-5 are documents that speak for themselves and denies any allegations inconsistent with those exhibits. To the extent paragraph 21 contains allegations directed solely at non-party D-Link Corp., no response is required. To the extent any response is required, with respect to the allegations in paragraph 21 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis. Except as expressly admitted herein, DLS denies the allegations in paragraph 21 of the Complaint. DLS states that paragraph 21 contains vague terms such as "general form," "wide range," and "highlight" and DLS further denies those allegations on that basis.

22.     To the extent the allegations in paragraph 22 relate to claims which the Court has already dismissed, no response is required. To the extent a response is required, DLS states as follows: DLS admits that materials are available on DLS's website that relate to the features of

-8-

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO
PLAINTIFF FEDERAL TRADE COMMISSION'S
COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF
4818-9994-9888.v1

DLS IP cameras, including user manuals and brochures. DLS admits that this paragraph purports to describe the contents of exhibits to the Complaint (PX 6 and PX 7). DLS states that exhibits PX 6 and PX 7 are documents that speak for themselves and denies any allegations that are inconsistent with PX6. DLS specifically denies that PX 7 was ever used to market DLS products or was otherwise publicly released by DLS. To the extent paragraph 22 contains allegations directed solely at non-party D-Link Corp., no response is required. To the extent any response is required, with respect to the allegations in paragraph 22 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis. Except as expressly admitted herein, DLS denies the allegations in paragraph 22 of the Complaint. DLS states that paragraph 22 contains vague terms such as "general form," "highlight," "security-related," and "wide range" and DLS further denies those allegations on that basis.

### **INTERACTIVE SECURITY FEATURES**

23. To the extent the allegations in paragraph 23 relate to claims which the Court has already dismissed, no response is required. To the extent a response is required, DLS states as follows: DLS admits that users of some models of DLS routers must access a graphical user interface ("GUI") before using the routers. DLS further admits that DLS routers offer security features and that DLS provides instructions regarding use of these features through a variety of means, including the GUI. DLS admits that this paragraph purports to describe the contents of exhibits to the Complaint (PX 8 and PX 9). DLS states that exhibits PX 8 and PX 9 are documents that speak for themselves and denies any allegations inconsistent with those exhibits. To the extent paragraph 23 contains allegations directed solely at non-party D-Link Corp., no response is required. To the extent any response is required, with respect to the allegations in paragraph 23 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis. Except as expressly admitted herein, DLS denies the allegations in paragraph 23 of the Complaint. DLS

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO PLAINTIFF FEDERAL TRADE COMMISSION'S COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF
4818-9994-9888.v1

states that paragraph 23 contains vague terms such as "general form," "many instances," and "numerous" and DLS further denies those allegations on that basis.

24. DLS admits that DLS IP cameras offer security features and that the owners/authorized users of some models of DLS IP cameras must access a GUI before using the IP cameras. DLS further admits that this paragraph purports to describe the contents of exhibits to the Complaint (PX 10 and PX 11). DLS states that exhibits PX 10 and PX 11 are documents that speak for themselves and denies any allegations inconsistent with those exhibits. To the extent paragraph 24 contains allegations directed solely at non-party D-Link Corp., no response is required. To the extent any response is required, with respect to the allegations in paragraph 24 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis. Except as expressly admitted herein, DLS denies the allegations in paragraph 24 of the Complaint. DLS states that paragraph 24 contains vague terms such as "general form," "numerous," and "many instances" and DLS further denies those allegations on that basis.

### **D-LINK DIRECTS ITS PRACTICES TO U.S. CONSUMERS**

25. To the extent the allegations in paragraph 25 are legal conclusions, no response is required. To the extent paragraph 25 contains allegations directed solely at non-party D-Link Corp., no response is required. To the extent any response is required, with respect to the allegations in paragraph 25 that relate to non-party D-Link Corp., DLS states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations, and denies them on that basis. DLS denies the allegations in paragraph 25 of the Complaint. DLS states that paragraph 25 contains vague terms such as "develop," and DLS further denies those allegations on that basis.

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO
PLAINTIFF FEDERAL TRADE COMMISSION'S
COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF
4818-9994-9888.v1

## VIOLATIONS OF THE FTC ACT

26. To the extent the allegations in paragraph 26 are legal conclusions, no response is required. To the extent any response is required, DLS denies that it violated the statute cited by Plaintiff and that Plaintiff is entitled to any relief under that statute.

27. To the extent the allegations in paragraph 27 are legal conclusions, no response is required. To the extent any response is required, DLS denies that it violated the statute cited by Plaintiff and that Plaintiff is entitled to any relief under that statute.

## COUNT I

### Unfairness

28. The allegations contained in paragraph 28 of the Complaint address Plaintiff's unfairness claim under Count I, which the Court dismissed; therefore, no response is required. To the extent that a response is required, DLS denies the allegations.

29. The allegations contained in paragraph 29 of the Complaint address Plaintiff's unfairness claim under Count I, which the Court dismissed; therefore, no response is required. To the extent that a response is required, DLS denies the allegations.

30. The allegations contained in paragraph 30 of the Complaint address Plaintiff's unfairness claim under Count I, which the Court dismissed; therefore, no response is required. To the extent that a response is required, DLS denies the allegations.

## COUNT II

### Security Event Response Policy Misrepresentation

31. DLS states that the allegations in paragraph 31 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, DLS incorporates by reference its response to paragraph 20 as stated in this Answer and otherwise denies the allegation.

32. DLS states that the allegations in paragraph 32 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, DLS
-11-

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO
PLAINTIFF FEDERAL TRADE COMMISSION'S
COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF
4818-9994-9888.v1

incorporates by reference its response to paragraphs 15-18 as stated in this Answer and otherwise denies the allegation.

33. DLS states that the allegations in paragraph 33 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, DLS denies the allegation.

## COUNT III

### Router Promotional Misrepresentations

34. DLS states that the allegations in paragraph 34 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, DLS incorporates by reference its response to paragraph 21 as stated in this Answer and otherwise denies the allegation.

35. DLS states that the allegations in paragraph 35 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, DLS incorporates by reference its response to paragraphs 15-18 as stated in this Answer and otherwise denies the allegation.

36. DLS states that the allegations in paragraph 36 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, DLS denies the allegation.

## COUNT IV

### IP Camera Promotional Misrepresentations

37. The allegations contained in paragraph 37 of the Complaint address Plaintiff's deception claim under Count IV, which the Court dismissed; therefore, no response is required. To the extent that a response is required, DLS denies the allegations.

38. The allegations contained in paragraph 38 of the Complaint address Plaintiff's deception claim under Count IV, which the Court dismissed; therefore, no response is required. To the extent that a response is required, DLS denies the allegations.

-12-

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO
PLAINTIFF FEDERAL TRADE COMMISSION'S
COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF
4818-9994-9888.v1

39. The allegations contained in paragraph 39 of the Complaint address Plaintiff's deception claim under Count IV, which the Court dismissed; therefore, no response is required. To the extent that a response is required, DLS denies the allegations.

## COUNT V

### Router GUI Misrepresentations

40. The allegations contained in paragraph 40 of the Complaint address Plaintiff's deception claim under Count V, which the Court dismissed; therefore, no response is required. To the extent that a response is required, DLS denies the allegations.

41. The allegations contained in paragraph 41 of the Complaint address Plaintiff's deception claim under Count V, which the Court dismissed; therefore, no response is required. To the extent that a response is required, DLS denies the allegations.

42. The allegations contained in paragraph 42 of the Complaint address Plaintiff's deception claim under Count V, which the Court dismissed; therefore, no response is required. To the extent that a response is required, DLS denies the allegations.

## COUNT VI

### IP Camera GUI Misrepresentations

43. DLS states that the allegations in paragraph 43 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, DLS incorporates by reference its response to paragraph 24 as stated in this Answer and otherwise denies the allegation.

44. DLS states that the allegations in paragraph 44 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, DLS incorporates by reference its response to paragraphs 15-18 as stated in this Answer and otherwise denies the allegation.

-13-

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO PLAINTIFF FEDERAL TRADE COMMISSION'S COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

4818-9994-9888.v1

1    45.   DLS states that the allegations in paragraph 45 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, DLS denies the allegation.

## CONSUMER INJURY

46.   DLS denies the allegations contained paragraph 46 of the Complaint and states that to the extent those allegations constitute legal conclusions, no response is required.

## THIS COURT'S POWER TO GRANT RELIEF

47.   To the extent the allegations in paragraph 47 are legal conclusions, no response is required. To the extent any response is required, DLS denies that it violated the statute cited by Plaintiff and that Plaintiff is entitled to any relief under that statute.

## [FTC'S] PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's prayer for relief for which an answer is not required. To the extent an answer is deemed required, DLS denies that Plaintiff is entitled to any relief requested in this section, Paragraphs A through B of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof as to any defense or issue that would otherwise rest on Plaintiff or as to any element of Plaintiff's claims, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of investigation, discovery, preparation for trial or otherwise it becomes appropriate to assert such defenses, DLS asserts the following affirmative and other defenses:

## FIRST DEFENSE

Plaintiff lacks statutory authority to assert the claims alleged in the Complaint.

## SECOND DEFENSE

This action violates DLS's due process rights under the Fifth Amendment to the U.S. Constitution because, among other things, the FTC has failed to provide constitutionally adequate fair notice of what acts or practices Section 5 prohibits or requires, as applied to the allegations in

-14-

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO
PLAINTIFF FEDERAL TRADE COMMISSION'S
COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF
4818-9994-9888.v1

the Complaint and this case; Section 5, as applied to the allegations in the Complaint and this case, does not provide constitutionally adequate fair notice of what acts or practices it prohibits or requires; and also because the FTC's lack of standards for Section 5 enforcement authorizes and/or encourages seriously discriminatory enforcement.

**THIRD DEFENSE**

The Complaint, and each and every claim stated therein, fails to state a claim on which relief can be granted.

**FOURTH DEFENSE**

The Plaintiff is not entitled to any relief because this is not a "proper case" for relief within the meaning of Section 13(b) of the FTC Act insofar as any violation of Section 5 that may have occurred—there are none—was not clear and in any event is not likely to recur.

**FIFTH DEFENSE**

The FTC is not entitled to injunctive relief on conduct that occurred solely in the past.

**SIXTH DEFENSE**

The contemplated relief would not be in the public interest because it would, among other things, harm consumers.

**SEVENTH DEFENSE**

The Plaintiff cannot prove that any of the alleged statements at issue in Counts II, III, and VI were or are material; that any of those alleged statements were or are likely to mislead consumers acting reasonably under the circumstances; or that DLS made the representations alleged in paragraphs 31, 34, and 43 of the Complaint.

**EIGHTH DEFENSE**

DLS cannot be held liable for any Section 5 violation and/or other unlawful conduct committed by the "popular search engine that can locate devices running particular software versions or operating in particular locations" referenced in paragraph 17 of the Complaint and/or hackers using this "popular search engine" or by other means.

-15-

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO
PLAINTIFF FEDERAL TRADE COMMISSION'S
COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF
4818-9994-9888.v1

## NINTH DEFENSE

DLS cannot be held liable for any Section 5 violation, if any, committed by nonparties, including third-party vendor/manufacturers.

## TENTH DEFENSE

The alleged statements and claims that allegedly form the basis of Plaintiff's claims are truthful Commercial Speech protected by the First Amendment; were not false, misleading, or inaccurate; constituted statements of opinion; and/or constituted nonactionable puffery.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by laches, estoppel, waiver, and/or other equitable defenses.

## TWELTH DEFENSE

Plaintiff's claims are time barred, in whole or in part, by the statute of limitations set forth in 28 U.S.C. § 2462.

## THIRTEENTH DEFENSE

Neither Plaintiff nor any consumer has suffered any actual or likely injury, harm, or economic loss.

## FOURTEENTH DEFENSE

DLS acted at all times with reasonable care and competence and/or in accordance with industry standards in the matters alleged in the Complaint.

## FIFTEENTH DEFENSE

The Due Process Clause of the Fifth Amendment to the U.S. Constitution requires use of an objective industry standard of care to determine liability under Section 5, and Plaintiff cannot prove that DLS's alleged actions deviated from this constitutionally required objective industry standard at specific points in time.

## SIXTEENTH DEFENSE

This action violates DLS's right of equal protection guaranteed by the Fifth Amendment to the U.S. Constitution because, among other things, the Plaintiff has intentionally treated DLS

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO PLAINTIFF FEDERAL TRADE COMMISSION'S COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

4818-9994-9888.v1

1  differently from others similarly situated and there is no rational basis for the difference in
2  treatment and/or the Plaintiff's decision to prosecute DLS was based on an unjustifiable standard
3  such as the countries of origin of the products DLS sells, DLS's principled refusal to enter into a
4  draconian and punitive twenty-year consent order with Plaintiff, or another arbitrary classification.

## SEVENTEENTH DEFENSE

This action is barred because it is contrary to the U.S. Constitution and therefore void because Plaintiff, as structured, violates the separation of powers required by the U.S. Constitution by, among other things, combining investigative, prosecutorial, quasi-legislative, and adjudicative functions and powers into a single administrative body.

## **PRAYER FOR RELIEF**

**WHEREFORE**, DLS seeks judgment:

A. Dismissing the remaining claims against DLS in their entirety, with prejudice;

B. Awarding the costs of defending this action, including attorneys' fees, costs and disbursements; and

C. Granting such other and further relief as this Court may deem just and proper.

Dated: October 3, 2017

Signed:   /s/ Patrick J. Massari _____
PATRICK J. MASSARI [admitted pro hac vice]
[Lead Counsel]
*Attorneys for Defendant D-Link Systems, Inc.*
*(Additional counsel listed on caption page)*

-17-

No. 3:17-cv-00039-JD

D-LINK SYSTEMS, INC.'S ANSWER TO
PLAINTIFF FEDERAL TRADE COMMISSION'S
COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF
4818-9994-9888.v1