# Cause of Action
## INSTITUTE

Pursuing Freedom & Opportunity through Justice & Accountability℠

July 30, 2018

VIA ECF (CHAMBER'S COPY VIA HAND-DELIVERY TO CLERK'S OFFICE)

The Honorable James Donato
United States District Judge
San Francisco Courthouse
450 Golden Gate Ave., Courtroom 11, 19th Floor
San Francisco, CA  94102

Re:  *Federal Trade Commission v. D-Link Systems, Inc.*, No. 3:17-cv-00039 JD

Dear Judge Donato:

Pursuant to the Court's Order filed on July 23, 2018 (Dkt. No. 151), defendant D-Link Systems ("DLS") respectfully submits this letter brief in response to the Federal Trade Commission's ("FTC") purported deficiencies in DLS's Initial Disclosures arising out of an expert report that references documents which were in fact timely produced June 8, 2018.  *See* FTC Letter, Dkt. No. 150, at 2.[1]

## I.    FTC Had Notice and Opportunity for Discovery Regarding BSIMM Audits

The FTC has been on notice of the relevance of present practices to the relief it is seeking since no later than March 9, 2017.[2]  *See* Dkt. No. 90 at 8:1-9; Dkt. No. 42 at 4, 8.  The FTC itself says it is suing on current practices.  *See id*.  This is because past practices alone cannot justify the sole relief FTC is seeking here: a forward-looking permanent injunction.  *See* Compl., Dkt. Nos. 1, 44, Prayer for Relief, § A; *FTC v. Evans Prods. Co.*, 775 F.2d 1084, 1087-88 (9th Cir. 1985); *FTC v. Amazon.com, Inc*., No. C14-1038-JCC, 2016 WL 10654030, at *4-6 (W.D. Wash. 2016).  *Cf. LabMD, Inc. v. FTC*, 891 F.3d 1286 (11th Cir. 2018) (FTC order mandating unspecified "reasonable" practices unenforceable).

The FTC has also had more than ample notice of the use of audits to implement BSIMM, the use of third parties in this process, and ample time to pursue fact discovery, had it chosen to do so:

- **August 8, 2017:**  The FTC has notice of BSIMM implementation starting in 2016.  *See, e.g.,* Non-Party D-Link Corporation's (DKC) Response to FTC Interrogatory No. 2.[3]
- **December 5, 2017**: Counsel for DLS produced to the FTC a DKC contract with Onward Security that identifies and describes the use of external audits to implement BSIMM (DKC0004469-DKC0004489) and a prior BSIMM contract (DKC0004436-DKC0004462).
- **December 15, 2017:** DKC produces BSIMM policies (e.g., DKC0005921-0005925; DKC0005975-0006069) and other BSIMM materials, e.g., Power Point and training sign-in.

---

[1] The deadline to file a motion to compel fact discovery was June 15, 2018.  *See* Civil L.R. 37-3.

[2] The present practices used for DLS products are unrelated to the allegedly "deceptive" statements, as pled by FTC in the Complaint.  *See* Compl., Dkt. Nos. 1, 44, ¶¶ 20, 21, 24, 31-36, 43-45; Dkt. No. 90.  Only Count II is tethered to an alleged representation of "reasonable steps," and its time period is limited to December 2013 to September 2015.  *See* Compl. ¶¶ 20, 31-33.

[3] Per the Court's Order, Dkt. No. 73, and the Joint Stipulation, Dkt. No. 75, dismissing it from the case, DKC responded to FTC Interrogatories as if it were a party.  Both DKC and DLS discussed and provided information regarding BSIMM in interrogatory responses.  DKC produced BSIMM policy documents and contracts in late 2017.

The Honorable James Donato
July 30, 2018

- **On or about January 8, 2018**: DKC produces to the FTC five additional Power Point presentations (e.g., DKC0648113-DKC0648154) relating to measures used to implement BSIMM and discussing the Bureau Veritas audit that the FTC now asserts it had no knowledge concerning. (e.g., DKC0648138-DKC0648139).
- **January 22, 2018**: The FTC is directed to the above-described contract regarding the use and timing of external audits, as well as various DKC documents describing the implementation of BSIMM, including through use of audits. *See* DKC's First Amend. Resp. to FTC Interrogatory Nos. 2-3 (e.g., referencing by Bates Onward contract regarding audits (DKC0004469-DKC0004489), DKC BSIMM policies (DKC0005921-0005925; DKC0005975-0006069)).
- **January 30-31, 2018**: The FTC uses this specific contract regarding BSIMM audits *as a deposition exhibit* and is again informed of the external audits implementing BSIMM by the DKC 30(b)(6) witness, *see* Tsai Dep. Tr. at 182-188,[4] and has ample time to ask Mr. Tsai, or the two additional DKC employees individually deposed, about the audit.

## II. DLS Met Its Discovery Obligations and FTC Cannot Claim Prejudice

DLS will not call anyone from Bureau Veritas or anyone else not listed on its Initial Disclosures or the FTC's Initial Disclosures as a witness at trial, unless solely for purposes of impeachment. *Cf. Isola USA Corp. v. Taiwan Union Tech. Corp.,* No. 2:12-cv-01361-SLG, 2015 WL 12555874, at *2 (D. Ariz. Aug. 13, 2015) (defendant did not have Rule 26(a) duty to disclose employee who provided information to expert). Therefore, DLS has met its Rule 26(a)(1)(i) obligations.

The FTC also mistakenly suggests, *see* FTC Letter, Dkt. No. 150, at 1, that it was prejudiced by DLS's alleged failure to timely disclose that it would rely on documents produced by DKC pursuant to the Court's Order, Dkt. No. 73, and the Joint Stipulation and Order Dismissing D-Link Corporation, Dkt. No. 75. That argument should be rejected. Under FRCP 26(a)(1)(ii), parties must disclose categories of documents in their possession, custody, or control that they may use to support their claims or defenses. The FTC knew or should have known that a category of documents that both parties would use for such purposes would be documents produced by DKC. That was the entire point of the Joint Stipulation, pursuant to which DKC would produce documents as if a party. *See* March 9 Hearing Tr., Dkt. No. 42, at 28:12-29:20; Dkt. No. 73; Dkt. No. 75. Underscoring this, the FTC's November 3, 2017, Initial Disclosures list, without elaboration, the following category of materials: "Documents … obtained by Defendant DLS from DLC and produced voluntarily to the FTC." FTC First Amended Initial Disclosures, § II.B.[5]

FTC also mistakenly suggests it was prejudiced by the <u>timely</u> production of the audit reports and other documents in compliance with the Court's Order. *See* FTC Letter, Dkt. No. 150, at 2; Dkt. Nos. 146 & 146-1. *Cf. Cryotech Int'l, Inc. v. Technifab Prods.*, No. C08-02921 HRL, 2010 WL 1460049, at *1-2 (N.D. Cal. Apr. 9, 2010) (denying motion to exclude expert report relying on documents produced 3 weeks after fact discovery cutoff); *Cioffi v. Google, Inc.*, No. 2:13-CV-00103-JRG-RSP, 2017 WL 79730, at *1 (E.D. Tex. 2017) (denying motion to exclude expert report relying on documents produced late in fact discovery). The FTC's experts had ***about one month*** to review the June 8th production and incorporate discussion of such documents into their

---

[4] The FTC exhibit (PX04068) is not attached to or properly identified in the transcript. However, counsel for DLS were provided with hard copies by the FTC, which have been retained.

[5] DLS's March 22, 2017, Initial Disclosures state: "D-Link Systems also reserves the right to use and rely upon any documents that FTC designates in its initial disclosures[.]"

The Honorable James Donato
July 30, 2018

reports.  *See* Dkt. Nos. 146 & 146-1.  The FTC's expert cited numerous documents from the June 8[6]th production in his Opening Report and the FTC expert directly addressed the audits in rebuttal.  *See* Graff Rebuttal, ¶¶ 23-27.  Four out of the thirty-five paragraphs in his rebuttal report focus on the Bureau Veritas audit reports.  *See, e.g.*, ¶ 27 ("I have another issue with the Bureau Veritas reports.").  The FTC has suffered no prejudice.

### III.   FTC's Reliance on Factually Inapposite Case Law Fails

The FTC misinterprets *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864-JD, 2016 WL 4182402 (N.D. Cal. Aug. 8, 2016), where, ***unlike here***:

- defendant objected that evidence was not relevant and did not produce it to plaintiff before the deadline for expert reports and then used this exact information for its expert report; and
- the deficiency involved a failure to properly disclose a computation of alleged damages, *see id.* at *1-2,[7] under Rule 26(a)(1)(A)(iii), which *requires* parties claiming damages to make such documents available.

Unlike *Benjamin v. B & H Education, Inc.*, No. 13–cv–04993–VC, 2015 WL 6164891 (N.D. Cal. 2015), *aff'd*, 877 F.3d 1139 (9th Cir. 2017), DLS did not submit affidavits in support of summary judgment from individuals not identified in initial disclosures.  *Cf. Benjamin v. B & H Education, Inc.*, 877 F.3d 1139, 1150 (9th Cir. 2017).  Nor will it do so.

### IV.   Documents Timely Produced Can Be Used By Experts.

There is no question these documents were timely produced and provided to experts.  The FTC appears cross with how the expert has used the documents.  It is hard, if not impossible, for counsel to know what materials an expert will use and how he will use them while production is going on.  To wait until expert reports are produced to complain about timely produced documents upsets the carefully ordered, and often agreed upon, schedules that are a key part of complex litigation.  The FTC cites no authority, nor is undersigned counsel aware of any, where material timely produced both in the litigation and to the experts has been excluded by a Court.  To do so in this case would create bad precedent and bad incentives for litigants in complex litigation.

For these reasons, DLS respectfully requests that the Court deny the FTC the relief it requests.

Respectfully submitted,

*/s/   John J. Vecchione*

John J. Vecchione of Cause of Action Institute
   [*pro hac vice* pending]
Attorneys for Defendant D-Link Systems, Inc.

---

[6] *See, e.g.*, M. Graff Report, Appendix C (listing numerous such documents under sections titled "D-Lab Testing Reports, Testing Requests, and Test Plans," "Checkmarx Scan Reports," and "Third-Party Vendor Test Reports").

[7] *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1179-80 (9th Cir. 2008), also involved a failure to properly disclose a computation of damages claimed pursuant to Rule 26(a)(1)(A)(iii).

The Honorable James Donato
July 30, 2018

## ATTESTATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: July 30, 2018  /s/ Brock S. Weber
Brock S. Weber

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 30, 2018, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, using Court's Electronic Case Filing (ECF) system.  The ECF system routinely sends a "Notice of Electronic Filing" to all counsel of record who have consented to accept this notice as service of this document by electronic means.  Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

/s/ Brock S. Weber
Brock S. Weber