

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

UNITED STATES OF AMERICA
Federal Trade Commission
WASHINGTON, D.C. 20580

Bureau of Consumer Protection
Division of Privacy and Identity Protection

September 4, 2018

**Via ECF (Chambers Copy via FedEx)**

The Honorable James Donato
United States District Court
Northern District of California
San Francisco Federal Courthouse
450 Golden Gate Ave., Courtroom 11, 19th Floor
San Francisco, CA 94102

**Re:   Federal Trade Commission v. D-Link Systems, Inc., Case No. 3:17-cv-00039-JD**

Dear Judge Donato:

    Pursuant to Federal Rule of Civil Procedure 16, the Federal Trade Commission ("FTC") respectfully requests the Court permit the FTC to supplement its Rule 26(a) disclosures for good cause.  Less than two weeks ago, the FTC learned that some of D-Link Systems, Inc.'s primary online sales channels continue to sell D-Link IP cameras with easily-guessable backdoor credentials that D-Link Systems, Inc. ("D-Link Systems") represented it fixed in 2013.  In addition, the software D-Link Systems provides consumers to set up these IP cameras continues to make deceptive representations at issue in the FTC's Complaint.  This contradicts information that D-Link Systems, Inc. ("D-Link Systems") provided during the FTC's investigation and in discovery, on which the FTC relied.

    This information is relevant to Court's consideration of liability for deceptive representations, as well as the relief necessary to remedy the deception in this case.  These newly learned facts mean that D-Link Systems continues to mislead consumers about the security of their IP cameras, which still have built-in backdoors.  There is good cause for the FTC to supplement its disclosures because this information did not come to light until late August 2018. *See* Fed. R. Civ. P. 16(b)(4).  Pursuant to the Court's Standing Order and Local Rule 37-1(a), I certify that the parties met and conferred telephonically on August 30, 2018, and are unable to resolve this dispute without the Court's intervention.

**Background**

    Counts II and VI of the Complaint allege that Defendant D-Link Systems deceived consumers with representations regarding the security of its IP cameras from unauthorized access when in fact, among other things, some of its cameras contained secret backdoor credentials.[1]  For example, in 2013, D-Link Systems acknowledged an undisclosed "guest" login account in eighteen of its IP cameras with the username "guest" and password "guest."  This "guest/guest

---

[1] *See, e.g.*, Compl. (Dkt. 44) ¶¶ 15-20, 24, 31-33, 43-45.  Count II also addresses D-Link Systems routers.

Hon. James Donato
September 4, 2018
Page 2

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

account" is a backdoor that permits third parties to view D-Link camera feeds for internet-connected IP cameras.[2]  D-Link Systems never alerted consumers to this backdoor account during the setup process (or otherwise) and, in fact, D-Link made representations during setup that the consumer's password would secure the device—implying that the consumer's password was the only one.  *See* Compl. ¶¶ 24, 43-45, Ex. 11.  In its May 2013 public acknowledgement of the backdoor, D-Link represented that it was fixing the issue, including for the DCS-2310L.[3]

In August 2018, the FTC decided to purchase two DCS-2310L IP cameras.  The decision arose out of counsel for D-Link Systems' demand to inspect the DCS-2310L that was used for the survey executed by the FTC's testifying expert, Dr. Kent Van Liere.[4]  Before producing the camera to D-Link Systems pursuant to FRCP 34(b), an FTC employee, Jamie Hine, at FTC counsel's request, supervised the purchase of two additional, identical cameras,[5] and captured certain photographic and videographic evidence of the cameras' setup.

On August 28, 2018, the FTC served counsel for D-Link Systems with Mr. Hine's declaration describing his anticipated testimony, attached hereto as Exhibit A, and amended initial disclosures describing his testimony.[6]  On Friday, August 31, 2018, the FTC produced to D-Link Systems all the videos and the photos included in Mr. Hine's declaration.  The FTC has offered to make Mr. Hine available for a deposition on the matters described in his declaration.  The FTC now seeks leave of court to permit reliance on these newly discovered facts.

**Argument**

There is good cause to allow the FTC to amend its disclosures past the deadline for fact discovery.  The discovery less than two weeks ago that D-Link Systems IP cameras are currently being sold with deceptive representations and secret backdoor credentials was not the result of the FTC's lack of diligence.[7]  The FTC did not reasonably expect that routers and IP cameras *currently* on sale would be a fruitful source of information on D-Link Systems' past vulnerabilities and practices at issue (which extend back to 2011).

In addition, the FTC reasonably relied on information provided by D-Link Systems in investigation and discovery that is contradicted by Mr. Hine's very recent observations.  The

---

[2] Although not all owners of D-Link Systems IP cameras connect their cameras directly to the internet, D-Link Systems provides instructions for how to do so in the cameras' user manuals.
[3] *See* Guest User Security Advisement (May 9, 2013), ftp://ftp2.dlink.com/SECURITY%20ADVISEMENTS/D-LINK_IP_CAMERA_GUEST_USER_ACCOUNT_SECURITY-ADVISEMENT.PDF ("D-Link is modifying select IP camera firmware to remove the guest account.").
[4] Dr. Van Liere disclosed in his expert report, served July 6, 2018, and August 15, 2018 deposition that a member of his staff took screenshots of the DCS-2310L camera's setup process to use in a survey instrument.
[5] The DCS-2310L was not available for purchase from D-Link Systems directly, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌.
[6] The FTC's Fourth Amended Initial Disclosures state that Mr. Hine will testify on "[t]he installed firmware versions, configuration interface, and set-up process for IP cameras purchased in August 2018."  The FTC simultaneously removed other topics to which Mr. Hine might testify from its Initial Disclosures, which were rendered moot by D-Link Systems' responses to the FTC's requests for admission.
[7] *See, e.g.*, *Trask v. Olin Corp.*, 298 F.R.D. 244, 267 (W.D. Pa. 2014) ("[T]he existence of 'good cause' turns on a variety of factors, including: (1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery extension; and (3) any other factors the trial court, in its discretion, determines to be relevant.").

Hon. James Donato
September 4, 2018
Page 3

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

FTC did not previously have reason to doubt these assertions.  Contrary to the testimony and statements by D-Link Systems: (1) IP cameras are still being sold to consumers with a guest/guest credential backdoor that D-Link Systems represented was fixed in 2013[8]; (2) the setup wizard for the IP cameras, which makes the deceptive representation illustrated in Complaint Exhibit 11, ███████████ is being distributed to consumers on a D-Link Systems website[9]; and (3) ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████[10].

       D-Link Systems will not be prejudiced by this evidence because it represents facts that have always been in D-Link Systems' possession.  In addition, the FTC has produced Mr. Hine's declaration, photos, and videos, and will make him available for a deposition on the subject of his declaration.

       Finally, the evidence the FTC seeks to add to its disclosures will be valuable to the fact finder in determining liability on Complaint Counts II and IV, and the scope of relief should the FTC prevail on either of those counts.[11]  This evidence indicates that until 2018, D-Link Systems continued to sell IP cameras preloaded with a backdoor and no means to trigger consumers to update their firmware during setup.  That includes sales during the time D-Link Systems published its Security Event Response Policy (SERP), which represented that D-Link Systems prohibits, among other things, "undocumented account credentials" and "backdoors."  *See* D-Link Sys. Answer ¶ 20 (SERP published December 2013 to September 2015); Compl. ¶¶ 31-33, Ex. 1 (Count II).  And D-Link Systems has continued to make the representations in Complaint paragraph 24 and Exhibit 11 via the setup wizard that consumers are prompted to download from D-Link Systems' website (Count VI).  These facts are also relevant to the scope of an injunction to prevent future deception or cure past conduct.

       For the foregoing reasons, the FTC respectfully requests the Court grant leave for the FTC to supplement fact discovery with the evidence described above.

       Respectfully submitted,

       /s/ Jarad Brown
       Attorney for Plaintiff Federal Trade Commission

cc:    All Counsel (via ECF)

---

[8] All three DCS-2310L cameras the FTC purchased came with firmware version 1.00.03 installed that has the undisclosed guest/guest credential, which Mr. Hine personally observed.

[9] The setup wizard—which the DCS-2310L's installation guide instructed Mr. Hine to download from www.mydlink.com/download—███████████████████████████████████ included the representation shown in Complaint Exhibit 11. ████████████████████████████████████████████████████████████████

[10] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  *See Trask*, 298 F.R.D. at 268 (permitting reopening where delay caused by opposing party's misrepresentations).

[11] *See, e.g.*, *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 12, 14 (D.D.C. 2011) ("the likelihood that discovery will lead to relevant evidence" is a factor when determining good cause to reopen discovery).