Kevin H. Moriarty (DC Bar No. 975904)
Cathlin Tully (NY Bar)
Shameka L. Walker (DC Bar No. 493891)
Jarad Brown (CA Bar No. 294516)
Katherine E. McCarron (DC Bar No. 486335)
James A. Trilling (DC Bar No. 467273)
Federal Trade Commission
600 Pennsylvania Avenue NW, Mail Drop CC-8232
Washington, DC 20580
P: (202) 326-2949/F: (202) 326-3062
kmoriarty@ftc.gov; ctully@ftc.gov; swalker@ftc.gov,
jbrown4@ftc.gov; kmccarron@ftc.gov; jtrilling@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>              Plaintiff,<br><br>      v.<br><br>D-LINK SYSTEMS, INC.,<br><br>              Defendant. | CIVIL ACTION NO.<br>3:17-CV-00039-JD<br><br>**MOTION BY THE FEDERAL TRADE COMMISSION TO EXCLUDE THE TESTIMONY OF DR. VICTORIA SEITZ**<br><br>Date:   November 8, 2018<br>Time:  10:00 a.m.<br>Location: Courtroom 11, 19th Floor<br><br>**ORAL ARGUMENT REQUESTED** |

**MOTION BY THE FEDERAL TRADE COMMISSION TO EXCLUDE THE TESTIMONY OF DR. VICTORIA SEITZ**
Case No. 3:17-CV-00039-JD

# TABLE OF CONTENTS

Introduction ................................................................................................................................... 1

Background ................................................................................................................................... 1

Legal Standard .............................................................................................................................. 2

Argument ....................................................................................................................................... 3

    I.    Dr. Seitz Is Not Qualified as an Expert on the Subject of Whether D-Link's Representations Are Deceptive. ................................................................. 4

    II.    Dr. Seitz Is Not Qualified as an Expert on the Subject of Consumer Expectations Regarding the Security of Their Data or The Security of Their Routers and IP Cameras. ................................................................................. 6

    III.    Dr. Seitz's Testimony on the Ultimate Issue Is Not Helpful to the Trier of Fact. ................................................................................................................. 7

Conclusion .................................................................................................................................... 9

**MOTION BY THE FEDERAL TRADE COMMISSION TO EXCLUDE THE TESTIMONY OF DR. VICTORIA SEITZ**
**Case No. 3:17-CV-00039-JD**

i

# TABLE OF AUTHORITIES

**Cases**

*Bourjaily v. United States*, 483 U.S. 171 (1987) .............................................................................. 4

*Brown v. China Integrated Energy Inc.*, No. CV 11-02559, 2014 WL 12576643, at *6 (C.D. Cal. Aug. 4, 2014) ............................................................................................................................... 3

*Clark v. Takata Corp.*, 192 F.3d 750 (7th Cir. 1999) ...................................................................... 9

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ....................................... 2, 3

*FTC v. U.S. Hotline*, 2:93-cv-444 (1994 D. Utah) .......................................................................... 5

*General Electric Co. v. Joiner*, 522 U.S. 136 (1997) ..................................................................... 3

*Hangarter v. Provident Life & Accident Insurance Co.*, 373 F.3d 998 (9th Cir. 2004) .................. 3

*Kingsbury v. U.S. Greenfiber, LLC*, No. CV 08-00151, 2013 WL 7018657, at *2 (C.D. Cal. Nov. 5, 2013) ....................................................................................................................................... 8

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) .................................................................... 2

*Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594 (9th Cir. 1996) ...................................... 3

*Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051 (9th Cir. 2008) ..................................................................................................................................................... 9

*Ollier v. Sweetwater Union High School District*, 768 F.3d 843 (9th Cir. 2014) .......................... 4

*Salinas v. Amteck of Kentucky, Inc.*, 682 F. Supp. 2d 1022 (N.D. Cal. 2010) ................................ 8

*Turner v. IBM Consulting Group*, No. 97-55343, 1999 WL 49102, at *1, 166 F.3d 1218 (9th Cir. Feb. 1, 1999) ............................................................................................................................... 9

*United States v. 87.98 Acres of Land More or Less in the Cty. of Merced*, 530 F.3d 899 (9th Cir. 2008) .......................................................................................................................................... 3

**MOTION BY THE FEDERAL TRADE COMMISSION TO EXCLUDE THE TESTIMONY OF DR. VICTORIA SEITZ**
**Case No. 3:17-CV-00039-JD**

ii

*United States v. Blum*, No. 97-50228, 1999 WL 801513, at *1-2 (9th Cir. 1999) ........................ 8

*United States v. Chang*, 207 F.3d 1169 (9th Cir. 2000) ............................................................ 2, 6, 8

*Volk v. United States*, 57 F. Supp. 2d 888 (N.D. Cal.1999) ............................................................ 4

**Statutes**

29 Federal Practice & Procedure Evidence § 6265.2 ..................................................................... 10

29 Federal Practice & Procedure Evidence. § 6284 ...................................................................... 10

**Rules**

Civil Local Rule 7-2 .......................................................................................................................... 1

Federal Rule of Evidence 701 ........................................................................................................... 7

Federal Rule of Evidence 704 ........................................................................................................... 8

Federal Rules of Evidence 702 ................................................................................................ 1, 7, 8

**MOTION BY THE FEDERAL TRADE COMMISSION TO EXCLUDE THE TESTIMONY OF DR. VICTORIA SEITZ**
**Case No. 3:17-CV-00039-JD**

iii

**NOTICE OF MOTION TO EXCLUDE EXPERT TESTIMONY**

On November 8, 2018, at 10:00 a.m., pursuant to Civil Local Rule 7-2, the Federal Trade Commission ("Plaintiff," "FTC," or the "Commission") will and hereby does move this Court to exclude the testimony of Victoria Seitz, Ph.D. ("Dr. Seitz") in support of D-Link Systems, Inc. ("D-Link") under Rule 702 of the Federal Rules of Evidence and related case law.

**INTRODUCTION**

Dr. Seitz's testimony must be excluded from the Court's consideration because Dr. Seitz is not an expert in the field in which she offers an opinion. Specifically, Dr. Seitz is not qualified by knowledge, skill, experience, training, or education to opine about whether D-Link's representations are false or deceptive. Nor is she qualified to opine about consumers' expectations regarding the security of their data in general, or about the security of their wireless routers or IP cameras in particular. As such, her conclusions are not reliable and would not be helpful to this Court in understanding the evidence or in determining a fact in issue. The Court should also exclude Dr. Seitz's testimony on the separate ground that her testimony is predicated on the *legal conclusion* that D-Link's representations are neither "false [n]or misleading." Given these extraordinary circumstances, it is appropriate to exclude Dr. Seitz's testimony, even though this will be a bench trial. The FTC should not be required to both refute Dr. Seitz's unreliable and unhelpful testimony and simultaneously present evidence and argument to the Court regarding why it should disregard her opinions, because it is clear *now* that she is unqualified to testify and that her conclusions are not helpful to the trier of fact.

**BACKGROUND**

If trial proceeds in this matter, the FTC will establish that D-Link has made various promises to consumers that the routers and IP cameras ("D-Link devices") it markets and sells are secure from unauthorized access. These promises are false and misleading. The FTC will show that the D-Link devices have many serious, foreseeable, easily-preventable, and undisputed

**MOTION BY THE FEDERAL TRADE COMMISSION TO EXCLUDE THE TESTIMONY OF DR. VICTORIA SEITZ**
Case No. 3:17-CV-00039-JD

security vulnerabilities that permit unauthorized access to D-Link routers and IP cameras.  For further information on the FTC's undisputed proofs, the FTC refers the Court to the Background section of the FTC's Motion for Summary Judgment, filed contemporaneously with this Motion.

In response to the FTC's expert proofs on claim interpretation and falsity, D-Link intends to sponsor the testimony of Dr. Seitz.  If permitted to testify, Dr. Seitz will maintain that she ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ in D-Link's representations.[1]

## LEGAL STANDARD

To be admissible under Federal Rule of Evidence 702, an expert opinion must be "not only relevant but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).  Reliability means the expert witness has "a reliable basis in the knowledge and experience of the relevant discipline." *Kumho*, 526 U.S. at 149.  An expert witness qualified to testify on an analogous subject matter still may not be qualified to testify on the relevant subject matter.  *See United States v. Chang*, 207 F.3d 1169, 1172 n.2 (9th Cir. 2000) (expert in international securities not necessarily expert at identifying counterfeit international securities).

Although Rule 702 "contemplates a broad conception of expert qualifications," *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004), the requirements are not satisfied by "peripheral contact and mere familiarity" with the subject matter on which opinions will be offered.  *Brown v. China Integrated Energy Inc.*, No. CV 11-02559, 2014 WL 12576643, at *6 (C.D. Cal. Aug. 4, 2014) (internal quotation marks omitted).  The party offering the expert's opinions has the burden to prove such qualifications.  *United States v. 87.98 Acres of Land More or Less in the Cty. of Merced*, 530 F.3d 899, 904 (9th Cir. 2008); *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).  An expert opinion

---

[1] McCarron Decl. Ex. 1, Expert Report of Dr. Victoria Seitz ("Seitz Expert Report") ¶ 15 (July 6, 2018).

**MOTION BY THE FEDERAL TRADE COMMISSION TO EXCLUDE THE TESTIMONY OF DR. VICTORIA SEITZ**
**Case No. 3:17-CV-00039-JD**

may not be based on assumptions of fact without evidentiary support.  *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.  A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").  The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence.  *Daubert*, 509 U.S. at 592 n.10 (citing *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987)).

Even though "the Daubert gatekeeping obligation is less pressing in connection with a bench trial," *Volk v. United States*, 57 F. Supp. 2d 888, 896 n.5 (N.D. Cal.1999), it is nonetheless proper for a court to exclude expert testimony when it is unreliable and unsupported by the facts.  *See Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 860-61 (9th Cir. 2014) (affirming exclusion of expert witnesses at a bench trial, where conclusions were not based on a rigorous analysis of the facts).

## ARGUMENT

This Court should exclude the testimony of Dr. Seitz because it is unreliable and not helpful to the trier of fact.  Dr. Seitz is not qualified by her knowledge or experience to testify as expert on (1) whether specific representations are deceptive, or (2) how consumers regard either the security of their data or the security of their routers and IP cameras.  In addition, because Dr. Seitz *assumes* that all of D-Link's representations are factually true, her opinions would not assist this Court in understanding the evidence or in determining a fact in issue.

**MOTION BY THE FEDERAL TRADE COMMISSION TO EXCLUDE THE TESTIMONY OF DR. VICTORIA SEITZ**
**Case No. 3:17-CV-00039-JD**

3

I.  **Dr. Seitz Is Not Qualified as an Expert on the Subject of Whether D-Link's Representations Are Deceptive.**

D-Link intends to present Dr. Seitz's testimony in support of its contention that its representations in its Security Event Response Policy ("SERP") and its router brochures are not false or deceptive. However, Dr. Seitz has never written a book on advertising deception[2] and she has never published an article in a major marketing or consumer behavior journal on the subject of advertising deception.[3] The only time a court qualified her as an expert witness—almost 25 years ago—her role was to interpret the reading level of an advertisement.[4] Dr. Seitz's knowledge, experience, training, and education lies in the unrelated field of marketing and corporate brand identity. Dr. Seitz has written five books about the clothing that professionals should wear to work.[5] She has consulted with many companies on developing their brand identity.[6]

Dr. Seitz is not by knowledge, skill, experience, training, or education an expert on the subject of deceptive representations.[7] Dr. Seitz's opinion that she "████████████████

---

[2] McCarron Decl. Ex. 3, Deposition of Dr. Victoria Seitz, ("Seitz Dep.") 28:17-19 (Aug. 21, 2018).

[3] *Id.* 30:24-32:11. The two articles she referenced as relevant in her deposition were *Celebrity Endorsements in US and Thai Magazines: A Content Analysis Comparative Assessment*, J. OF PROMOTION MANAGEMENT (2007), and *Romanian Print Advertising: A Content Analysis*, J. OF PROMOTION MANAGEMENT (2005). Neither of these articles analyzes advertisements to determine if they are deceptive.

[4] *FTC v. U.S. Hotline*, 2:93-cv-444 (1994 D. Utah).

[5] McCarron Decl. Ex. 1, Seitz Expert Report, Appendix A. Dr. Seitz's five books are entitled: *I Don't Wear a Suit* (2011); *Your Key to a Successful Professional Image* (published in Romanian, 2008); *Image Making* (published in Romanian, 2006); *Your Executive Image* (1992) and (2000); and *Power Dressing* (1990). She also wrote a blog, https://idontwearasuit.wordpress.com/.

[6] *See* McCarron Decl. Ex. 1, Seitz Expert Report, Appendix A.

[7] To form her opinions in this case, Dr. Seitz ████████████████████████████████████████████ *See* McCarron Decl. Ex. 1, Seitz Expert Report ¶12 (████████████████████████████████████████ Dr. Seitz did not conduct any research on breaches of Internet-connected devices, such as routers or IP cameras that are the subject of this case nor did she inquire about information documenting D-Link's data security practices.

MOTION BY THE FEDERAL TRADE COMMISSION TO EXCLUDE THE
TESTIMONY OF DR. VICTORIA SEITZ
Case No. 3:17-CV-00039-JD

4

deceptions"[8] in D-Link's representations is based on her assumption that D-Link's representations to consumers in the router brochures (PX 2-5) are truthful and not misleading.[9] Dr. Seitz assumes the representations in PX 2-5 are true because they "were provided to the retailers," which would use the information "for the salespeople."[10] Further, she assumes that D-Link provided the most "up-to-date systems to prevent intrusion" and that D-Link devices were safe,[11] because "that's what companies do today."[12] She arrived at these conclusions without inquiring into the security of D-Link devices,[13] and without bothering to read any testing reports or vulnerability reports regarding the security of D-Link routers or IP cameras.[14] Thus, it is outside of Dr. Seitz's scope of expertise to opine on whether a particular representation is deceptive. *See United States v. Chang*, 207 F.3d at 1172-1173 (in prosecution for uttering a counterfeit foreign security, trial court did not err in excluding defense expert's opinion that security was not counterfeit where witness was expert in history of such securities, but not in detecting counterfeits). As a result, Dr. Seitz is unqualified to conclude—as her expert report asserts—that there were no "█████████████" in D-Link's SERP or router brochures.[15]

---

[8] *Id.* ¶ 15.
[9] McCarron Decl. Ex. 3, Seitz Dep. 90:2-21. ████████████
████████████ *See* McCarron Decl. Ex. 1, Seitz Expert Report ¶ 15 (July 6, 2018); McCarron Decl. Ex. 2, Rebuttal to Dr. Shimp's Expert Report by Dr. Victoria Seitz ("Seitz Rebuttal Report") at 17-19 (July 27, 2018).
[10] McCarron Decl. Ex. 3, Seitz Dep. 90:2-13.
[11] *Id.* 86:10-16.
[12] *Id.* 88:17-89:17.
[13] *Id.* 117:22-120:13.
[14] *Id.* 87:24-88:16.
[15] McCarron Decl. Ex. 1, Seitz Expert Report ¶ 15.

**MOTION BY THE FEDERAL TRADE COMMISSION TO EXCLUDE THE TESTIMONY OF DR. VICTORIA SEITZ**
Case No. 3:17-CV-00039-JD

Moreover, in order to arrive at a conclusion that D-Link's representations were not "false"—indeed, that they were "correct"[16]—Dr. Seitz would have needed to evaluate D-Link's underlying software security to determine whether the identified claims were accurate. Dr. Seitz did not conduct such an evaluation. More importantly, Dr. Seitz expressly disclaimed having the requisite expertise in security, which would have been necessary to conduct such an evaluation.[17] Accordingly, the Court should prevent Dr. Seitz from offering any testimony regarding whether D-Link's representations are false or deceptive.

## II. Dr. Seitz Is Not Qualified as an Expert on the Subject of Consumer Expectations Regarding the Security of Their Data or The Security of Their Routers and IP Cameras.

D-Link intends to present Dr. Seitz's testimony in support of its contention that consumers "█████████████████████████████████"[18] However, Dr. Seitz lacks the knowledge, skill, experience, training, or education to offer opinions on consumer expectations regarding the security of their data, or more importantly, their expectations regarding the security of their routers or IP cameras. Dr. Seitz's putative expertise on consumers' expectations about the security of their data is based on "reading lots of articles about data breaches" in June and July of 2018, and "reading studies like the Pew research about what consumers expect."[19] At her deposition, Dr. Seitz identified three additional bases: (1) she hosted an event about social media and security;[20] (2) she knows the director of California State University's Center for Cyber Security;[21] and (3) she has been the victim of three data breaches.[22]

---

[16] McCarron Decl. Ex. 3, Seitz Dep. 90:2-13.
[17] *Id.* 58:16-21; 86:10-20; 89:19-90:1; 110:25-111:3; 120:19-121:11; 148:3-19; 168:6-23; 170:7-17; 173:21-23; 177:11-17; 216:8-19; 239:22-24; 266:7-21; 274:14-275:8.
[18] McCarron Decl. Ex. 1, Seitz Expert Report ¶12.c.
[19] McCarron Decl. Ex. 3, Seitz Dep. 111:5-16.
[20] *Id.* 112:5-10. Dr. Seitz did not disclose this event about social media and security on her curriculum vitae.
[21] *Id.* 112:11-25. Dr. Seitz testified that she does not teach any courses at the Center for Cyber Security.

**MOTION BY THE FEDERAL TRADE COMMISSION TO EXCLUDE THE TESTIMONY OF DR. VICTORIA SEITZ**
**Case No. 3:17-CV-00039-JD**

None of this personal experience is scientific, technical, or specialized such that it would help the trier of fact understand the evidence or determine a fact in issue. *See United States v. Chang*, 207 F.3d at 1172-1174; *United States v. Blum*, No. 97-50228, 1999 WL 801513, at *1-2 (9th Cir. 1999) (expert admitted that he had no formal training in differentiating authentic Japanese certificates from fakes. He also admitted that he had not published on this topic.). Dr. Sietz's own testimony establishes her lack of expertise. Dr. Seitz admitted that she applied the same reductive reasoning regarding consumers' expectations with respect to the security of data to consumers' expectations regarding the security of their IP cameras or routers.[23] *See Kingsbury v. U.S. Greenfiber, LLC*, No. CV 08-00151, 2013 WL 7018657, at *2 (C.D. Cal. Nov. 5, 2013) (excluding expert in real estate disclosures in case involving Cocoon insulation, finding "[e]ven if Beardmore is generally aware of disclosure requirements with respect to the sale of real estate, he has no basis to opine on disclosures relating to this particular insulation product."); *see also Salinas v. Amteck of Kentucky, Inc.*, 682 F. Supp. 2d 1022, 1030 (N.D. Cal. 2010) (excluding expert where expert lacked the professional training and expert qualification to offer an opinion in the narrow field of consumer warnings). Accordingly, Dr. Seitz's testimony relating to consumers' expectations regarding the security of their data or consumers' expectations regarding the security of their IP cameras or routers is outside her expertise and the Court must exclude it.

### III. Dr. Seitz's Testimony on the Ultimate Issue Is Not Helpful to the Trier of Fact.

Dr. Seitz's conclusion that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" is a legal conclusion that is not helpful to the trier of fact. Legal conclusions are not normally "helpful" and should be excluded. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d

---

[22] *Id.* 106:15-20 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

[23] *Id.* 110:13-24.

MOTION BY THE FEDERAL TRADE COMMISSION TO EXCLUDE THE
TESTIMONY OF DR. VICTORIA SEITZ
Case No. 3:17-CV-00039-JD

1051, 1058 & 1060 (9th Cir. 2008) ("an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law"; and "[u]nder either [Rule 701 or Rule 702], evidence that merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible.") (emphasis in the original, internal citations and quotation marks omitted); *see also Turner v. IBM Consulting Grp.*, No. 97-55343, 1999 WL 49102, at *1, 166 F.3d 1218 (9th Cir. Feb. 1, 1999) ("Although Federal Rule of Evidence 704 allows such opinions, in this case, [the expert's] testimony would not have assisted the trier of fact in understanding the evidence or in determining a fact in issue. Fed.R.Evid. 702."); *Clark v. Takata Corp.*, 192 F.3d 750, 757 (7th Cir. 1999) (holding that in products liability action arising out of injuries suffered in automobile rollover, trial court did not abuse its discretion in striking testimony of expert who testified that lap belt became unlatched during accident; expert's opinion did not help the jury since he merely assumed the belt became unlatched and had no analysis supporting assumption). Whether D-Link deceived consumers when it represented that its devices were secure from unauthorized access is precisely the question of fact at issue in this case.[24] By assuming that D-Link's statements are true, Dr. Seitz's testimony would simply *assume* the resolution of this case. The Court should exclude Dr. Seitz's opinions that ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. These opinions do nothing more for a finder of fact than tell it what judgment to reach. 29 Fed. Prac. & Proc. Evid. § 6284 (2d ed.); *see also id.* § 6265.2 (opinions in the form of legal conclusions are inadmissible because they do not "help the trier of fact" under Rule 702).

---

[24] For the reasons set forth in Section III.A. of the FTC's Motion for Summary Judgment, the FTC carries its burden of proof on the undisputed record. If trial were to proceed, however, Defendant's expert testimony on the legal question of whether D-Link deceived consumers would not be helpful to the Court.

**MOTION BY THE FEDERAL TRADE COMMISSION TO EXCLUDE THE TESTIMONY OF DR. VICTORIA SEITZ**
**Case No. 3:17-CV-00039-JD**

8

## CONCLUSION

Dr. Seitz is not qualified to opine about whether D-Link's representations are false or deceptive, nor is she qualified to opine about consumers' expectations about the security of their data, or more importantly, their expectations regarding the security of their routers or IP cameras Further, Dr. Seitz's opinions are unreliable and not helpful to the trier of fact. Her testimony should be excluded in its entirety.

Dated: September 21, 2018

Respectfully submitted,

/s/ Katherine E. McCarron
Kevin H. Moriarty (DC Bar No. 975904)
Cathlin Tully (NY Bar)
Shameka L. Walker (DC Bar No. 493891)
Jarad Brown (CA Bar No. 294516)
Katherine E. McCarron (DC Bar No. 486335)
James A. Trilling (DC Bar No. 467273)
Federal Trade Commission
600 Pennsylvania Avenue NW, Mail Drop CC-8232
Washington, DC 20580
P: (202) 326-2949/F: (202) 326-3062
kmoriarty@ftc.gov; ctully@ftc.gov;
swalker@ftc.gov, jbrown4@ftc.gov;
kmccarron@ftc.gov; jtrilling@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*