# Exhibit 23

To Declaration of Jarad Brown in Support of
Federal Trade Commission's
Motion for Summary Judgment

1  CAUSE OF ACTION INSTITUTE
   PATRICK J. MASSARI [admitted *pro hac vice*] [Lead Counsel]
2  patrick.massari@causeofaction.org
   MICHAEL PEPSON [admitted *pro hac vice*]
3  Admitted only in Maryland.
   Practice limited to matters and proceedings before United States Courts and agencies.
4  michael.pepson@causeofaction.org
   KARA E. MCKENNA [admitted *pro hac vice*]
5  Admitted only in New York and New Jersey.
   Practice limited to matters and proceedings before United States Courts and agencies.
6  kara.mckenna@causeofaction.org
   1875 Eye Street N.W., Suite 800
7  Washington, D.C. 20006
   Telephone: (202) 422-4332
8  Facsimile: (202) 330-5842

9  PILLSBURY WINTHROP SHAW PITTMAN LLP
   LAURA C. HURTADO (CSB #267044)
10 laura.hurtado@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
11 San Francisco, California 94111
   Telephone: (415) 983-1000
12 Facsimile: (415) 983-1200

13
   *Attorneys for Defendants D-Link Corporation*
14 *and D-Link Systems, Inc.*

15                 UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17                   SAN FRANCISCO DIVISION

18

19 FEDERAL TRADE COMMISSION,           No. 3:17-cv-00039-JD

20         Plaintiff,

21      vs.                            **SUPPLEMENTAL DECLARATION OF
                                       WILLIAM BROWN IN SUPPORT OF
                                       DEFENDANT D-LINK CORPORATION'S
22 D-LINK CORPORATION                  REPLY IN SUPPORT OF MOTION TO
                                       DISMISS**
23 and

24 D-LINK SYSTEMS, INC.,

25         Defendants.

26

27

28

─────────────────────────────────────────────
                                    SUPPLEMENTAL BROWN DECL. ISO D-LINK
   No. 3:17-cv-00039-JD               CORPORATION'S MOTION TO DISMISS
                                                        4812-8887-2001.v1

**SUPPLEMENTAL DECLARATION OF WILLIAM BROWN**

The undersigned declarant, William Brown, states:

1.    I am Chief Information Security Officer at D-Link Systems, Inc. ("D-Link Systems"). Unless stated otherwise, the following facts are based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto. This declaration supplements my April 3, 2017, Declaration in Support of D-Link Corporation's ("D-Link Corp.") Motion to Dismiss.

2.    I understand that the plaintiff in this lawsuit, the Federal Trade Commission ("FTC" or "Commission"), has submitted papers with this Court in opposition to D-Link Corp.'s Motion and has made certain factual claims, as well as characterizations of my testimony. I have reviewed the FTC Opposition and provide this supplemental declaration to respond to the FTC Opposition's factual claims and characterizations of my testimony, as well as to provide context for the excerpts from my testimony I understand the FTC cites in support of its Opposition.

3.    As further explained below, in July 2014 I testified at a FTC investigational hearing after the FTC issued a Civil Investigative Demand ("CID") to me, personally, and also issued a separate CID to D-Link Systems.

4.    Attached as Exhibit A to this Declaration is a true and correct copy of a CID issued to D-Link Systems by the FTC on June 5, 2014. That CID did not request that D-Link Systems' corporate representative be prepared to provide testimony relating to D-Link Corporation ("D-Link Corp."). More specifically, that CID only references D-Link Systems and does not mention D-Link Corp. The CID Specifications did not ask for testimony about, among other things, D-Link Corp.'s business model, corporate structure, and related matters.

5.    Pursuant to the CID that the FTC issued to D-Link Systems, I was designated as representative of D-Link Systems because the focus of the CID's Specifications tracks with my job duties, background, and experience. My preparation to testify as a

-1-

SUPPLEMENTAL BROWN DECL. ISO D-LINK
CORPORATION'S MOTION TO DISMISS
4812-8887-2001.v1

1    representative of D-Link Systems was based on the Specifications in the CID the FTC

2    issued to D-Link Systems.

3    6.      Attached as Exhibit B to this Declaration is a true and correct copy of a CID

4    issued to me c/o D-Link Systems by the FTC on June 5, 2014.

5    7.      Pursuant to the CIDs the FTC issued to me and to D-Link Systems, I attended a

6    three-day Civil Investigational Hearing in July 2014 and gave testimony on behalf of

7    myself, on certain topics, and as a corporate representative for D-Link Systems, as to

8    topics within the scope of the Specifications for the CID the FTC issued to D-Link

9    Systems.

10    8.      I did not testify on behalf of D-Link Corp., and I was not asked to do so. I am not

11    authorized to give testimony on behalf of D-Link Corp. To the best of my knowledge,

12    the FTC has never issued a CID to D-Link Corp.

13    9.      When I testified at the Civil Investigational Hearing, my title was Associate VP of

14    Technology for D-Link Systems.

15    10.     During the hearing, I used the term "vendor" to refer to, among other things,

16    manufacturers of products D-Link Systems sells, including IP cameras and routers. The

17    FTC asked me about this terminology during the investigational hearing, and I clarified

18    this.

19    11.     As I explained in my April 3, 2017, Declaration, these third-party vendor-

20    manufacturers finalize the design of the products (including routers and IP cameras) that

21    D-Link Systems sells, make the products, ship the products directly to D-Link Systems,

22    and then create firmware updates for the products.

23    12.     I understand the FTC states on page 1, line 19 of its Opposition that "D-Link does

24    not dispute that it finalizes the functions and features…." This is incorrect. As stated in

25    paragraphs 26, 31, and 32 of my April 3, 2017, Declaration, D-Link Systems has

26    authority to specify to third party vendors that manufacture the products D-Link Systems

27    sells what the security requirements should be for such products and also decides what

28

-2-

SUPPLEMENTAL BROWN DECL. ISO D-LINK
CORPORATION'S MOTION TO DISMISS
4812-8887-2001.v1

specific features and functions D-Link brand products sold in the United States by D-Link Systems will use or contain. D-Link Systems approves features and functionality of devices it sells in the United States.

13.     I understand the FTC states on page 1, line 22 of its Opposition that D-Link Corp. "designs the products' graphical user interfaces ("GUIs")[.]"  This is incorrect.   Product design is completed by the Asian vendors/manufacturers, which is then presented to D-Link Corporation, D-Link Systems, and other regions of D-Link entities.  D-Link Systems selects features and functionality in devices sold in the United States, for the products of the Asian vendors/manufacturers that are presented to D-Link Systems.  D-Link Corporation is the owner of the Brand and its assets. GUIs must have similar look and feel across our product-line. Once D-Link Systems approves a product presented by the Asian vendor/manufacturer, the Asian vendor/manufacturer must offer us a generic D-Link Branded look and feel GUI.  D-Link Systems will then take the Branded GUI and customize install flow, work-flow, and ensure the English language content is accurate.

14.     I understand the FTC makes certain statements regarding the mydlink app.   As discussed in paragraph 20 of my April 3, 2017, Declaration, D-Link Systems creates the English content of mydlink for its United States customers and maintains the United States website for the apps locked by the respective vendors/manufacturers of the products.  The devices that utilize this cloud service are locked to the United States region's system at time of manufacture by the vendors/manufacturers.  The mydlink cloud system is maintained here in the United States for products D-Link Systems sells and is hosted by Amazon Web Services.

15.     I understand the FTC states on page 3, lines 22 of its Opposition that I "identified D-Link as 'responsible for product support, product manufacturing.'"  The FTC misinterprets this statement my testimony.  As stated in my April 3, 2017, Declaration, D-Link Corporation does not manufacture products.  Product design is completed by the Asian vendors/manufacturers and then is presented to D-Link Corporation, D-Link

-3-

SUPPLEMENTAL BROWN DECL. ISO D-LINK
CORPORATION'S MOTION TO DISMISS
4812-8887-2001.v1

1    Systems, and other regions of D-Link entities. D-Link Systems selects features and

2    functionality in devices sold in the United States, for the products of Asian

3    vendors/manufacturers that are presented to D-Link Systems.

4    16.    I understand that the FTC states on page 4, lines 7-8 of its Opposition that D-Link

5    Corp. "ultimately selects and contracts with manufacturing vendors for products sold in

6    the U.S.," and makes other statements on lines 14-16, citing my testimony. This

7    statement is inaccurate as written. As I explained to the FTC, D-Link Systems has the

8    discretion and right to decide on the features and functionality for the products that D-

9    Link Systems sells in the U.S.    I understand that D-Link Corporation sells D-Link

10    branded products in Taiwan and maintains agreements with Asian vendors/manufacturers

11    for those branded products, which could be sold both in Taiwan and other regions of D-

12    Link entities. But D-Link Systems has the right to reject the sale of any of any those

13    branded products. As I also explained to the FTC when I testified, I could not testify to

14    D-Link Corp.'s contracts with their affiliates/vendors and had never reviewed any

15    contract between D-Link Corp. and its affiliates/vendors. Therefore, I could not testify

16    about the terms or content of any such contract.

17    17.    In addition, as stated in my April 3, 2017, Declaration, I do not speak, read, or

18    write in Chinese, which is the language commonly used by the vendor/manufacturers that

19    make the routers and IP cameras D-Link Systems sells and create firmware updates, as

20    well as by the third-party testing company. D-Link Systems requests D-Link Corp., due

21    to language, time-zone, and geographic location, to deal/communicate with the Asian

22    vendors/manufacturers. D-Link Systems and D-Link Corporation work in a collaborative

23    way when D-Link Systems needs to communicate or handle the product issues with

24    vendors/manufacturers located in Asia for design, manufacturing issues, and security.

25    Upon D-Link Systems request, D-Link Corp. will discuss features and functionality

26    demanded by D-Link Systems with the Asian vendors/manufacturers. Put differently, D-

27    Link Systems decides what features and functionality the products it sells must have but

28    -4-

SUPPLEMENTAL BROWN DECL. ISO D-LINK
CORPORATION'S MOTION TO DISMISS
4812-8887-2001.v1

will communicate/negotiate with the vendor/manufacturers through D-Link Corp. D-Link Systems has the discretion and right to decline any vendor/manufacturer and suggest new vendors if necessary to meet demands of a device D-Link System must sell.

18.     I understand that the FTC makes statements on page 5, lines 5-9 of its Opposition regarding D-Link Corp.'s alleged role in security testing, citing my testimony. As also discussed in my April 3, 2017, Declaration, D-Link Systems asks D-Link Corporation, due to language, time-zone, and geographic location, to deal/communicate with the Asian vendors/manufacturers and a third party testing company located in Taiwan on testing issues. Given the logistic advantage, D-Link Systems requests D-Link Corporation to help maintain quality security practices, audits, and issue escalation with the vendors/manufactures. D-Link Corporation is selling products in Taiwan, so it maintains agreements with vendors/manufactures, as well as third-party security experts. D-Link System has also maintained its own vendor agreements for security vulnerability research.

19.     I understand that the FTC states on page 5, line 10 of its Opposition that D-Link Systems "has no budget for product security testing" based on my testimony, which I clarified the next day. The reason why D-Link Systems does not have a "formal" budget for security testing is because the Asian vendors/manufacturers are supposed to be responsible for security vulnerability issues and testing. Nonetheless, D-Link Systems will also secure third-party security research to audit security vulnerability issue and testing, as necessary and appropriate.

20.     I understand that the FTC made statements on page 5, line 27 to page 6, line 1 of its Opposition regarding the way in which the products D-Link Systems are tested by third parties, citing my testimony. These statements are incorrect or out of context for the reasons set forth in my April 3, 2017, Declaration. To further clarify, D-Link Systems asks D-Link Corporation, due to language, time-zone, and geographic location, to deal/communicate with the Asian vendors/manufacturers. Only the Asian

-5-

SUPPLEMENTAL BROWN DECL. ISO D-LINK
CORPORATION'S MOTION TO DISMISS
4812-8887-2001.v1

1  vendor/manufacturer of the device can accurately provide fixes for issues because they

2  are responsible for the complete system—both hardware and software. When correcting

3  issues, a device must get a system wide audit by the vendor/manufacture to ensure new

4  bugs or new security issues are not introduced. As appropriate, D-Link Corporation

5  reports to D-Link Systems the correction or effects of corrections from the

6  vendors/manufacturers for D-Link Systems approval. But D-Link Systems must

7  authorize the scope of all fixes for products it sells.

8  21.     I understand that the FTC made statements on page 9, lines 12-13 of its

9  Opposition regarding product design and manufacture. Those statements are incorrect.

10  D-Link Systems and D-Link Corporation do not design or manufacture products for the

11  United States market. Product design is completed by the Asian vendors/manufacturers,

12  which is then presented to D-Link Corporation, D-Link Systems, and other regions of D-

13  Link entities. D-Link Systems selects features and functionality in devices sold in the

14  United States, for the products of Asian vendors/manufactures that are presented to D-

15  Link Systems.

16  I declare under penalty of perjury under the laws of the United States that the foregoing is

17  true and correct.

18  Executed this 24th day of April, 2017 at Fountain Valley, California.

19  

20  WILLIAM BROWN

21  

22  

23  

24  

25  

26  

27  

28  

-6-

SUPPLEMENTAL BROWN DECL. ISO D-LINK
CORPORATION'S MOTION TO DISMISS
4812-8887-2001.v1

# EXHIBIT A



# CIVIL INVESTIGATIVE DEMAND
## Oral Testimony

| | |
|---|---|
| **1. TO**<br>D-Link Systems, Inc., c/o Victoria Hao and Christine Yang<br>Law Offices of S.J. Christine Yang<br>Plaza Del Lago<br>17220 Newhope Street, Suites 101 & 102<br>Fountain Valley, CA 92708 | **2. FROM**<br><br>UNITED STATES OF AMERICA<br>FEDERAL TRADE COMMISSION |

This demand is issued pursuant to Section 20 of the Federal Trade Commission Act, 15 U.S.C. § 57b-1, in the course of an investigation to determine whether there is, has been, or may be a violation of any laws administered by the Federal Trade Commission by conduct, activities or proposed action as described in Item 6.

| | |
|---|---|
| **3. LOCATION OF HEARING**<br><br>Federal Trade Commission<br>San Francisco Regional Office<br>901 Market Street, Suite 570<br>San Francisco, CA 94103 | **4. YOUR APPEARANCE WILL BE BEFORE**<br><br>Laura D. Berger<br><br>**5. DATE AND TIME OF HEARING**<br><br>July 17, 2014, 9 a.m. (PST) |

**6. SUBJECT OF INVESTIGATION**

See attached resolution.

| | |
|---|---|
| **7. RECORDS CUSTODIAN/DEPUTY CUSTODIAN**<br><br>Kevin Havens/Laura D. Berger<br>600 Pennsylvania Ave., NW, NJ-8100<br>Washington, DC 20580 | **8. COMMISSION COUNSEL**<br><br>Laura D. Berger<br>901 Market Street, Suite 570<br>San Francisco, CA 94103 |

| DATE ISSUED | COMMISSIONER'S SIGNATURE |
|---|---|
| 6/5/14 | |

## INSTRUCTIONS AND NOTICES

The delivery of this demand to you by any method prescribed by the Commission's Rules of Practice is legal service and may subject you to a penalty imposed by law for failure to comply. This demand does not require approval by OMB under the Paperwork Reduction Act of 1980.

### PETITION TO LIMIT OR QUASH

The Commission's Rules of Practice require that any petition to limit or quash this demand be filed within 20 days after service, or, if the return date is less than 20 days after service, prior to the return date. The original and twelve copies of the petition must be filed with the Secretary of the Federal Trade Commission, and one copy should be sent to the Commission Counsel named in Item 8.

## YOUR RIGHTS TO REGULATORY ENFORCEMENT FAIRNESS

The FTC has a longstanding commitment to a fair regulatory enforcement environment. If you are a small business (under Small Business Administration's National Ombudsman at 1-888-REGFAIR (1-888-734-3247) or www.sba.gov/ombudsman regarding the fairness of the compliance and enforcement activities of the agency. You should understand, however, that the National Ombudsman cannot change, stop, or delay a federal agency enforcement action.

The FTC strictly forbids retaliatory acts by its employees, and you will not be penalized for expressing a concern about these activities.

## TRAVEL EXPENSES

Use the enclosed travel voucher to claim compensation to which you are entitled as a witness for the Commission. The completed travel voucher and this demand should be presented to Commission Counsel for payment. If you are permanently or temporarily living somewhere other than the address on this demand and it would require excessive travel for you to appear, you must get prior approval from Commission Counsel.

A copy of the Commission's Rules of Practice is available online at http://bit.ly/FTCRulesofPractice. Paper copies are available upon request.

FTC Form 141 (rev. 3/03)

**EXHIBIT**

Crowe 2
7-29-14

# Form of Certificate of Compliance*

I/We do certify that all of the information required by the attached Civil Investigative Demand which is in the possession, custody, control, or knowledge of the person to whom the demand is directed has been submitted to a custodian named herein.

If an interrogatory or a portion of the request has not been fully answered or portion of the report has not been completed the objection to such interrogatory or uncompleted portion and the reasons for the objection have been stated.

Signature _____

Title_____

Sworn to before me this day

_____     _____

_____
         *
Notary Public

_____

*In the event that more than one person is responsible for answering the interrogatories or preparing the report, the certificate shall identify the interrogatories or portion of the report for which each certifying individual was responsible. In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

FTC Form 141-back (rev 3/03)

**UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION**

COMMISSIONERS:      Jon Leibowitz, Chairman
                          Edith Ramirez
                          Julie Brill
                          Maureen K. Ohlhausen
                          Joshua D. Wright

## RESOLUTION DIRECTING USE OF COMPULSORY PROCESS IN NONPUBLIC INVESTIGATION OF ACTS AND PRACTICES RELATED TO CONSUMER PRIVACY AND/OR DATA SECURITY

**File No. P954807**

Nature and Scope of Investigation:

To determine whether unnamed persons, partnerships, corporations, or others are engaged in, or may have engaged in, deceptive or unfair acts or practices related to consumer privacy and/or data security, including but not limited to the collection, acquisition, use, disclosure, security, storage, retention, or disposition of consumer information, in or affecting commerce, in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, as amended. Such investigation shall, in addition, determine whether Commission action to obtain redress of injury to consumers or others would be in the public interest.

The Federal Trade Commission hereby resolves and directs that any and all compulsory processes available to it be used in connection with this investigation not to exceed five (5) years from the date of issuance of this resolution. The expiration of this five-year period shall not limit or terminate the investigation or the legal effect of any compulsory process issued during the five-year period. The Federal Trade Commission specifically authorizes the filing or continuation of actions to enforce any such compulsory process after the expiration of the five-year period.

Authority to Conduct Investigation:

Sections 6, 9, 10, and 20 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 49, 50, and 57b-1, as amended; FTC Procedures and Rules of Practice, 16 C.F.R. § 1.1 *et seq.* and supplements thereto.

By direction of the Commission.

Donald S. Clark
Secretary

Issued: January 24, 2013

# CIVIL INVESTIGATIVE DEMAND
## SCHEDULE FOR ORAL TESTIMONY
## TO D-LINK SYSTEMS, INC.

## DEFINITIONS

As used in this Civil Investigative Demand, the following definitions shall apply:

A.  "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification in this Schedule all information that otherwise might be construed to be outside the scope of the specification.

B.  "**Any**" shall be construed to include "**all**," and "**all**" shall be construed to include the word "**any**."

C.  "**CID**" shall mean this Civil Investigative Demand, including the attached Resolution and this Schedule, and including the Definitions, Instructions, and Specifications.

D.  "**IP Camera**" shall mean (1) any Internet Protocol ("IP") camera, cloud camera, or other Internet-accessible camera that transmits, or allows for the transmission of video, audio, or audiovisual data over the Internet; and (2) and any app or software used to operate, manage, or access such camera. "**IP Camera**" shall also include any product that the Company offers as an IP camera to consumers.

E.  "**D-Link**" or "**Company**" shall mean D-Link Systems, Inc., its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

F.  "**Each**" shall be construed to include "**every**," and "**every**" shall be construed to include "**each**."

G.  "**FTC**" or "**Commission**" shall mean the Federal Trade Commission.

I.  "**Personal Information**" shall mean individually identifiable information from or about an individual consumer including: (a) a first and last name; (b) a home or other physical address, including street name and name of city or town; (c) an email address or other online contact information, such as an instant messaging user identifier or a screen name; (d) a telephone number; (e) a Social Security number; (f) a driver's license or other state-issued identification number; (g) a financial institution account number; (h) credit or debit card information; (i) a persistent identifier for computers or mobile devices, such as a customer number held in a "cookie," a static Internet Protocol ("IP") address, or a processor serial number; (j) nonpublic communications and content, including, but not limited to, photos, videos, audio, or other digital images or audio content; or (k) biometric data associated with or derived from any data described in (j).

J. **"Referring to," "relating to," "regarding,"** or **"about"** shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

K. **"Router"** shall mean: (1) any device that connects two or more networks together and forwards or transmits packets among them; and (2) and any app or software used to operate, manage, or access such device. **"Router"** shall also include any product that the Company offers as a router to consumers.

L. **"Vulnerability"** shall mean a flaw or weakness in a software security procedure, design, implementation, or internal control that could be exercised (accidently triggered or intentionally exploited) and could result in a security breach or a violation of the software's security policy and lead to access to Personal Information that is not authorized by a consumer.

M. **You"** and **"your"** shall mean the person or entity to whom this CID is issued.

## INSTRUCTIONS

A. **Petitions to Limit or Quash:** Any petition to limit or quash this CID must be filed with the Secretary of the Commission no later than twenty (20) days after service of the CID, or, if the return date is less than twenty (20) days after service, prior to the return date. Such petition shall set forth all assertions of protected status or other factual and legal objections to the CID, including all appropriate arguments, affidavits, and other supporting documentation. 16 C.F.R. § 2.10(a)(1). Such petition shall not exceed 5,000 words as set forth in 16 C.F.R. § 2.10(a)(1) and must include the signed separate statement of counsel required by 16 C.F.R. § 2.10(a)(2). **The Commission will not consider petitions to quash or limit absent a pre-filing meet and confer session with Commission staff and, absent extraordinary circumstances, will consider only issues raised during the meet and confer process. 16 C.F.R. § 2.7(k); *see also* § 2.11(b).**

B. **Procedures:** This CID is issued pursuant to Section 20 of the Federal Trade Commission Act, 15 U.S.C. § 57b-1. The taking of oral testimony pursuant to this CID will be conducted in conformity with that section and with Part 2A of the Commission's Rules, 16 C.F.R. §§ 2.7(f), 2.7(h), and 2.9.

## SPECIFICATIONS

The Company is required to designate and make available one or more officers, directors, or managing agents, or others who consent, to testify on its behalf. Unless a single individual is designated, the Company must designate in advance and in writing the matters on which each designee will testify. The person(s) designated must testify about information known or reasonably available to the Company and their testimony shall be binding upon it. 16 C.F.R. §

2.7(h). The person(s) designated must be prepared to provide testimony relating to the following topics:

A.  All procedures followed and steps taken by the Company to establish, test, or maintain the functionality and security of its IP Cameras and Routers, the means by which such procedures or steps are documented, and the results of such procedures and steps.

B.  All procedures followed and steps taken by the Company to identify and obtain reports and other information regarding Vulnerabilities affecting the Company's IP Cameras and Routers, the means by which such procedures and steps are documented, and the results of such procedures and steps.

C.  All Vulnerabilities affecting the Company's IP Cameras and Routers, and for each:

   a. The means by and approximate date on which the Company learned of the Vulnerability;
   b. All means by which the Vulnerability could be or could have been exploited to gain unauthorized control of an IP Camera or Router or access to Personal Information, and a step-by-step explanation of how such exploitation could occur;
   c. All steps the Company took to investigate the Vulnerability and the results of such investigation; and
   d. All steps the Company took to remediate the Vulnerability or its impact on consumers, the approximate dates on which you took each step, and how you documented it;
   e. All steps the Company took to notify or otherwise communicate with consumers regarding the Vulnerability or regarding your efforts to remediate it; and
   f. Any change made to the procedures followed or steps taken by the Company to establish, test, or maintain the security of its IP cameras and routers following, or as a result of, the Vulnerability.

D.  All communications received by you from consumers, security researchers, or other third parties regarding the security of your IP Cameras or Routers or the privacy of the information they transmit, and for each such communication:

   a. The concerns addressed by the communications, and
   b. Your response.

E.  All features or controls that you provide to enable users of your IP Cameras and Routers to restrict access to or control of the device or information transmitted by the device; the steps a user must take to implement any such feature or control; the dates on which the feature or control was available; the rate at which it was implemented by users, and its effectiveness.

# EXHIBIT B



# CIVIL INVESTIGATIVE DEMAND
## Oral Testimony

| 1. TO | 2. FROM |
|---|---|
| William Brown<br>c/o D-Link Systems, Inc.<br>17595 Mt. Hermann St.<br>Fountain Valley, CA 92708 | **UNITED STATES OF AMERICA<br>FEDERAL TRADE COMMISSION** |

This demand is issued pursuant to Section 20 of the Federal Trade Commission Act, 15 U.S.C. § 57b-1, in the course of an investigation to determine whether there is, has been, or may be a violation of any laws administered by the Federal Trade Commission by conduct, activities or proposed action as described in Item 6.

| 3. LOCATION OF HEARING | 4. YOUR APPEARANCE WILL BE BEFORE |
|---|---|
| Federal Trade Commission<br>San Francisco Regional Office<br>901 Market Street, Suite 570<br>San Francisco, CA 94103 | Laura D. Berger |
| | 5. DATE AND TIME OF HEARING |
| | July 15, 2014, 9 a.m. (PST) |

6. SUBJECT OF INVESTIGATION

See attached resolution.

| 7. RECORDS CUSTODIAN/DEPUTY CUSTODIAN | 8. COMMISSION COUNSEL |
|---|---|
| Kevin Havens/Laura D. Berger<br>600 Pennsylvania Ave., NW, NJ-8100<br>Washington, DC 20580 | Laura D. Berger<br>901 Market Street, Suite 570<br>San Francisco, CA 94103 |

| DATE ISSUED | COMMISSIONER'S SIGNATURE |
|---|---|
| 6/5/14 | |

## INSTRUCTIONS AND NOTICES

The delivery of this demand to you by any method prescribed by the Commission's Rules of Practice is legal service and may subject you to a penalty imposed by law for failure to comply. This demand does not require approval by OMB under the Paperwork Reduction Act of 1980.

### PETITION TO LIMIT OR QUASH

The Commission's Rules of Practice require that any petition to limit or quash this demand be filed within 20 days after service, or, if the return date is less than 20 days after service, prior to the return date. The original and twelve copies of the petition must be filed with the Secretary of the Federal Trade Commission, and one copy should be sent to the Commission Counsel named in Item 8.

## YOUR RIGHTS TO REGULATORY ENFORCEMENT FAIRNESS

The FTC has a longstanding commitment to a fair regulatory enforcement environment. If you are a small business (under Small Business Administration standards), you have a right to contact the Small Business Administration's National Ombudsman at 1-888-REGFAIR (1-888-734-3247) or www.sba.gov/ombudsman regarding the fairness of the compliance and enforcement activities of the agency. You should understand, however, that the National Ombudsman cannot change, stop, or delay a federal agency enforcement action.

The FTC strictly forbids retaliatory acts by its employees, and you will not be penalized for expressing a concern about these activities.

## TRAVEL EXPENSES

Use the enclosed travel voucher to claim compensation to which you are entitled as a witness for the Commission. The completed travel voucher and this demand should be presented to Commission Counsel for payment. If you are permanently or temporarily living somewhere other than the address on this demand and it would require excessive travel for you to appear, you must get prior approval from Commission Counsel.

A copy of the Commission's Rules of Practice is available online at http://bit.ly/FTCRulesofPractice. Paper copies are available upon request.

FTC Form **141** (rev. 3/03)

EXHIBIT
Brown 1
7.29.14 HB

## Form of Certificate of Compliance*

I/We do certify that all of the information required by the attached Civil Investigative Demand which is in the possession, custody, control, or knowledge of the person to whom the demand is directed has been submitted to a custodian named herein.

If an interrogatory or a portion of the request has not been fully answered or portion of the report has not been completed the objection to such interrogatory or uncompleted portion and the reasons for the objection have been stated.

Signature _____

Title_____

Sworn to before me this day

_____

_____

Notary Public

_____

*In the event that more than one person is responsible for answering the interrogatories or preparing the report, the certificate shall identify the interrogatories or portion of the report for which each certifying individual was responsible. In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U S C § 1746.

FTC Form **141**-back (rev 3/03)

# UNITED STATES OF AMERICA
## BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:       Jon Leibowitz, Chairman
                            Edith Ramirez
                            Julie Brill
                            Maureen K. Ohlhausen
                            Joshua D. Wright

## RESOLUTION DIRECTING USE OF COMPULSORY PROCESS IN NONPUBLIC INVESTIGATION OF ACTS AND PRACTICES RELATED TO CONSUMER PRIVACY AND/OR DATA SECURITY

**File No. P954807**

Nature and Scope of Investigation:

To determine whether unnamed persons, partnerships, corporations, or others are engaged in, or may have engaged in, deceptive or unfair acts or practices related to consumer privacy and/or data security, including but not limited to the collection, acquisition, use, disclosure, security, storage, retention, or disposition of consumer information, in or affecting commerce, in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, as amended. Such investigation shall, in addition, determine whether Commission action to obtain redress of injury to consumers or others would be in the public interest.

The Federal Trade Commission hereby resolves and directs that any and all compulsory processes available to it be used in connection with this investigation not to exceed five (5) years from the date of issuance of this resolution. The expiration of this five-year period shall not limit or terminate the investigation or the legal effect of any compulsory process issued during the five-year period. The Federal Trade Commission specifically authorizes the filing or continuation of actions to enforce any such compulsory process after the expiration of the five-year period.

Authority to Conduct Investigation:

Sections 6, 9, 10, and 20 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 49, 50, and 57b-1, as amended; FTC Procedures and Rules of Practice, 16 C.F.R. § 1.1 *et seq.* and supplements thereto.

By direction of the Commission.     *Donald S. Clark*

                                            Donald S. Clark
                                          Secretary

Issued: January 24, 2013

CIVIL INVESTIGATIVE DEMAND
SCHEDULE FOR ORAL TESTIMONY
TO WILLIAM BROWN

## DEFINITIONS

As used in this Civil Investigative Demand, the following definitions shall apply:

A.      "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification in this Schedule all information that otherwise might be construed to be outside the scope of the specification.

B.      "**Any**" shall be construed to include "**all**," and "**all**" shall be construed to include the word "**any**."

C.      "**CID**" shall mean this Civil Investigative Demand, including the attached Resolution and this Schedule, and including the Definitions, Instructions, and Specifications.

D.      "**D-Link**" or "**Company**" shall mean D-Link Systems, Inc., its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

E.      "**Each**" shall be construed to include "**every**," and "**every**" shall be construed to include "**each**."

F.      "**FTC**" or "**Commission**" shall mean the Federal Trade Commission.

G.      "**Referring to**," "**relating to**," "**regarding**," or "**about**" shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

H.      **You**" and "**your**" shall mean the person or entity to whom this CID is issued.

## INSTRUCTIONS

A.      **Petitions to Limit or Quash:**  Any petition to limit or quash this CID must be filed with the Secretary of the Commission no later than twenty (20) days after service of the CID, or, if the return date is less than twenty (20) days after service, prior to the return date.  Such petition shall set forth all assertions of protected status or other factual and legal objections to the CID, including all appropriate arguments, affidavits, and other supporting documentation.  16 C.F.R. § 2.10(a)(1).  Such petition shall not exceed 5,000 words as set forth in 16 C.F.R. § 2.10(a)(1) and

must include the signed separate statement of counsel required by 16 C.F.R. § 2.10(a)(2). **The Commission will not consider petitions to quash or limit absent a pre-filing meet and confer session with Commission staff and, absent extraordinary circumstances, will consider only issues raised during the meet and confer process. 16 C.F.R. § 2.7(k);** *see also* **§ 2.11(b).**

B.   **Procedures:** This CID is issued pursuant to Section 20 of the Federal Trade Commission Act, 15 U.S.C. § 57b-1. The taking of oral testimony pursuant to this CID will be conducted in conformity with that section and with Part 2A of the Commission's Rules, 16 C.F.R. §§ 2.7(f), 2.9.

## SPECIFICATIONS

Subjects for testimony will include, but will not be limited to, the following:

A. Your role, responsibility, communications, and actions as an employee of the Company; and

B. Your professional background, qualifications, and opinions.