# EXHIBIT 12

Kevin H. Moriarty (DC Bar No. 975904)
kmoriarty@ftc.gov
Shameka Walker (DC Bar No. 493891)
swalker@ftc.gov
Cathlin Tully (NY Bar)
ctully@ftc.gov
Jarad Brown (CA Bar No. 294516)
jbrown4@ftc.gov
Katherine E. McCarron (DC Bar No. 486335)
kmccarron@ftc.gov
James A. Trilling (DC Bar No. 467273)
jtrilling@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW, Mail Drop CC-8232
Washington, DC 20580
P: (202) 326-2949/F: (202) 326-3062
*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> D-LINK SYSTEMS, INC., <br><br> Defendant. | Civil Action No. <br> 3:17-cv-00039-JD <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S RESPONSES AND OBJECTIONS TO D-LINK SYSTEMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF FEDERAL TRADE COMMISSION** |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the Federal Trade Commission ("FTC" or "Commission"), hereby makes the following objections and provides the following responses to "Defendant D-Link Systems, Inc.'s First Set of Requests for Admission to Plaintiff Federal Trade Commission," propounded April 4, 2018.

**GENERAL OBJECTIONS**

The following General Objections apply to each of Defendant's Requests and are hereby incorporated by reference into each response. The assertion of the same, similar, or additional objections or the provision of partial answers in response to an individual Request does not waive any of the FTC's General Objections as to the other Requests.

1. The FTC objects to these Requests for Admission, and to each request, instruction, and definition therein, to the extent that they seek to impose on the FTC any obligations beyond those provided for in the Federal Rules of Civil Procedure, the Court's Standing Orders, the Stipulated Electronically Stored Information Order (Dkt. No. 80), the Stipulated Protective Order (Dkt. No. 80), and/or the Local Rules of the United States District Court for the Northern District of California.

2. The FTC objects to these Requests for Admission, and each request, instruction, and definition therein, to the extent that they seek to require the FTC to admit any Request for Admission based on information that is not within the FTC's possession, custody, or control.

3. The FTC objects to these Requests for Admission, and each request, instruction, and definition therein, to the extent that they seek material that is not discoverable pursuant to the Federal Rules of Civil Procedure or is otherwise exempt from disclosure by law, including, but not limited to, information protected from disclosure by: the attorney-client privilege; the work-product doctrine; the government deliberative process privilege; the law enforcement evidentiary or investigative files privilege; the common interest rule; or any other applicable privilege of law. The FTC does not intend to waive any of the privileges asserted in this objection by any inadvertent reference to, or production of, protected documents or information that may occur, and reserves the right to seek the return of any such material inadvertently produced. The documents and information for which the FTC asserts these privileges include but are not limited to: (1) correspondence between the FTC and law enforcement agencies; (2) notes of telephone conversations between the FTC and law enforcement agencies; (3) drafts of pleadings; (4) internal documents circulated among FTC staff; (5) memoranda from FTC staff to

1  any FTC Commissioners; (6) documents and materials over which other law enforcement
2  agencies have asserted a privilege; (7) compilations or indices of FTC records; (8)
3  communications and other correspondence between FTC attorneys and among FTC staff, except
4  to the extent such staff have submitted declarations in this lawsuit and/or will be testifying
5  witnesses and the correspondence or communications relate to the particular subject(s) addressed
6  in such declarations and/or testimony; and (9) other notes and documents prepared for or in
7  anticipation of litigation by FTC staff.

8      4.    The FTC objects to these Requests for Admission, and each request, instruction,
9  and definition therein, to the extent they seek information that relates to expert testimony prior to
10 the dates prescribed by the October 17, 2017 Scheduling Order regarding expert testimony.

11     5.    The FTC objects to these Requests for Admission, and each request, instruction,
12 and definition therein, to the extent they seek information not relevant to any party's claim or
13 defense or propose discovery, the burden and expense of which outweighs its likely benefit.

14     6.    The FTC objects to these Requests for Admission, and each request, instruction,
15 and definition therein, to the extent they are vague, ambiguous, overly broad, or unduly
16 burdensome.

17     7.    The FTC objects to these Requests for Admission, and each request, instruction,
18 and definition therein, to the extent that they purport to obligate the FTC to conduct an extensive
19 and complete investigation of detailed facts for its Response and Objections when such facts are
20 known to Defendant and/or are contained in the more than 56,300 pages of documents already
21 produced to Defendant.

22     8.    The FTC objects to these Requests for Admission, and each request, instruction,
23 and definition therein, to the extent they require the FTC to undertake legal research for
24 Defendant.

25     9.    The FTC objects to these Requests for Admission, and each request, instruction,
26 and definition therein, to the extent they require the FTC to analyze or organize information for
27 Defendant.

28

10. The FTC's responses are based upon the discovery it has received to date. The FTC notes that discovery is ongoing, and that Defendant has not submitted complete discovery responses, nor have the parties finished taking depositions at this stage in discovery. In addition, the FTC is still receiving documents from non-parties. Accordingly, the FTC expressly reserves its right to supplement, revise, modify or otherwise change or amend its Responses and Objections based on any new facts obtained through further investigation and discovery.

11. In providing these Responses and Objections, the FTC does not waive, but rather preserves all objections, including: (1) any objections to the competency, relevance, materiality, privilege, authenticity, or admissibility of evidence or other information referenced herein; (2) the right to object on any ground to the use of information produced herein at any hearing or trial; and (3) the right to object on any ground to any further discovery requests.

12. Each of these General Objections is incorporated hereby by reference to each specific answer and objection set forth below. The specific Responses and Objections set forth below are made without waiving any of the above-listed General Objections.

Subject to and without waiving these objections, the FTC provides the following responses:

## RESPONSES AND SPECIFIC OBJECTIONS

**REQUEST FOR ADMISSION NO. 1**

Admit that FTC cannot identify a single person it believes to be a "consumer" within the meaning of Section 5 of the FTC Act who has experienced any harm to their identity or finances or otherwise as a result of DLS's allegedly "deceptive" practices.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**

The FTC objects on the ground that this Request is vague and ambiguous as to the meaning of "harm." The FTC defines "harm" to mean any financial or other injury to consumers, including privacy injury.

Consumers have suffered, and are likely to suffer, financial injury as a result of Defendant's deceptive practices. Consumers who saw Defendant's deceptive statements and purchased Defendant's routers and IP cameras did not receive the benefit of their bargain and,

4

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Subject to and without waiving the foregoing General Objections, the FTC denies Request No. 3.

**REQUEST FOR ADMISSION NO. 4**

Admit that FTC did not seek a preliminary injunction in this case.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Subject to and without waiving the foregoing General Objections, the FTC admits Request No. 4.

**REQUEST FOR ADMISSION NO. 5**

Admit that FTC is not seeking a preliminary injunction in this case.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Subject to and without waiving the foregoing General Objections, the FTC admits Request No. 5.  The FTC is seeking injunctive relief to prevent future violations of the FTC Act.

**REQUEST FOR ADMISSION NO. 6**

Admit that FTC is not seeking monetary relief in this case in the form of disgorgement of profit or otherwise.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

Subject to and without waiving the foregoing General Objections, the FTC admits Request No. 6.

**REQUEST FOR ADMISSION NO. 7**

Admit that FTC agreed to and executed a joint stipulation dismissing Non-Party DKC from this case without prejudice.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

Subject to and without waiving the foregoing General Objections, to the extent DLS is referring to the "Joint Stipulation and Order Dismissing D-Link Corporation Without Prejudice," Dkt. Entry 75, the FTC admits Request No. 7.

**REQUEST FOR ADMISSION NO. 12**

Admit that the FTC's Complaint does not specifically reference any industry standards for data-security practices, hardware or software necessary to avoid a violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

The FTC objects to this Request as seeking an admission irrelevant to any permissible claim or defense in this proceeding and outside the scope of discovery.

The FTC further objects to this Request on the ground that it is vague and ambiguous as to the meaning of "industry standards," and "necessary to avoid a violation of Section of the FTC Act, 15 U.S.C. § 45." The FTC asserts that the only thing necessary to avoid a violation of Section 5 of the FTC Act is to not deceive consumers and not engage in unfair business practices.

The FTC denies this Request to the extent that the Open Web Application Security Project ("OWASP") "Top 10 Most Critical Web Application Security Risks" represents a broad consensus about the most critical security risks to web applications and is referenced in the Complaint at Paragraph 15. Whether a company protected against the OWASP Top 10 critical security risks does not govern whether the company met its obligations under Section 5 of the FTC Act. However, it does provide a useful benchmark for reasonable behavior.

The FTC further denies this Request to the extent that it suggests that particular "industry standards" provide a safe harbor to a law enforcement action under Section 5 of the FTC Act.

Subject to and without waiving the foregoing objections, General Objections, and denials, and to the extent further response is required, the FTC otherwise admits Request No. 12.

**REQUEST FOR ADMISSION NO. 13**

Admit that the FTC has not accused DLS of violating any rules or regulations not specifically referenced within the four corners of the FTC's Complaint.

**REQUEST FOR ADMISSION NO. 57**

Admit that a DLS's Router at issue in this case does not provide Internet access on its own.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57**

Subject to and without waiving the foregoing General Objections, the FTC admits Request No. 57.

**REQUEST FOR ADMISSION NO. 58**

Admit that DLS's IP Cameras at issue in this case cannot connect to the Internet without an Internet service or a subscription with an Internet service provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58**

Subject to and without waiving the foregoing General Objections, the FTC admits Request No. 58.

**REQUEST FOR ADMISSION NO. 59**

Admit that a DLS's IP Camera at issue in this case does not provide Internet access on its own.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59**

Subject to and without waiving the foregoing General Objections, the FTC admits Request No. 59.

**REQUEST FOR ADMISSION NO. 60**

Admit that no hack-proof Routers exist.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60**

The FTC objects to this Request on the ground that it is vague and ambiguous as to the meaning of "hack-proof."

The FTC admits that while there is no such thing as perfect security, there are many things a device manufacturer can do to reduce the risk of unauthorized access to a router.

Subject to and without waiving the foregoing objection and General Objections, and to the extent further response is required, the FTC otherwise denies Request No. 60.

**REQUEST FOR ADMISSION NO. 77**

Admit that PX 10 of FTC's Complaint is from page 24 of a DLS User Manual for the DCS-2310L, Version 1.0 (July 10, 2012), which FTC Investigator Cheryl Thomas downloaded from the Internet.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77**

Without waiving the foregoing General Objections, the FTC denies Request No. 77.

**REQUEST FOR ADMISSION NO. 78**

Admit that PX 11 of FTC's Complaint is from a DLS User Manual that FTC downloaded from the Internet.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78**

Without waiving the foregoing General Objections, the FTC admits Request No. 78. The image in PX11 of the Complaint was reproduced from one example of a User Manual for a DLS IP Camera that the FTC downloaded from a DLS website.

**REQUEST FOR ADMISSION NO. 79**

Admit that PX 11 of FTC's Complaint is from a DLS User Manual that FTC Investigator Cheryl Thomas downloaded from the Internet.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79**

Without waiving the foregoing General Objections, the FTC admits Request No. 79. The image in PX11 of the Complaint was reproduced from one example of a User Manual for a DLS IP Camera that FTC Investigator Cheryl Thomas downloaded from a DLS website.

**REQUEST FOR ADMISSION NO. 80**

Admit that FTC altered a DLS User Manual for the DCS-2310L, Version 1.0 (July 10, 2012) to create PX 10 of FTC's Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80**

The FTC objects to this Request on the ground that it is vague and ambiguous as to the meaning of "altered."

1   Without waiving the foregoing objection and General Objections, and to the extent
2   further response is required, the FTC otherwise denies Request No. 80.

3   **REQUEST FOR ADMISSION NO. 81**

4   Admit that FTC altered a DLS User Manual to create PX 11 of FTC's Complaint.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 81**

6   The FTC objects to this Request on the ground that it is vague and ambiguous as to the
7   meaning of "altered."

8   The FTC denies that it altered the DLS User Manual.

9   The FTC admits that it copied and pasted an image from a page of a DLS User Manual
10  into a new document, and enlarged it for better viewing.

11  Subject to and without waiving the foregoing objection, General Objections, and denial,
12  and to the extent that further response is required, the FTC otherwise denies Request No. 81.

13  **REQUEST FOR ADMISSION NO. 82**

14  Admit that paragraph 24 of FTC's Complaint does not reference a DLS User Manual.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 82**

16  Subject to and without waiving the foregoing General Objections, the FTC otherwise
17  admits Request No. 82.  The FTC is not alleging in Paragraph 24 of the Complaint that the user
18  manual is deceptive in its representation of how a DLS IP Camera GUI appears.  The FTC is
19  alleging that the text of the GUI itself is deceptive because it states: "enter a password" in order
20  "to secure your camera."

21  **REQUEST FOR ADMISSION NO. 83**

22  Admit that FTC has a 45-day auto delete policy for emails that reside in Outlook boxes.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 83**

24  The FTC objects to this Request as seeking an admission irrelevant to any permissible
25  claim or defense in this proceeding and outside the scope of discovery.

26  The FTC objects to this Request on the ground that it is vague and ambiguous as to the
27  meaning of "Outlook boxes."

28