UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>D-LINK SYSTEMS, INC.,<br><br>Defendant. | Case No.17-cv-00039-JD<br><br>**ORDER RE SUMMARY JUDGMENT AND DAUBERT MOTIONS**<br><br>Re: Dkt. Nos. 171, 173, 176, 178, 179, 181, 182, 183. |

In days gone by, litigants might have seen a sign at the courthouse advising "no spittin', no cussin', and no summary judgment." *See* Hon. Mark Bennet, *Essay*, 57 N.Y.L. Sch. L. Rev. 685 (2012/13). This sentiment reflected the long-held belief that trials are the best way to resolve legal disputes. Federal Rule of Procedure 56 and the trilogy of summary judgment decisions issued by the Supreme Court in 1986 -- *Matsushita*, *Liberty Lobby*, and *Celotex* -- opened a wide door to non-trial adjudications. Parties today file summary judgment motions as a matter of course, usually at considerable expense in terms of attorney's fees and witness time in gathering declarations. Since federal judicial records indicate that summary judgment is granted in a minority of cases, routinely filing the motion almost certainly increases the overall cost of litigating civil cases in federal court without a net benefit.

The parties' cross-motions here are not suitable for summary judgment. Dkt. Nos. 178, 183. All told, the briefs run more than 100 pages and are accompanied by voluminous declarations and exhibits. While sheer size alone is not fatal to a summary judgment motion, the parties' papers demonstrate a panoply of genuine disputes of material fact that will require a trial, and an opportunity to evaluate witness credibility, to properly resolve. This is particularly true for the claim of consumer deception that is at the heart of the FTC's complaint, for which the parties offer competing evidence. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1144 (9th Cir. 1997). So, too, for the question of an appropriate remedy if the FTC prevails, which

itself entails disputed issues about D-Link Systems' current sales and technology practices. The summary judgment motions are denied for those reasons. *See Brickman v. Fitbit, Inc.*, No. 3:15-CV-02077-JD, 2017 WL 6209307, at *5 (N.D. Cal. Dec. 8, 2017).

The six *Daubert* motions filed by the parties are also denied. Dkt. Nos. 171, 173, 176, 179, 181, 182. The case will be tried to the bench and not a jury, and there is substantially less concern about *Daubert* issues "when the gatekeeper is keeping the gate only for himself." *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018) (quotation omitted); *see also FTC v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014). While the *Daubert* considerations are still apt here, the Court will make its reliability and admissibility determinations during trial, and will disregard any admitted evidence that it ultimately determines is not sound. *Flores*, 901 F.3d at 1165.

**IT IS SO ORDERED.**

Dated: November 5, 2018

JAMES DONATO
United States District Judge