FEDERAL TRADE COMMISSION
Kevin H. Moriarty (D.C. Bar No. 975904)
  kmoriarty@ftc.gov
Cathlin Tully (NY Bar)
  ctully@ftc.gov
Jarad A. Brown (CA Bar No. 294516)
  jbrown4@ftc.gov
Katherine E. McCarron (D.C. Bar No. 486335)
  kmccarron@ftc.gov
Laura Riposo VanDruff (D.C. Bar No. 481785)
  lvandruff@ftc.gov
Brian C. Berggren (CA Bar No. 279279)
  bberggren@ftc.gov
600 Pennsylvania Avenue NW, Mail Drop CC-8232
Washington, D.C. 20580
Telephone:   (202) 326-2949
Facsimile:   (202) 326-3062

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:17-CV-00039-JD |
| Plaintiff, | **FEDERAL TRADE COMMISSION'S TRIAL BRIEF** |
| v. | |
| D-LINK SYSTEMS, INC., a California Corporation, | Final Pretrial Conference
Date:      January 3, 2019
Time:      1:30 p.m.
Place:     Courtroom 11, 19th Floor
               450 Golden Gate Avenue
               San Francisco, CA 94102 |
| Defendant. | Judge:     The Honorable James Donato |

1    Pursuant to Paragraph 4 of this Court's Standing Order for Civil Jury Trials and the Amended

2    Case Management Scheduling Order (ECF No. No. 222), Plaintiff Federal Trade Commission

3    ("FTC") hereby submits this Trial Brief "specifying each cause of action and defense remaining to

4    be tried along with a statement of the applicable legal standard."

5    **I.    INTRODUCTION**

6    The Federal Trade Commission alleges that D-Link Systems, Inc. ("D-Link") violated

7    Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a) by falsely

8    representing that its routers and Internet-Protocol ("IP") cameras are secure from unauthorized

9    access.  The FTC's Complaint included six counts related to claims of deception and unfairness.

10   (ECF No. 1).  The Court dismissed three of those counts when it granted in part and denied in part

11   D-Link's motion to dismiss.  (ECF No. 90).  The remaining counts in the case (Counts II, III, and

12   VI) concern allegations of deceptive practices by D-Link.[1]  The FTC sets forth below the

13   misrepresentations in support of, and the legal standard applicable to, the three elements of the cause

14   of action for deception.  The FTC also addresses the current status of, and legal standards concerning,

15   the seventeen affirmative defenses asserted by D-Link in its Answer.  (ECF No. 92).

16   **II.    CAUSE OF ACTION**

17   The FTC's cause of action for deception is rooted in several misrepresentations by D-Link.

18   Specifically, the FTC alleges that D-Link violated Section 5 of the FTC Act by: (a) deceiving

19   consumers in its "Security Event Response Policy" posted on its website, which made express

20   security representations and implied claims that D-Link took reasonable steps to secure its routers

21   and IP cameras from unauthorized access, when in fact it did not (Count II); (b) deceiving consumers

22   with brochures marketing its routers as being secure from unauthorized access when, in fact, they

23   were (and are) not (Count III); and (c) deceiving consumers with representations in the graphical user

24   interface of some of its IP cameras that the setting of a single password would "secure" the device

25

26

27

28   [1] The FTC moved for summary judgment on liability (ECF No. 178), and D-Link filed a cross-motion for summary judgment on relief.  (ECF No. 183).  The Court denied both parties' motions in their entirety.  (ECF No. 223).

1   from unauthorized access and control, when in fact there were and are alternative credentials that

2   could and can be used to access the camera feed (Count VI).

3       The applicable legal standard for deception is codified at 15 U.S.C. § 45(a):  "unfair or

4   deceptive acts or practices in or affecting commerce, are hereby declared unlawful."  An act or

5   practice is deceptive if: (1) the defendant disseminates a representation (2) that is likely to mislead

6   consumers acting reasonably under the circumstances, and (3) the representation is material.  *See*,

7   *e.g.*, *FTC v. Stefanchik*, 559 F.3d 924, 928 (9th Cir. 2009); *FTC v. Gill*, 265 F.3d 944, 950 (9th Cir.

8   2001) (citing *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1095 (9th Cir. 1994) (adopting the

9   Commission's deception standard articulated in *In re Cliffdale Assocs., Inc.*, 103 F.T.C. 110, 164-65

10  (1984)).

11      **A.    Representations**

12      A representation is an express or implied claim about a product or service.  For each of the

13  three counts, the FTC alleges deception as to both the express and implied meanings of D-Link's

14  representations.  Because express claims unequivocally state the representation, the representation

15  itself establishes the meaning of the claim, and thus, a facial analysis is sufficient.  *Thompson Med.*

16  *Co.*, 104 F.T.C. 648, 788-89 (1983).  Similarly, the Court may conduct its own facial analysis to

17  determine the net impression of implied claims.  *FTC v. US Sales Corp*., 785 F. Supp. 737, 745 (N.D.

18  Ill. 1992) (citing *FTC v. Colgate Palmolive Co*., 380 U.S. 374 (1965)).  The Court may rely on

19  consumer survey evidence or other extrinsic evidence to interpret the express or implied meaning of

20  a representation, but, again, it need not do so if the representations are reasonably clear on their face.

21  *See Kraft, Inc. v. FTC*, 970 F.2d 311, 318-19 (7th Cir. 1992); *see also Commerce Planet,* 878 F.

22  Supp. 2d 1048, 1068 (C.D. Cal. 2012) (citing *Kraft*).

23      When interpreting an implied representation, the Court should evaluate "the overall, common

24  sense 'net impression' of the representation or act as a whole to determine whether it is misleading."

25  *FTC v. AMG Servs., Inc.*, 29 F. Supp. 3d 1338, 1349 (D. Nev. 2014) (quoting *Commerce Planet*, 878

26  F. Supp. 2d at 1063).  A representation "capable of being interpreted in a misleading way should be

27  construed against" the party making the representation.  *Simeon Mgmt. Corp. v. FTC*, 579 F.2d 1137,

28  1146 (9th Cir. 1978) (quoting *Resort Car Rental Sys., Inc. v. FTC*, 518 F.2d 962, 964 (9th Cir. 1975)).

**B.** **Likely to Mislead**

Representations are misleading when they are false. *Pantron I*, 33 F.3d at 1096.  Both express and implied claims may violate the FTC Act.  *Gill*, 71 F. Supp. 2d at 1043; *FTC v. Figgie Int'l., Inc.*, 994 F.2d 595, 604 (9th Cir.1993) ("[Defendant] can point to nothing in statute or case law which protects from liability those who merely imply their deceptive claims; there is no such loophole.").  Even literally true claims, which create a false impression, can be deceptive under the FTC Act. *Kraft, Inc.*, 970 F.2d at 322.

**C.** **Materiality**

A misleading representation is material if it "involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product." *Cyberspace.com*, 453 F.3d at 1201 (quoting *Cliffdale Assocs.*, 103 F.T.C. at 165).  Certain types of representations are presumptively material, including express claims, *Pantron I*, 33 F.3d at 1095-96, health and safety claims, *FTC v. QT, Inc.*, 448 F. Supp. 2d 908, 960 (N.D. Ill. 2006), claims involving purpose, safety, or efficacy, *Cliffdale Assocs.*, 103. F.T.C. at 182, and express or implied claims relating to a product's central characteristics.  *FTC v. Mortg. Relief Advocates LLC*, No. CV-14-5434-MWF, 2015 WL 11257575, at *2 (C.D. Cal. July 1, 2015).

**III.** **REQUESTED RELIEF**

The Court may enter a permanent injunction pursuant to Section 13(b) of the FTC Act, which provides that "'in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction.'"  *Commerce Planet*, 815 F.3d at 598 (quoting 15 U.S.C. § 53(b)); *see also Pantron I*, 33 F.3d at 1102.  Section 13(b) gives this Court "broad authority to fashion appropriate remedies for violations of the Act.  [T]he authority granted by section 13(b) is not limited to the power to issue an injunction; rather, it includes the 'authority to grant any ancillary relief necessary to accomplish complete justice.'"  *Pantron I*, 33 F.3d at 1102 (citing *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1113 (9th Cir.1982)).  The Court "has considerable discretion in fashioning suitable relief and defining the terms of an injunction."  *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991).

1    If this Court finds that the defendant violated the FTC Act, it has the authority to exercise its
2    full panoply of equitable powers, including issuing permanent injunctive relief. *See FTC v. Network*
3    *Servs. Depot, Inc.*, 617 F.3d 1127, 1138, 1141 (9th Cir. 2010).  In addition, "[t]he existence of past
4    violations may give rise to an inference that there will be future violations; and the fact that the
5    defendant is currently complying with the [law] does not preclude an injunction." *SEC v. Murphy*,
6    626 F.2d 633, 655 (9th Cir. 1980).  The Court examines the totality of the circumstances surrounding
7    the defendant and its violations in determining the likelihood of future misconduct. *Id*.  Non-
8    exhaustive factors include the degree of scienter involved, whether the unlawful act was isolated or
9    recurrent, and the defendant's recognition of his own culpability and the sincerity of his assurances,
10   if any, against future violations. *Id*.  *See also FTC v. Magui Publishers, Inc.*, No. 89-cv-3818, 1991
11   WL 90895, at *15 (C.D. Cal. Mar. 28, 1991) (adding for consideration the degree of harm consumers
12   suffered from defendants' unlawful conduct), *aff'd*, 9 F.3d 1551 (9th Cir. 1993).

13   **IV.**    **DEFENDANT'S DEFENSES**

14   D-Link raised 17 affirmative defenses in its Answer.  (ECF No. 92).  D-Link recently
15   informed the FTC that it has abandoned Affirmative Defense Nos. 12, 16, and 17, and does not intend
16   to advance Affirmative Defense Nos. 2 or 11, except as they may relate to the type of injunctive relief
17   the FTC is seeking.  Email from D-Link to FTC (Dec. 11, 2018).  Plaintiff's position is that
18   Affirmative Defense Nos. 6, 9, and 11 lack sufficient supporting factual allegations to provide
19   Plaintiff with notice.  Affirmative Defense Nos. 1, 3, 4, 5, 6, and 7 are denials, not affirmative
20   defenses.  Finally, Affirmative Defense Nos. 1, 3, and 13 are now moot in view of this Court's rulings
21   and the record developed to date.

22   **First Affirmative Defense** (Plaintiff lacks statutory authority to assert the claims alleged in
23   the Complaint).  The Federal Trade Commission Act prohibits "unfair or deceptive acts or practices
24   in or affecting commerce."  15 U.S.C. § 45(a)(1).  The Complaint asserts three deception counts.  As
25   such, this purported defense is merely a denial of the Complaint's assertion of subject matter
26   jurisdiction, and not an affirmative defense.  Moreover, the Court's ruling on the Motion to Dismiss
27   moots this defense.

28

1   **Second Affirmative Defense** (failure to provide constitutionally adequate fair notice of what

2   acts or practices Section 5 prohibits or requires).  D-Link stated that it has abandoned this defense,

3   except to the extent that it is relevant to the type of injunctive relief the FTC is seeking.  Please see

4   responses to the Fourth and Fifth Affirmative Defenses, below.

5   **Third Affirmative Defense** (failure to state a claim on which relief can be granted).  "Failure

6   to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima

7   facie case." *Barnes v. AT&T Pension Ben. Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010). *See*

8   *also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which

9   demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").  Further,

10  the Court's ruling on the Motion to Dismiss (ECF No. 90) moots this defense.

11  **Fourth Affirmative Defense** (not a "proper case" for relief within the meaning of Section

12  13(b) of the FTC Act insofar as any violation of Section 5 that may have occurred was not clear and

13  in any event is not likely to recur), and **Fifth Affirmative Defense** (The FTC is not entitled to

14  injunctive relief on conduct that occurred solely in the past).

15  Section 13(b) provides in relevant part: "(b) Whenever the Commission has reason to

16  believe—(1) that any person, partnership, or corporation is violating, or is about to violate, any

17  provision of law enforced by the Federal Trade Commission, and (2) that the enjoining thereof

18  pending the issuance of a complaint by the Commission and until such complaint is dismissed by the

19  Commission or set aside by the court on review, or until the order of the Commission made thereon

20  has become final, would be in the interest of the public—the Commission by any of its attorneys

21  designated by it for such purpose may bring suit in a district court of the United States to enjoin any

22  such act or practice. . . . . Provided further, That in proper cases the Commission may seek, and after

23  proper proof, the court may issue, a permanent injunction."  15 U.S.C. § 53(b).

24  Accordingly, the Federal Trade Commission Act authorizes the FTC to seek, and this Court

25  to grant, a permanent injunction and other ancillary relief to promote justice. *See Pantron I*, 33 F.3d

26  at 1102.  As explained in Part II, *supra*, the FTC alleges that D-Link is deceiving and has deceived

27  consumers that it has taken reasonable steps to secure its products from unauthorized access (Count

28

II), or that its products were secure from unauthorized access (Counts III and VI).  Moreover, D-Link IP cameras with known vulnerabilities continue to remain available for sale.

The Commission need not show that Defendant is likely to engage in the same conduct found to be in violation of the law and require injunctive relief, but rather only that similar violations are likely to occur.  *See FTC v. Accusearch, Inc.*, No. 06-cv-105-D, 2007 WL 4356786, *9 (D. Wyo. Sept. 28, 2007) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633-634 ("The mere discontinuation of an unlawful practice prior to law enforcement action does not deprive a court of the power to grant injunctive relief")), *aff'd*, 570 F.3d 1187 (10th Cir. 2009).  "[C]essation on the part of defendants can hardly be considered voluntary" where the "cessation of conduct occurred only *after* defendants learned that the FTC had commenced an investigation." *FTC v. Triangle Media Corp.*, No. 18cv1388-LAB, 2018 WL 6305675, *1 (S.D. Cal. Dec. 3, 2018) (citing *FTC v. Sage Seminars, Inc.*, No. C 95-2854, 1995 WL 798938, at *6 (N.D. Cal. Nov. 2, 1995)).

Finally, D-Link's purported defense that the FTC is not entitled to injunctive relief is a restatement of its denial in the answer to the complaint, and is not actually an affirmative defense. *See Barnes*, 718 F. Supp. 2d at 1173-1174.

**Sixth Affirmative Defense** (contemplated relief would not be in the public interest because it would, among other things, harm consumers).  Prohibiting deceptive representations in the marketing and sale of IP cameras and routers serves the public interest.  Moreover, Defendant's assertion raises a question of fact, not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088 ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").  Finally, D-Link's putative defense is legally insufficient because of its failure to explain how relief, which would be fashioned by this Court, could harm consumers and thus it fails to provide "fair notice" of the basis of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); *FTC v. N. Am. Mktg.*, No. CV-12-0914, 2012 WL 5034967, at *2 (D. Ariz. Oct. 18, 2012) ("Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense.").

1  **Seventh Affirmative Defense** (Plaintiff cannot prove that any of the alleged statements at
2  issue in Counts II, III, and VI were or are material; that any of those alleged statements were or are
3  likely to mislead consumers acting reasonably under the circumstances; or that D-Link made the
4  representations alleged in paragraphs 31, 34, and 43 of the Complaint).  This is not an affirmative
5  defense.  It is a denial of liability and a question of fact.  *See Barnes*, 718 F. Supp. 2d at 1173;
6  *Zivkovic*, 302 F.3d at 1088.

7  **Eighth Affirmative Defense** (D-Link cannot be held liable for any Section 5 violation and/or
8  other unlawful conduct committed by the "popular search engine that can locate devices running
9  particular software versions or operating in particular locations" referenced in paragraph 17 of the
10  Complaint and/or hackers using this "popular search engine" or by other means) and **Ninth**
11  **Affirmative Defense** (DLS cannot be held liable for any Section 5 violation, if any, committed by
12  nonparties, including third-party vendor/manufacturers).

13  D-Link has asked the Court to exclude all evidence regarding a search engine that its own
14  senior executives used to assess device vulnerabilities, and it pins liability on third-parties without
15  the slightest indication of who the third-parties might be.  These positions are untenable.  *N. Am.*
16  *Mktg.*, 2012 WL 5034967, at *3 (striking affirmative defense that damage caused by non-parties).
17  The defense also declines to explain how the innominate "nonparties" may have been involved other
18  than D-Link asserting broadly that it "cannot be held liable for any Section 5 violation, if any,
19  committed by nonparties."  D-Link's failure to explain how the involvement of others relieves them
20  of liability fails to provide "fair notice" of the basis of the defense.  *See Wyshak*, 607 F.2d at 827.

21  **Tenth Affirmative Defense** (The alleged statements and claims that allegedly form the basis
22  of Plaintiff's claims are truthful Commercial Speech protected by the First Amendment; were not
23  false, misleading, or inaccurate; constituted statements of opinion; and/or constituted nonactionable
24  puffery).  For commercial speech to receive First Amendment protection, "it at least must concern
25  lawful activity and not be misleading."  *Retail Digital Network, LLC v. Prieto*, 861 F.3d 839, 844
26  (9th Cir. 2017) (quoting *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm. of New York*, 447
27  U.S. 557, 566 (1980)).  "[A]n affirmative defense, under the meaning of Federal Rule of Civil
28  Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead

precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes*, 718 F. Supp. 2d at 1173.  It is a defense on which the defendant has the burden of proof.  *Id*. at 1174 (citing *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 n. 4 (9th Cir. 1988).  Here, whether Defendant's representations were misleading are core questions of fact.

**Eleventh Affirmative Defense** (Plaintiff's claims are barred by laches, estoppel, waiver, and/or other equitable defenses).  D-Link has abandoned this defense, except as it may relate to the type of injunctive relief the FTC is seeking.  Please see responses to the Fourth and Fifth Affirmative Defenses, above.  Moreover, D-Link fails to present any factual assertions to support this purported defense.  An affirmative defense is pleaded sufficiently only where it provides the plaintiff with fair notice of the defense asserted.  *Wyshak*, 607 F.2d at 827.

Waiver,[2] laches,[3] and estoppel[4] are generally unavailable as defenses against a government agency in a civil suit to enforce a public right or protect a public interest.  *See Summerlin*, 310 U.S. at 416 ("It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights.");  *United States Immigration and Naturalization Svc. v. HIBI*, 414 U.S. 5, 8 (1973) ("As a general rule laches or neglect of duty on the part of officers of

---

[2] Waiver is not available where a government agency is attempting to enforce an act of Congress.  *Capital Funds, Inc. v. SEC*, 348 F.2d 582, 588 (8th Cir. 1965) (finding the Securities and Exchange Commission nor its agents can waive violations of federal law, nor may the doctrine of estoppel be invoked against the agency);  *SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1953) (same);  *FTC v. Bronson Partners, LLC*, No. 3:04CV1866 (SRU), No. 3:04CV1866, 2006 WL 197357, at *6 (D. Conn. Jan. 25, 2006) ("The FTC may not waive the requirement of an act of Congress");  *United States v. Reader's Digest Ass'n., Inc.*, 464 F. Supp. 1037, 1043 (D. Del. 1978) (holding the equitable defenses of laches, waiver and estoppel had no application because they are based on actions taken in the public interest by members of the FTC's staff), *aff'd*, 662 F.2d 955 (3d Cir. 1981).

[3] "The government is not subject to the defense of laches when enforcing its rights."  *United States v. Menatos*, 925 F.2d 333, 335 (9th Cir. 1991) (citing *United States v. Summerlin*, 310 U.S. 414, 416 (1940));  *see also Chevron, U.S.A., Inc. v. United States*, 705 F.2d 1487, 1491 (9th Cir. 1983) ("The government is not bound by . . . laches in enforcing its rights.");  *United States v. McLeod*, 721 F.2d 282, 285 (9th Cir. 1983);  *United States v. Glob. Mortg. Funding*, 07-1275, 2008 WL 5264986, at *3 (C.D. Cal. May 15, 2008).

[4] Principles of equitable estoppel are generally not available as defenses in a suit brought by the government to enforce a public right or a public interest.  *See INS v. Habibi*, 414 U.S. 5, 8 (1973).  Courts have long held that the government may not be estopped when it acts in its sovereign capacity for the benefit of the public unless some egregious injustice would result.  *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1319-20 (11th Cir. 2003) (equitable estoppel available only if affirmative and egregious conduct by the government exists).

1   the Government is no defense to a suit by it to enforce a public right or protect a public interest.")

2   (citation omitted); *United States v. Weintraub*, 613 F.2d 612, 618 (6th Cir. 1979).  Defendant must

3   establish that the government committed affirmative misconduct going beyond mere negligence, and

4   moreover, estoppel will only apply where the government's wrongful act will cause a serious

5   injustice, and the public's interest will not suffer undue damage by imposition of the liability.

6   *Watkins v. U.S. Army*, 875 F.2d 699, 707 (9th Cir. 1989).  Defendant simply refers to these legal

7   doctrines without setting forth the elements of each and without alleging any facts to support these

8   defenses.  Thus, they fail to provide "fair notice" of the bases of the defense and fail as a matter of

9   law.  *Wyshak*, 607 F.2d at 827.

10         **Thirteenth Affirmative Defense** (Neither Plaintiff nor any consumer has suffered any actual

11   or likely injury, harm, or economic loss).

12         This purported defense roughly tracks the elements of an unfairness claim under the FTC Act.

13   *See* 15 U.S.C. § 45(n) (an act or practice is "unfair" under the FTC Act if it "causes or is likely to

14   cause substantial injury to consumers which is not reasonably avoidable by consumers themselves

15   and not outweighed by countervailing benefits to consumers or to competition").  The Court

16   dismissed the unfairness count of the FTC's complaint.  Therefore, this affirmative defense is moot.

17         The FTC need not offer testimony from a consumer who was deceived in order to establish

18   deception.  *Resort Car Rental Sys.*, 518 F.2d at 964.  Neither injury nor economic loss is a required

19   element for the remaining deception counts in this case.  *Cf. CFPB v. Glob. Fin. Support, Inc*., No.

20   15-CV-02440, 2016 WL 727075, at *4 (S.D. Cal. Feb. 24, 2016) (in a deception case, striking an

21   affirmative defense that simply parroted the elements of unfairness under the Consumer Financial

22   Protection Act).

23         **Fourteenth Affirmative Defense** (DLS acted at all times with reasonable care and

24   competence and/or in accordance with industry standards in the matters alleged in the Complaint)

25   and **Fifteenth Affirmative Defense** (The Due Process Clause of the Fifth Amendment to the U.S.

26   Constitution requires use of an objective industry standard of care to determine liability under Section

27   5, and Plaintiff cannot prove that DLS's alleged actions deviated from this constitutionally required

28   objective industry standard at specific points in time).

1    The liability standard for the cause of action here is Section 5(a) of the FTC Act, 15 U.S.C. §

2    45(a), not some undefined "industry standard."  A representation is "deceptive" under the FTC Act

3    if it is likely to mislead consumers and it is material.  *See Pantron I*, 33 F.3d at 1095.

4    Dated: December 20, 2018                    FEDERAL TRADE COMMISSION

5

6                                          By:    */s/ Kevin H. Moriarty*
                                                 Kevin H. Moriarty
7                                                FEDERAL TRADE COMMISSION
                                                 600 Pennsylvania Avenue NW, CC-8232
8                                                Washington, D.C. 20580
                                                 Telephone:    (202) 326-2333
9                                                Facsimile:    (202) 326-3062

10                                               *Attorneys for Plaintiff*
                                                 *FEDERAL TRADE COMMISSION*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 20, 2018, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, using Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all counsel of record who have consented to accept this notice as service of this document by electronic means.  Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

Dated: December 20, 2018          /s/ Kevin H. Moriarty_____
                                  Kevin H. Moriarty

FEDERAL TRADE COMMISSION'S TRIAL BRIEF
CASE NO. 3:17-CV-00039-JD