# Ex. 2

## EXHIBIT LIST 2:
## ADMISSIBILITY DISPUTED

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D016 | | 4/28/2017 | 2016檢測及事件應變合約.pdf | DKC0004416 | DKC0004425 | DKC Contracts | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Contracts irrelevant to whether DLS deceived consumers. | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D018 | | 4/28/2017 | 2014安華連網合約影本(檢測).pdf | DKC0004431 | DKC0004435 | DKC Contracts | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Contracts irrelevant to whether DLS deceived consumers. | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D019 | | 8/4/2016 | 2016 BSIMM安華資安顧問服務契約.pdf | DKC0004436 | DKC0004462 | DKC Contracts | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Contracts irrelevant to whether DLS deceived consumers. | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D020 | | 4/28/2017 | 2015資安檢測合約本.pdf | DKC0004463 | DKC0004468 | DKC Contracts | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Contracts irrelevant to whether DLS deceived consumers. | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D021 | | 4/25/2017 | BSIMM 外稽合約本文.pdf | DKC0004469 | DKC0004489 | DKC Contracts | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Contracts irrelevant to whether DLS deceived consumers. | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D022 | | 10/17/2016 | 安華2016資安檢測合約影本.pdf | DKC0004490 | DKC0004501 | DKC Contracts | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Contracts irrelevant to whether DLS deceived consumers. | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D037 | | 8/4/2016 | 0804 BSIMM_practice_DLINK.pdf | DKC0004637 | DKC0004708 | Security Practices; BSIMM Policies and Procedures; Training Documents and Power Point | Tsai; Hung | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3; Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D038 | | 3/27/2017 | 2017BSIMM_教材_B_CommonWebVulns.pdf | DKC0004752 | DKC0004796 | Security Practices; Training Documents and Power Point; Improvements/Security Is Priority | Tsai; Hung | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3; Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D039 | | 11/14/2016 | 1117 iso27001實務介紹_D-Link v1.pdf | DKC0004797 | DKC0004887 | Security Practices; Training Documents and Power Point | Tsai; Hung | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3; Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D040 | | 9/7/2016 | 軟體安全開發實務講座 9月8日.msg | DKC0005556 | DKC0005556 | Security Practices; Training Documents and Power Point | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D041 | | 9/7/2016 | 安全程式開發_D-Link.pdf | DKC0005557 | DKC0005653 | Security Practices; Training Documents and Power Point | Tsai; Hung | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3; Business Records FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D042 | | 8/27/2015 | 2015 Q3 D-Link產品開發資安講座.eml | DKC0005654 | DKC0005654 | Security Practices; Training Documents and Power Point | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3 | Subject to FTC MIL 2 (DKC conduct). |

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D043 | | 8/27/2015 | 2015_Q2_Vuln_list.pdf | DKC0005655 | DKC0005668 | Security Practices; Training Documents and Power Point | Tsai; Hung | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3; Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D044 | | 3/16/2017 | 2017 BSIMM 資安訓練課程 3-29 Room 8016.eml | DKC0005685 | DKC0005686 | Security Practices; Training Documents and Power Point | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D045 | | 4/19/2017 | 2017 BSIMM 資安訓練課程-Threat Modeling 4-20 Room 8016.eml | DKC0005687 | DKC0005688 | Security Practices; Training Documents and Power Point | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D046 | | 4/19/2017 | 0420 Risk_Management_DLink.pdf | DKC0005689 | DKC0005744 | Security Practices; Training Documents and Power Point; Improvements/Security Is Priority | Tsai; Hung | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3; Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |

Federal Trade Commission v. D-Link Systems, Inc., 17-cv-00039

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D047 | | 4/11/2017 | 2017 BSIMM 資安訓練課程-Threat Modeling 4-20 Room 8016[][]1].eml | DKC0005745 | DKC0005745 | Security Practices; Training Documents and Power Point; Improvements/Security Is Priority | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D048 | | 7/18/2016 | BSIMM簡介+BSIMM開發實務.eml | DKC0005748 | DKC0005749 | Security Practices; Training Documents and Power Point; Improvements/Security Is Priority | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D049 | | 7/18/2016 | 0719 BSIMM_FTC_DLINK.pptx | DKC0005750 | DKC0005815 | Security Practices; Training Documents and Power Point; Improvements/Security Is Priority | Tsai; Hung | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D050 | | 11/17/2016 | 教育訓練-ISO 27001實務.eml | DKC0005829 | DKC0005829 | Security Practices; Training Documents and Power Point; Improvements/Security Is Priority | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3 | Subject to FTC MIL 2 (DKC conduct). |

Federal Trade Commission v. D-Link Systems, Inc., 17 Civil 0039

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D051 | | 4/1/2015 | 2014_Q4_well_know_vuln_list.pdf | DKC0005926 | DKC0005938 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3; Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D052 | | 3/8/2016 | 2015_Q4_Vuln_list.pdf | DKC0005939 | DKC0005953 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3; Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D054 | | 2/23/2017 | 產品安全管理文件一覽表112416.xlsx | DKC0005968 | DKC0005968 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Foundation (sponsor lacks personal knowledge) | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D055 | | 1/23/2017 | 產品開發流程圖_012317.pptx | DKC0005969 | DKC0005973 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3 | Subject to FTC MIL 2 (DKC conduct). |

Federal Trade Commission v. D-Link Systems, Inc., 17 Tr Ashley
Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D056 | | 1/23/2017 | image1.jpg | DKC0005974 | DKC0005974 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Foundation (sponsor lacks personal knowledge); Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D057 | | 2/24/2017 | PS-101-A 產品安全任務編組說明 V1.0 111116.doc | DKC0005975 | DKC0005984 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D058 | | 2/24/2017 | PS-201-A 軟體安全開發流程 v1.doc | DKC0005985 | DKC0005990 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D059 | | 2/24/2017 | PS-102-A 產品安全政策 V1.0_111116.doc | DKC0005991 | DKC0005999 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D060 | | 2/24/2017 | PS-202-A 產品安全管理辦法 v1.doc | DKC0006000 | DKC0006003 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D061 | | 2/24/2017 | PS-203-A 軟體安全訓練辦法v1.doc | DKC0006004 | DKC0006006 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D062 | | 2/24/2017 | PS-204-A 產品安全需求構想辦法 v1.doc | DKC0006007 | DKC0006010 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D063 | | 2/24/2017 | PS-205-A 軟體安全設計辦法 v1.doc | DKC0006011 | DKC0006014 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |

Federal Trade Commission v. Qualcomm Inc., 17-cv-00220-LHK

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D064 | | 2/24/2017 | PS-206-A 軟體安全實作辦法 v1.doc | DKC0006015 | DKC0006017 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D065 | | 2/24/2017 | PS-207-A 產品安全測試辦法 v1.doc | DKC0006018 | DKC0006020 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D066 | | 2/24/2017 | PS-208-A 軟體安全維運辦法 v1.doc | DKC0006021 | DKC0006023 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D067 | | 2/24/2017 | PS-209-A 軟體安全事件管理辦法 v1.doc | DKC0006024 | DKC0006028 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D068 | | 2/24/2017 | PS-211-A 軟體開發資安相關作業辦法 v1.doc | DKC0006029 | DKC0006038 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D069 | | 2/24/2017 | PS-210-A 軟體安全更新辦法 v1.doc | DKC0006039 | DKC0006042 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D070 | | 2/24/2017 | PS-212-A 委外開發作業辦法_v1.doc | DKC0006043 | DKC0006047 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D071 | | 2/24/2017 | PS-301-A 資安威脅分析手冊 v1.doc | DKC0006048 | DKC0006052 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |

Federal Trade Commission v. DIRECTV, Inc. et al Inc., 17-cv-00039

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D072 | | 2/24/2017 | PS-213-A 供應商源碼安全檢測作業辦法_V1.doc | DKC0006053 | DKC0006057 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D073 | | 2/24/2017 | PS-302-A 產品架構及設計檢視手冊 v1.doc | DKC0006058 | DKC0006061 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D074 | | 2/24/2017 | PS-303-A 通用程式編碼手冊 v1.doc | DKC0006062 | DKC0006065 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D075 | | 2/24/2017 | PS-304-A 產品安全測試手冊 v1.doc | DKC0006066 | DKC0006069 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record Exception FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D076 | | 2/24/2017 | PS-401-A 供應商安全評估v1.xlsx | DKC0006070 | DKC0006070 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Foundation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Records 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D077 | | 2/24/2017 | PS-402-A 軟體安全風險評估 v1.xlsx | DKC0006071 | DKC0006071 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Foundation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Records 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D078 | | 2/7/2017 | PS-403-A 安全合規及功能列表 v1.0_111116_WSBU.xlsx | DKC0006073 | DKC0006073 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3. Business Records FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |

Fitbit, Inc. v. AliphCom, Inc. d/b/a Jawbone

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D079 | | 3/8/2017 | PS-403-A 安全合規及功能列表 v1.0_122216 (APP安全功能表).xlsx | DKC0006074 | DKC0006074 | Security Practices; BSIMM Policies and Procedures | Tsai; | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from being admitted by the court"); This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3. Business Records FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D080 | | 2/24/2017 | PS-404-A 法規遵循清單 v1.docx | DKC0006075 | DKC0006076 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant;  This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Records FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D081 | | 2/24/2017 | PS-405-A 攻擊手法列表 v1.xlsx | DKC0006077 | DKC0006077 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant;  This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D082 | | 2/24/2017 | PS-407-A 弱點風險評估表 v1.xlsx | DKC0006078 | DKC0006078 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant;  This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D083 | | 2/24/2017 | PS-406-A 安全威脅分析表(APP) v1.xlsx | DKC0006080 | DKC0006080 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant;  This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D084 | | 2/24/2017 | PS-406-A 安全威脅分析表(Device) v1.xlsx | DKC0006082 | DKC0006082 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Foundation (sponsor lacks personal knowledge); Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Records FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D085 | | 2/24/2017 | PS-408-A 軟體安全開發流程檢核表 v1.xlsx | DKC0006084 | DKC0006084 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Foundation (sponsor lacks personal knowledge); Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D086 | | 2/24/2017 | PS-409-A 安全需求追溯表 v1.xls | DKC0006085 | DKC0006085 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Foundation (sponsor lacks personal knowledge); Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |

Production Technologies, Inc. v. Dongguan

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|-------|---------------|-------------|------|-------------|----------|----------|------------------|--------------------|---------------------------|----------------------------|-------------------|-------------------------|
| DLS | D087 | | 2/24/2017 | PS-410-A 更新開發流程檢視表v1.docx | DKC0006086 | DKC0006087 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Foundation (sponsor lacks personal knowledge); Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices; Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 . Translation - Pending FTC Motion in Limine #3.  Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D088 | | 2/24/2017 | PS-411-A 存取權限審查表v1.docx | DKC0006088 | DKC0006090 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Foundation (sponsor lacks personal knowledge); Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices; Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 . Translation - Pending FTC Motion in Limine #3.  Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D089 | | 3/7/2017 | SF-I00700-02A_會議記錄-發行審查範本.doc | DKC0006091 | DKC0006092 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Translation; Foundation (sponsor lacks personal knowledge); Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 . Translation - Pending FTC Motion in Limine #3.  Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D090 | | 3/7/2017 | SF-I00700-02A_會議記錄-關案審查範本.doc | DKC0006093 | DKC0006094 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Translation; Foundation (sponsor lacks personal knowledge); Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 . Translation - Pending FTC Motion in Limine #3.  Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |

Ferring Pharmaceuticals, Inc. v. Ferring B.V.

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D091 | | 3/7/2017 | SF-I00700-02A_會議記錄-開發審查範本(自行開發適用).doc | DKC0006095 | DKC0006096 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Translation; Foundation (sponsor lacks personal knowledge); Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court") | Relevant; Current sales/technology practices. Rule 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 . Translation - Pending FTC Motion in Limine #3.  Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D092 | | 2/8/2017 | 供應商源碼安全檢測作業辦法_V1.doc | DKC0006097 | DKC0006101 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant;  This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Rule 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D095 | | 4/8/2014 | III資策會測試方法說明.pptx | DKC1821959 | DKC1821967 | Security Practices; Training Documents and Power Point; Improvements/Security Is Priority | Tsai; Hung; Brown | Relevance; Hearsay | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Advertising document for III/Onward, irrelevant to whether DLS deceived consumers;  This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Rule 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 . Business Record FRE 803(6) | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D096 | | 3/10/2015 | Test Plan Item.xlsx | DKC1821977 | DKC1821977 | Test Reports; D-Lab | Tsai; Hung | Hearsay; Foundation; Translation. | This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Rule 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16 . Translation - Pending FTC Motion in Limine #3. Business Record FRE 803(6) | Subject to MIL 1 and MIL 3; and relevance. |
| DLS | D133 | | 12/19/2014 | DKS00036752.tif | DKS0036752 | DKS0036752 | DLS Statements Re Products; Product Packaging/Disclaimer | Brown; Tsai | Hearsay; Foundation. | This exhibit is hearsay not within any exception to the truth of the matter asserted. F.R.E. 801, 802, 803; This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Screenshot is irrelevant to whether DLS deceived consumers. | Relevant; Relief sought; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16. Business Record FRE 803(6) | Dispute remains. |
| DLS | D134 | | 12/19/2014 | DKS00036753.tif | DKS0036753 | DKS0036753 | DLS Statements Re Products; Product Packaging/Disclaimer | Brown; Tsai | Hearsay; Foundation. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Other packaging irrelevant to whether DLS deceived consumers; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803 asserted. | Relevant; Relief sought; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16. Business Record FRE 803(6) | Dispute remains. |

Fortinet, Inc. v. DLS, Inc. 3:17-cv-00039
Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D166 | | | 2017檢測合約.pdf | DKC0006103 | DKC0006139 | DKC Contracts | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3 | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D167 | | | checkmarx用印完成影本.pdf | DKC0006174 | DKC0006182 | DKC Contracts | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3 | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D168 | | | 2017安華BSIMM外稽合約copy.pdf | DKC0006199 | DKC0006217 | DKC Contracts | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3 | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D169 | | | Checkmarx3年維護合約掃描.pdf | DKC0006218 | DKC0006225 | DKC Contracts | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16. Translation - Subject to FTC MIL #3 | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D170 | | 4/17/2017 | RE Security test (119 KB).msg | DKC0244011 | DKC0244012 | Test Reports; D-Lab | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Translation - Subject to FTC MIL #3 | Subject to FTC MIL 3 (translation). |

Case 3:17-cv-00039-JD   Document 246-2   Filed 12/20/18   Page 14 of 35
FTC v. DIRECTV, Inc. et al, No. 17-cv-00039
Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D173 | | 12/5/2014 | image002.jpg | DKC0479877 | DKC0479877 | Response to Vulnerability Report; Security Practices; Training Documents and Power Point; Emails Showing Timing of Fix/Testing | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth, Fifth and Fourteenth Defenses, Dkt. No. 92 at 15-16 | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D180 | | | Attachment Part1（2013－資安檢測服務契約）.pdf | DKC1825541 | DKC1825574 | DKC Contracts | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Translation - Subject to FTC MIL #3 | Subject to FTC MIL #3 (translation). |
| DLS | D181 | | | Attachment Part2（2013－資安檢測服務契約）.pdf | DKC1825575 | DKC1825622 | DKC Contracts | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Translation - Subject to FTC MIL #3 | Subject to FTC MIL #3 (translation). |
| DLS | D182 | | | Attachment（2012－設備資安檢測服務執行報告）.pdf | DKC1825623 | DKC1825659 | DKC Contracts | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Translation - Subject to FTC MIL #3 | Subject to FTC MIL 3 (translation). |
| DLS | D183 | | | Attachment（2012－設備資安檢測服務執行計畫書）.pdf | DKC1825660 | DKC1825704 | DKC Contracts | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Translation - Subject to FTC MIL #3 | Subject to FTC MIL 3 (translation). |
| DLS | D184 | | | Attachment（2015－資安檢測服務契約）.pdf | DKC1825705 | DKC1825736 | DKC Contracts | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Translation - Subject to FTC MIL #3 | Subject to FTC MIL 3 (translation). |

Fuel Automotive Parts, Inc. v. Lightning, Inc., ET al. case

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D185 | | | Attachment（2014－資安檢測服務執行計畫書）.pdf | DKC1825737 | DKC1825799 | DKC Contracts | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Translation - Subject to FTC MIL #3 | Subject to FTC MIL 3 (translation). |
| DLS | D186 | | | Attachment（2016－資安檢測服務契約）.pdf | DKC1825800 | DKC1825831 | DKC Contracts | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Translation - Subject to FTC MIL #3 | Subject to FTC MIL 3 (translation). |
| DLS | D187 | | | Appro dlinkcorp.pdf | DKC1825832 | DKC1825850 | DKC Contracts | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Translation - Subject to FTC MIL #3 | Subject to FTC MIL 3 (translation). |
| DLS | D188 | | | Alpha Dlinkcorp.pdf | DKC1825851 | DKC1825864 | DKC Contracts | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Translation - Subject to FTC MIL #3 | Subject to FTC MIL 3 (translation). |
| DLS | D189 | | | Cameo DLinkcorp.pdf | DKC1825865 | DKC1825880 | DKC Contracts | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Translation - Subject to FTC MIL #3 | Subject to FTC MIL 3 (translation). |
| DLS | D222 | | 4/13/2018 | 11-0922-DIR-615_REV_I-Windows_Setup_CD_from_Box_v1_00-Screen_Shots.pdf | DLS0054537 | DLS0054558 | DLS Statements Re Products; Product Packaging/Disclaimer | Brown | Hearsay; Foundation. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Document irrelevant irrelevant to whether DLS deceived consumers; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; tends to make deception less likely; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16. FRE 803(6). | Dispute remains. |
| DLS | D224 | | 4/13/2018 | 18-0413-DCS-3716_Rev_A-Setup_CD_From_Package_v1_00-Screen_Shots.pdf | DLS0054957 | DLS0054989 | DLS Statements Re Products; Product Packaging/Disclaimer | Brown | Hearsay; Foundation. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Document irrelevant irrelevant to whether DLS deceived consumers; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; tends to make deception less likely; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16. FRE 803(6). | Dispute remains. |

FTC v. D-Link Systems, Inc. Trial Exhibits
Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D228 | | 5/2/2018 | 13-0701-DCS-2310L Ax_Win_Setup_Wizard_v1_04_03_Screen_Shots.pdf | DLS0055084 | DLS0055096 | DLS Statements Re Products; Product Packaging/Disclaimer | Brown | Hearsay; Foundation. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Document irrelevant to whether DLS deceived consumers; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; tends to make deception less likely; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16. FRE 803(6). | Dispute remains. |
| DLS | D230 | | 3/25/2018 | support-dlink-com-Terms-of-Use_092714.pdf | DLS0055122 | DLS0055123 | DLS Statements Re Products; Product Packaging/Disclaimer | Brown | Hearsay; Foundation. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  DLS website privacy policy irrelevant to whether DLS deceived consumers. | Relevant; tends to make deception less likely; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15. | Foundation dispute remains. |
| DLS | D276 | | 5/2/2018 | 2015 Q3 D-Link產品開發資安講座.msg | DKC1827521 | DKC1827521 | Security Practices; Training Documents and Power Point | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Subject to FTC MIL No.3 | Subject to FTC MIL 3 (translation). |
| DLS | D279 | | 5/22/2018 | 2016 1H D-Link 軟體開發資安講座 (330 PM200 R1016).msg | DKC1827549 | DKC1827550 | Security Practices; Training Documents and Power Point | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Subject to FTC MIL No.3 | Subject to FTC MIL 3 (translation). |
| DLS | D280 | | 5/22/2018 | 2017 Checkmarx 源碼掃描工具操作與實務訓練 33 週五 1400.msg | DKC1827566 | DKC1827566 | Security Practices; Training Documents and Power Point | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Subject to FTC MIL No.3 | Subject to FTC MIL 3 (translation). |
| DLS | D281 | | 5/22/2018 | RE D-Link LAB-in LAB-out criteria started from 1st Oct.msg | DKC1827585 | DKC1827586 | Security Practices; Training Documents and Power Point | Tsai; Hung | Hearsay. | This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D282 | | 5/22/2018 | D-LAB Lab-in for Vendor 20161014_TSD2.ppt | DKC1827675 | DKC1827689 | Response to Vulnerability Report; Security Practices; Training Documents and Power Point; Improvements/Security is Priority; SIM Process | Tsai; Hung | Foundation (sponsor lacks personal knowledge) | Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901. | FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |

FTC v. D-Link Systems, Inc. 3:17-cv-00039-JD

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D284 | | 5/22/2018 | D-Link 2017 Q4 產品資安講座.msg | DKC1827697 | DKC1827698 | Security Practices; Training Documents and Power Point | Tsai; Hung | Translation; Relevance. | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401: Post-complaint conduct irrelevant. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. Subject to FTC MIL No.3 | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D285 | | 5/22/2018 | D-Link-Training-1026.pdf | DKC1827699 | DKC1827750 | Security Practices; Training Documents and Power Point | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Subject to FTC MIL No.3 | Subject to FTC MIL 3 (translation). |
| DLS | D286 | | 5/22/2018 | 程式碼資安掃描工具 Checkmarx 使用者教育訓練講座（3月2日 PM200 Room1016).msg | DKC1827787 | DKC1827787 | Security Practices; Training Documents and Power Point | Tsai; Hung | Translation; Hearsay. | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Subject to FTC MIL No.3; FRE 803(6) | Subject to FTC MIL 3 (translation). |
| DLS | D287 | | 5/22/2018 | 722_Checkmarx_基本及管理介紹.pdf | DKC1827788 | DKC1827910 | Security Practices; Training Documents and Power Point | Tsai; Hung | Translation; Relevance | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): doesn't relate to a device or category of devices at issue | Relevant; technology practices; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16. Subject to FTC MIL No.3 | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D288 | | 5/22/2018 | 行動應用App安全開發實務 526 PM200 Room 8016 - 講義壽發.msg | DKC1827911 | DKC1827912 | Security Practices; Training Documents and Power Point | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Subject to FTC MIL No.3 | Subject to FTC MIL 3 (translation). |

Funai Electric Co. Ltd. v. Lennox International, Inc. et al Exhibit List

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D290 | | 5/22/2018 | DIR-825+A1_V1.00WWB05_源碼掃描結果摘要報告 v1_8.17.xlsx | DKC1828137 | DKC1828137 | Test Reports; Vendor Source Code Scan | Tsai; Hung | Translation; Relevance; | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401:  Doesn't relate to a device or category of devices at issue. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.Subject to FTC MIL No.3 | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D291 | | 5/22/2018 | DIR-890L v1.08b03_Test Report_2015-07-15.xlsx | DKC1828228 | DKC1828228 | Test Reports; Other Vendor Prerelease | Tsai; Hung | Hearsay. | This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D294 | | 5/22/2018 | APPRO_DCS-2670L_A1_V1.10.02_Camera_Series_WEB_源碼檢測工具掃描結果報告_20171013.pdf | DKC1842810 | DKC1842843 | Test Reports; Vendor Source Code Scan | Tsai; Hung | Translation; Hearsay; Foundation (sponsor lacks personal knowledge); Relevance; | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901; doesn't relate to a device or category of devices at issue. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  Subject to FTC MIL No.3. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D301 | | 5/22/2018 | 產品資安教育訓練_2015Q2.pdf | DKC1861717 | DKC1861752 | Security Practices; Training Documents and Power Point; Improvements/Security Is Priority | Tsai; Hung | Translation | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court") | Subject to FTC MIL No.3 | Subject to FTC MIL 3 (translation). |
| DLS | D303 | | 5/22/2018 | APPRO_DCS-7010L_A1_V1.09.00_源碼掃描結果摘要報告_20170825.xls | DKC1862078 | DKC1862078 | Test Reports; Vendor Source Code Scan | Tsai; Hung | Translation; Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. Subject to FTC MIL No.3. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |

Finjan, Inc. v. SonicWall, Inc. C-17-cv-00039-JD
Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D304 | | 5/22/2018 | COVR-2200_源碼掃描結果摘要報告 v1.xlsx | DKC1862092 | DKC1862092 | Test Reports; Vendor Source Code Scan | Tsai; Hung | Translation; Relevance; | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; test relates to device not at issue. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 40 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  Subject to FTC MIL No.3. | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D305 | | 5/22/2018 | PS-101-8 產品安全任務編組說明_051517.pdf | DKC1862156 | DKC1862164 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Document is a draft; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  Subject to FTC MIL No.3. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D306 | | 5/22/2018 | PS-203-8 軟體安全訓練辦法_051517.doc | DKC1862185 | DKC1862187 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Document is a draft; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  Subject to FTC MIL No.3. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D307 | | 5/22/2018 | PS-203-8 軟體安全訓練辦法_051517.pdf | DKC1862188 | DKC1862190 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401):  Post-complaint conduct irrelevant; Document is a draft; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  Subject to FTC MIL No.3. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D308 | | 5/22/2018 | PS-209-B 軟體安全事件管理辦法_051517.doc | DKC1862208 | DKC1862212 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant; document is a draft. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D309 | | 5/22/2018 | PS-209-B 軟體安全事件管理辦法_051517.pdf | DKC1862213 | DKC1862216 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant; document is a draft. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D310 | | 5/22/2018 | PS-210-B 軟體安全更新辦法_060317.doc | DKC1862217 | DKC1862223 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant; document is a draft. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D311 | | 5/22/2018 | PS-210-B 軟體安全更新辦法_060317.pdf | DKC1862224 | DKC1862228 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant; document is a draft; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. Subject to FTC MIL No.3. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D312 | | 5/22/2018 | PS-211-B 軟體開發資安相關作業辦法_051517.doc | DKC1862229 | DKC1862238 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant; document is a draft. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D313 | | 5/22/2018 | PS-211-B 軟體開發資安相關作業辦法_051517.pdf | DKC1862239 | DKC1862247 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant; document is a draft; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. Subject to FTC MIL No.3. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D314 | | 5/22/2018 | PS-401-B 供應商安全評估_062217.xlsx | DKC1862263 | DKC1862263 | Security Practices; BSIMM Policies and Procedures | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant; document is a draft. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D315 | | 5/22/2018 | PS-402-B 軟體安全風險評估_062217.xlsx | DKC1895614 | DKC1895614 | Security Practices; Security Risk Questionnaire | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |

Fitbit, Inc. v. Koninklijke Philips N.V., et al.

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D316 | | 5/22/2018 | PS-409-B 安全需求追溯表_062217.xlsx | DKC1895630 | DKC1895630 | Security Practices; Security Tracability Matrix | Tsai; Hung | Translation; Relevance; | Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401: doesn't relate to a device or category of devices at issue. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. Subject to FTC MIL No.3. | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D340 | | 5/24/2018 | 產品安全管理文件一覽表v073117.xlsx | DKC1895860 | DKC1895860 | | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D346 | | 5/24/2018 | 6.png | DKC1895893 | DKC1895893 | Test Reports; D-Track System | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): screenshots are irrelevant to whether DLS deceived consumers; this exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; tends to make deception less likely; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16. FRE 803(6). | Foundation. Subject to MIL 2 (DKC conduct). |
| DLS | D347 | | 5/24/2018 | 3.png | DKC1895894 | DKC1895894 | Test Reports; D-Track System | Tsai; Hung | Relevance; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): screenshots are irrelevant to whether DLS deceived consumers; this exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; tends to make deception less likely; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16. FRE 803(6). | Foundation. Subject to MIL 2 (DKC conduct). |
| DLS | D349 | | | End-of-Life-Policy.pdf | DLS0060925 | DLS0060925 | DLS Statements Re Products; Sec Advis/Support SA/Support Info/PX1 | Brown | Foundation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): screenshots are irrelevant to whether DLS deceived consumers; this exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; tends to make deception less likely; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16. FRE 803(6). | Foundation dispute remains. |
| DLS | D352 | | 9/4/2017 | DLink 稽核改善說明_20170905.pptx | DKC1897046 | DKC1897071 | Security Practices; BSIMM Audit | Tsai; Hung | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. Subject to FTC MIL No.3. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct), FTC MIL 3 (translation), and FTC MIL 4 (BSIMM audits). |

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D353 | | 11/27/2017 | 第二次外稽報告 (296 KB).msg | DKC1897378 | DKC1897378 | Security Practices; BSIMM Audit; Improvements/Security Is Priority | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  Subject to FTC MIL No.3. | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D354 | | 11/27/2017 | Audit Report_DLINK_2017_Final_rev02.pdf | DKC1897379 | DKC1897389 | Security Practices; BSIMM Audit | Tsai; Hung | Relevance; Hearsay; Foundation (sponsor lacks personal knowledge) | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant;  This evidence contains third party hearsay that is not within any exception. F.R.E. 801, 802, 803.; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  FRE 803(6). | Subject to FTC MIL 4 (BSIMM Audits). |
| DLS | D355 | | 11/3/2017 | Fwd: 11/7複稽.msg | DKC1897393 | DKC1897393 | Security Practices; BSIMM Audit | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D356 | | 11/3/2017 | Fwd 117複稽 (32.8 KB).msg | DKC1897394 | DKC1897395 | Security Practices; BSIMM Audit | Tsai; Hung | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"); This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  Subject to FTC MIL No.3. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct), FTC MIL 3 (translation), and FTC MIL 4 (BSIMM audits). |
| DLS | D357 | | 9/4/2017 | 稽核改善說明暨建議事項 (1.48 MB).msg | DKC1897437 | DKC1897437 | Security Practices; BSIMM Audit; Improvements/Security Is Priority | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D359 | | 9/1/2017 | 已接受：BSIMM 第一次外部複核結果報告及建議 - 2017年9月5日 (週二) 上午10點 - 下午12點 (TST) (Peter Tsai; Hung) | DKC1897480 | DKC1897480 | Security Practices; BSIMM Audit | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D360 | | 9/1/2017 | 已接受：BSIMM 第一次外部複核結果報告及建議 - 2017年9月5日 (週二) 上午10點 - 下午12點 (TST) (Peter Tsai; Hung) (28.9 KB).msg | DKC1897481 | DKC1897482 | Security Practices; BSIMM Audit; Improvements/Security Is Priority | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D361 | | 9/1/2017 | invite.ics | DKC1897483 | DKC1897483 | Security Practices; BSIMM Audit | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D362 | | 8/27/2017 | ISMS training material (931 KB).msg | DKC1897490 | DKC1897490 | Security Practices; Training Documents and Power Point; Improvements/Security Is Priority | Tsai; Hung | Relevance; Hearsay | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct) and FTC MIL 3 (translation). |
| DLS | D363 | | 8/27/2017 | ISMS ISO 27001宣導教育.pptx | DKC1897491 | DKC1897529 | Security Practices; Training Documents and Power Point | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  Subject to FTC MIL No.3. | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D364 | | 8/23/2017 | 1st外稽報告.msg | DKC1897536 | DKC1897536 | Security Practices; BSIMM Audit | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D365 | | 8/23/2017 | 1st外稽報告 (268 KB).msg | DKC1897537 | DKC1897537 | Security Practices; BSIMM Audit; Improvements/Security Is Priority | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  Subject to FTC MIL No.3. | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D366 | | 8/23/2017 | Audit Report_DLINK_2017_rev01.pdf | DKC1897538 | DKC1897546 | Security Practices; BSIMM Audit | Tsai; Hung | Relevance; Hearsay; Foundation (sponsor lacks personal knowledge) | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant;  This evidence contains third party hearsay that is not within any exception. F.R.E. 801, 802, 803.; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. FRE 803(6). | Subject to FTC MIL 4 (BSIMM Audits). |
| DLS | D367 | | 7/31/2017 | 已接受: BSIMM 外部稽核第一次 - 8月 2日 (週三) 上午10點 - 2017年8月3日 (週四) 下午5:30 (TST) (Peter Tsai; Hung).msg | DKC1897559 | DKC1897559 | Security Practices; BSIMM Audit | Tsai; Hung | Relevance; Hearsay | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant;  This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  FRE 803(6). | Subject to FTC MIL 2 (DKC conduct), FTC MIL 3 (translation), and FTC MIL 4 (BSIMM audits). |

FTC v. DISH Network, Inc. Exhibit List

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D368 | | 7/31/2017 | 已接受：BSIMM 外部稽核第一次 - 8月 2日 (週三) 上午10點 - 2017年8月3日 (週四) 下午530 (TST) (Pete... (58.6 KB).msg | DKC1897560 | DKC1897565 | Security Practices; BSIMM Audit | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  Subject to FTC MIL No.3. | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D369 | | 7/31/2017 | invite.ics | DKC1897566 | DKC1897570 | Security Practices; BSIMM Audit | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  Subject to FTC MIL No.3. | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D370 | | 7/19/2017 | RE: Wireless Router BSIMM 檔案.msg | DKC1911949 | DKC1911949 | Security Practices; BSIMM Audit | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D371 | | 7/19/2017 | RE Wireless Router BSIMM 檔案 (1.91 MB).msg | DKC1911950 | DKC1911952 | | Tsai; Hung | Relevance; Translation | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant, doesn't relate to a device or category of devices at issue; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15.  Subject to FTC MIL No.3. | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D373 | | 7/19/2017 | Test Report_20170606.pdf | DKC1911954 | DKC1911979 | BSIMM/current product security practices | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant, doesn't relate to a device or category of devices at issue. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D374 | | 7/19/2017 | PS-402-B [ⁿ┬Ơ*wÑ≡↓§ ¼┤ v¥[_DIR-842C1.xlsx | DKC1911980 | DKC1911980 | BSIMM/current product security practices | Tsai; Hung | Relevance; Hearsay | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Post-complaint conduct irrelevant, doesn't relate to a device or category of devices at issue;  This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted.  F.R.E. 801, 802, 803.. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D375 | | 7/19/2017 | PS-409-B ฅwÑ■■⫿ ¿D⫿¬⫿ ¬¢_DIR-842C1.xlsx | DKC1911981 | DKC1911981 | BSIMM/current product security practices | Tsai; Hung | Relevance; Hearsay | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401). Post-complaint conduct irrelevant, doesn't relate to a device or category of devices at issue;  This exhibit is hearsay not within any exception to the extent is it offered for the truth of the matter asserted.  F.R.E. 801, 802, 803.. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D376 | | 7/19/2017 | ALPHA_DIR-842Cx_V300_⫿■⫿x⫿⫿■⫿│γ⫿ ■¬G⫿⫿Kin│⫿⁰i.xlsx | DKC1911982 | DKC1911982 | BSIMM/current product security practices | Tsai; Hung | No document provided. | No document provided. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D377 | | 7/19/2017 | ALPHA_DIR-842Cx_V300_⫿■⫿X⫿γ⫿ -ňuz⫿⫿⫿│γ⫿ ■¬G│⫿⁰i.xlsx | DKC1911983 | DKC1911983 | BSIMM/current product security practices | Tsai; Hung | No document provided. | No document provided. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D378 | | 7/19/2017 | D-Link(DIR-842C1)-│││⫿⫿ Oฅw⫿⫿│ ⫿⫿│Ʌμ│⫿⁰i_b10.pdf | DKC1911984 | DKC1912018 | BSIMM/current product security practices | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401).  Post-complaint conduct irrelevant, doesn't relate to a device or category of devices at issue. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D379 | | 7/19/2017 | DIR842(0426⫿⫿│⫿⫿).xlsx | DKC1912019 | DKC1912019 | BSIMM/current product security practices | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401).  Post-complaint conduct irrelevant, doesn't relate to a device or category of devices at issue. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D380 | | 7/19/2017 | Re Need Full Security Test DIR-842 C1.msg | DKC1912020 | DKC1912027 | BSIMM/current product security practices | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401).  Post-complaint conduct irrelevant, doesn't relate to a device or category of devices at issue. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D381 | | 7/19/2017 | DIR842(0426模测).xlsx | DKC1912028 | DKC1912028 | BSIMM/current product security practices | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401).  Post-complaint conduct irrelevant, doesn't relate to a device or category of devices at issue. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D382 | | 9/21/2017 | security for talktalk.pptx | DKC1983719 | DKC1983735 | Security Practices; BSIMM Policies and Procedures; Training Documents and Power Point | Tsai; Hung | Relevance; Hearsay | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401).  Post-complaint conduct irrelevant;  This evidence contains third party hearsay that is not within any exception. F.R.E. 801, 802, 803. | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices.  Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15. FRE 803(6). | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D422 | | 1/10/2018 | 14-0924_2 Initial Assessment (242 pgs).pdf | | | FTC Production; III/Onward Expertise Recognized by FTC | Stmnt of Party Opponent | Relevance; Hearsay | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401:  Conduct by third parties irrelevant to whether DLS deceived consumers;  This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; Relief sought; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16; FRE 801, 803(6) | Subject to FTC MIL 1 (Hung). |
| DLS | D423 | | 1/19/2018 | 15-0126_1 Supp. Assessment corres (3 pgs).pdf | | | FTC Production; III/Onward Expertise Recognized by FTC | Stmnt of Party Opponent | Relevance; Hearsay | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401:  Conduct by third parties irrelevant to whether DLS deceived consumers;  This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; Relief sought; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16; FRE 801, 803(6) | Subject to FTC MIL 1 (Hung). |

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D424 | | 1/19/2018 | 15-0126_2 Supp. Assessement (56 pgs).pdf | | | FTC Production; III/Onward Expertise Recognized by FTC | Stmnt of Party Opponent | Relevance; Hearsay | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401: Conduct by third parties irrelevant to whether DLS deceived consumers; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; Relief sought; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16; FRE 801, 803(6) | Subject to FTC MIL 1 (Hung). |
| DLS | D426 | | 10/18/2017 | Trendnet correspondence.pdf | | | Guidance; III/Onward Expertise Recognized by FTC | Stmnt of Party Opponent | Relevance; Hearsay | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401: Conduct by third parties irrelevant to whether DLS deceived consumers; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; Relief sought; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16; FRE 801, 803(6) | Subject to FTC MIL 1 (Hung). |
| DLS | D428 | DX 22 | | Statements for Compliance Week | FTC-DLS-00009430 | FTC-DLS-00009435 | FTC Production Guidance | Arias | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401: FTC guidance irrelevant to whether DLS deceived consumers. | Relevant; Relief sought; DLS Fourteenth and Fifteenth Defenses, Dkt. No. 92 at 16. | Subject to FTC MIL 1 (Hung). |
| DLS | D429 | DX 23 | | Current Regulatory Framework | FTC-DLS-00025233 | FTC-DLS-00025230 | FTC Production; Guidance | Arias | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401: FTC guidance irrelevant to whether DLS deceived consumers. | Relevant; Relief sought; DLS Fourteenth and Fifteenth Defenses, Dkt. No. 92 at 16; FRE 801, 803(6) | Subject to FTC MIL 1 (Hung). |
| DLS | D431 | DX 25 | | The FTC's Investigation of TRENDnet | N/A | N/A | FTC Production; Guidance | Arias | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401: Conduct of other companies irrelevant to whether DLS deceived consumers. | Relevant; Relief sought; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16. | Subject to FTC MIL 1 (Hung). |
| DLS | D432 | DX 26 | | Email correspondence that was released by the FTC pursuant to a FOIA request, the last chain of the email is from Laura Berger | N/A | N/A | Use of III as third party testing company in TRENDnet Settlement | Arias | Relevance; Hearsay | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401: Conduct of other companies irrelevant to whether DLS deceived consumers; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; Relief sought; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16; FRE 801, 803(6) | Subject to FTC MIL 1 (Hung). |
| DLS | D433 | DX 27 | | document containing the subject line "re: TRENDnet Inc. Docket #C-4426" | N/A | N/A | Transmission of TRENDnet Compliance Report | Arias | Relevance; Hearsay | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401: Conduct of other companies irrelevant to whether DLS deceived consumers; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; Relief sought; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16; FRE 801, 803(6) | Subject to FTC MIL 1 (Hung). |
| DLS | D434 | DX 28 | | Compliance report of TRENDnet subject to FTC consent orders | N/A | N/A | Use of III as authorized third party testing company in TRENDnet Settlement | Arias | Relevance; Hearsay | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401: Conduct of other companies irrelevant to whether DLS deceived consumers; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; Relief sought; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16; FRE 801, 803(6) | Subject to FTC MIL 1 (Hung). |
| DLS | D552 | | | Screenshots of the setup process using the mydlink Setup Wizard for Microsoft Windows for the DCS-2310L camera | DLS0055084 | DLS0055096 | DLS Statements Re Products; Product Packaging/Disclaimer | Brown | Foundation; Hearsay. | Exhibit entry does not comply with Court's Standing Order for Civil Jury Trial's ¶ 15:  Incorrect Bates range; No document with identified Bates range was produced in discovery. | Document Produced, Discuss at meet & confer; buisness record FRE 803(6) | Dispute remains. |
| DLS | D653 | DX26 | | Email "RE: Trendnet/Proposed Consent Order" | N/A | N/A | FTC Production; Guidance; FOIA | Arias | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401: Conduct of other companies irrelevant to whether DLS deceived consumers; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; Relief sought; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16; FRE 801; FRE 803(6); FRE 803(8) | Subject to FTC MIL 1 (Hung). |
| DLS | D654 | | | TRENDnet, Inc. Compliance Report and email | N/A | N/A | FTC Production; Guidance; FOIA | | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable. F.R.E. 401: Conduct of other companies irrelevant to whether DLS deceived consumers; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803 | Relevant; Relief sought; DLS Fourth, Fifth, Fourteenth, and Fifteenth Defenses, Dkt. No. 92 at 15-16; FRE 801; FRE 803(6); FRE 803(8) | Subject to FTC MIL 1 (Hung). |

Federal Trade Commission, Inc. v. DLS Corporation, Inc. (FTC v. DLS)
Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D670 | | | Onward Security secure coding and other training classes sign-in sheets | DKC0005324 | DKC0005367 | Security Practices; Training Documents and Power Point | Tsai | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15; FRE 801; FRE 803(6); Subject to FTC MIL No. 3 | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D671 | | | Policy, process, guidelines, and recordkeeping documents implementing BSIMM (March 2017) (excerpts) | DKC0005975 | DKC0005999 | Security Practices; BSIMM Policies and Procedures | Tsai | Relevance; Translation; Hearsay. | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401); Post-complaint conduct irrelevant; This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803; Exhibit contains foreign language text that has not been translated. Foreign-language text is not admissible without certified translation. Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking exhibits because "[t]hey are not in English, and [p]laintiffs provide no translation"); United States v. Diaz, 519 F.3d 56, 64 (1st Cir. 2008) ("[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court"). | Relevant; Current sales/technology practices. Dkt No. 224/FTC suing for current and ongoing practices. Dkt. No. 90 at 8; Dkt. No. 42 at 8; DLS Fourth and Fifth Defenses, Dkt. No. 92 at 15; FRE 801 FRE; 803(6); Subject to FTC MIL No. 3 | Subject to FTC MIL 2 (DKC conduct) & FTC MIL 3 (translation). |
| DLS | D687 | | | DKC0004416-T_translation (uncertified/provided by FTC) | n/a | n/a | Uncertified Translation | Tsai | Noncompliant with Standing Order; Relevance | Exhibit entry does not comply with Court's Standing Order for Civil Jury Trial's ¶ 15: No purpose or sponsor provided; This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Contracts irrelevant to whether DLS deceived consumers. | Replace with certified translation; Added sponsoring witness; Discuss at Meet & Confer | Subject to FTC MIL 2 (DKC conduct). Translation: Will use FTC-provided certification. |
| DLS | D689 | | | DKC0004431-T_translation (uncertified/provided by FTC) | n/a | n/a | Uncertified Translation | Tsai | Noncompliant with Standing Order; Relevance | Exhibit entry does not comply with Court's Standing Order for Civil Jury Trial's ¶ 15: No purpose or sponsor provided; This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Contracts irrelevant to whether DLS deceived consumers. | Replace with certified translation; Added sponsoring witness; Discuss at Meet & Confer | Subject to FTC MIL 2 (DKC conduct). Translation: Will use FTC-provided certification. |
| DLS | D690 | | | DKC0004436-T_translation (uncertified/provided by FTC) | n/a | n/a | Uncertified Translation | Tsai | Noncompliant with Standing Order; Relevance | Exhibit entry does not comply with Court's Standing Order for Civil Jury Trial's ¶ 15: No purpose or sponsor provided; This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Contracts irrelevant to whether DLS deceived consumers. | Replace with certified translation; Added sponsoring witness; Discuss at Meet & Confer | Subject to FTC MIL 2 (DKC conduct). Translation: Will use FTC-provided certification. |
| DLS | D691 | | | DKC0004463-T_translation (uncertified/provided by FTC) | n/a | n/a | Uncertified Translation | Tsai | Noncompliant with Standing Order; Relevance | Exhibit entry does not comply with Court's Standing Order for Civil Jury Trial's ¶ 15: No purpose or sponsor provided; This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Contracts irrelevant to whether DLS deceived consumers. | Replace with certified translation; Added sponsoring witness; Discuss at Meet & Confer | Subject to FTC MIL 2 (DKC conduct). Translation: Will use FTC-provided certification. |
| DLS | D692 | | | DKC0004469-T_translation (uncertified/provided by FTC) | n/a | n/a | Uncertified Translation | Tsai | Noncompliant with Standing Order; Relevance | Exhibit entry does not comply with Court's Standing Order for Civil Jury Trial's ¶ 15: No purpose or sponsor provided; This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Contracts irrelevant to whether DLS deceived consumers. | Replace with certified translation; Added sponsoring witness; Discuss at Meet & Confer | Subject to FTC MIL 2 (DKC conduct). Translation: Will use FTC-provided certification. |

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DLS | D693 | | | DKC0004490-T_translation (uncertified/provided by FTC) | n/a | n/a | Uncertified Translation | Tsai | Noncompliant with Standing Order; Relevance | Exhibit entry does not comply with Court's Standing Order for Civil Jury Trial's ¶ 15: No purpose or sponsor provided; This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Contracts irrelevant to whether DLS deceived consumers. | Replace with certified translation; Added sponsoring witness; Discuss at Meet & Confer | Subject to FTC MIL 2 (DKC conduct). Translation: Will use FTC-provided certification. |
| DLS | D698 | PX04070 | | DKC contract with III | n/a | n/a | security practices and resources devoted thereto | Tsai; Hung | Relevance | This exhibit should be excluded because it does not have a tendency to make a fact of consequence to this dispute more or less probable (F.R.E. 401): Contracts irrelevant to whether DLS deceived consumers. | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No 92 at 15-16 | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D712 | | | SUMMARY_Pink Sheets | n/a | n/a | FRE 1006 | Brown | FRE 1006; Foundation. | Improper FRE1006 exhibit; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901. | FRE 1006; FRE 602; FRE 901; Discuss at Meet & Confer | Dispute remains. |
| DLS | D713 | | | SUMMARY_DKC Contracts | n/a | n/a | FRE 1006 | Tsai | FRE 1006; Foundation. | Improper FRE1006 exhibit; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901. | FRE 1006; FRE 602; FRE 901; Discuss at Meet & Confer | Dispute remains. |
| DLS | D714 | | | SUMMARY_D-Lab | n/a | n/a | FRE 1006 | Tsai | FRE 1006; Foundation. | Improper FRE1006 exhibit; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901. | FRE 1006; FRE 602; FRE 901; Discuss at Meet & Confer | Dispute remains. |
| DLS | D715 | | | SUMMARY_Onward.III | n/a | n/a | FRE 1006 | Tsai | FRE 1006; Foundation. | Improper FRE1006 exhibit; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901. | FRE 1006; FRE 602; FRE 901; Discuss at Meet & Confer | Dispute remains. |
| DLS | D716 | | | SUMMARY_Source Code Scans | n/a | n/a | FRE 1006 | Tsai | FRE 1006; Foundation. | Improper FRE1006 exhibit; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901. | FRE 1006; FRE 602; FRE 901; Discuss at Meet & Confer | Dispute remains. |
| DLS | D717 | | | SUMMARY_Firmware Release Notes | n/a | n/a | FRE 1006 | Brown | FRE 1006; Foundation. | Improper FRE1006 exhibit; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901. | FRE 1006; FRE 602; FRE 901; Discuss at Meet & Confer | Dispute remains. |
| DLS | D718 | | | SUMMARY_Security Risk Questionnaire | n/a | n/a | Security practices | Tsai; Hung | FRE 1006; Foundation. | Improper FRE1006 exhibit; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901. | FRE 1006; FRE 602; FRE 901; Discuss at Meet & Confer | Dispute remains. |
| DLS | D719 | | | SUMMARY_Traceability Matrix | n/a | n/a | FRE 1006 | Tsai | FRE 1006; Foundation. | Improper FRE1006 exhibit; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901. | FRE 1006; FRE 602; FRE 901; Discuss at Meet & Confer | Dispute remains. |
| DLS | D720 | | | SUMMARY_Vendor PreRelease | n/a | n/a | Showing vendor testing over time | Tsai; Hung | FRE 1006; Foundation. | Improper FRE1006 exhibit; Sponsoring witness cannot provide foundation for the admissibility of the exhibit. FRE 602, 901. | FRE 1006; FRE 602; FRE 901; Discuss at Meet & Confer | Dispute remains. |
| DLS | D727 | | | DCS-2310L purchased 8/16/2018 | n/a | n/a | Physical Exhibit | Brown | No document provided. | No document provided or sufficiently identified. | Physical Exhibit; Discuss at Meet & Confer | FTC to inspect on January 3. |
| DLS | D728 | | | Packaging for DCS-2310L purchased 8/16/2018 | n/a | n/a | Physical Exhibit | Brown | No document provided. | No document provided or sufficiently identified. | Physical Exhibit; Discuss at Meet & Confer | FTC to inspect on January 3. |
| DLS | D729 | | | Contents inside packaging containing DCS-2310L purchased 8/16/2018 | n/a | n/a | Physical Exhibit | Brown | No document provided. | No document provided or sufficiently identified. | Physical Exhibit; Discuss at Meet & Confer | FTC to inspect on January 3. |
| DLS | D730 | | | Set-Up GUI for DCS-2310L purchased 8/16/2018 | n/a | n/a | User Experience | Brown | TBD | FTC needs to review proposed materials. | Interface Exhibit; Discuss at Meet & Confer | Dispute remains. |
| DLS | D734 | | | D-Link PowerPoint - SIM (Security Issues Management) | DKC0196811 | DKC0196825 | Demonstrative | Brown; Tsai | Hearsay | This exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16; FRE 801; FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D735 | | | D-Link PowerPoint - Product Security | DKC0656086 | DKC0655123 | Demonstrative | Brown; Tsai | No document provided; Hearsay. | No document provided; this exhibit is hearsay not within any exception to the extent it is offered for the truth of the matter asserted. F.R.E. 801, 802, 803. | FRE 801; FRE 803(6) | Subject to FTC MIL 2 (DKC conduct). |
| DLS | D736 | | | D-Link PowerPoint - D-Lab | DKC1072647 | DKC1072678 | Demonstrative | Brown; Tsai | Relevance; Noncompliant with Standing Order. | Exhibit entry does not comply with Court's Standing Order for Civil Jury Trial's ¶ 15: No sponsor provided; Demonstrative not proper exhibit list entries; Not a proper demonstrative. | Relevant; DLS Fourth, Fifth, and Fourteenth Defenses, Dkt. No. 92 at 15-16; Added sponsoring witness | Subject to FTC MIL 2 (DKC conduct). |
| FTC | PX03169 | | 8/14/2014 | 8/14/2014 email from Daniel Kelley from William Brown regarding Fwd: Response | DLS0038372 | DLS0038377 | Falsity | Brown or By Stipulation | Relevance; Probative value outweighed; Best evidence rule | FRE 402; FRE 403; FRE 1002 | This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. | DLS maintains relevance objections |

Case 3:17-cv-00039-JD Document 246-2 Filed 12/20/18 Page 29 of 35
FTC v. D-Link Systems, Inc. 5:17-cv-00039-JD
Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FTC | PX03194 | | 3/13/2012 | Audit Report of New Report PDF0213 | DLS0057818 | DLS0057902 | Falsity | Brown or By Stipulation | Relevance; Probative value outweighed; Hearsay; DLS reserves the right to seek limiting instruction at trial | FRE 402; FRE 403; FRE 801 | The exhibit is not hearsay because it is made by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). Furthermore, this is an internal DLC or DLS document, kept within the regular course of business, thus it falls under the business record exception to hearsay and is admissible. See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. This exhibit goes to the security of the mydlinkUS network in February 2012, and thus, it is relevant to falsity and should be admitted. | DLS maintains relevance objections DLS preserves hearsay obection at trial |
| FTC | PX03196 | | 4/13/2015 | 4/13/2015 email from William Brown to Hans Liu, Shinglin Chung, Daniel Daniel Hsu, Robert Lin, Ping Chen, Richard Chen, AJ Wang, Osbert Ong regarding New D-Link backdoor | DLS0049144 | DLS0049145 | Falsity | Brown or By Stipulation | Hearsay; DLS reserves the right to seek limiting instruction at trial; Contains privileged material; Discuss at meet & confer | FRE 801 | The exhibit is not hearsay because it is made by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). Furthermore, this is an internal DLC or DLS email, sent within the regular course of business, thus it falls under the business record exception to hearsay and is admissible. See F.R.E. 803(6). To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. | DLS maintains privilege objection DLS preserves hearsay objection at trial |
| FTC | PX03197 | | 4/13/2015 | 4/13/2015 email from William Brown to Hans Liu, Shinglin Chung, Daniel Daniel Hsu, Robert Lin, Ping Chen, Richard Chen, AJ Wang, Osbert Ong regarding New D-Link backdoor | DLS0049154 | DLS0049155 | Falsity | Brown or By Stipulation | Subsequent Remedial Measures; Hearsay; DLS reserves the right to seek a limiting instruction at trial; Contains privileged material; Discuss at meet & confer | FRE 407; FRE 801 | See MIL response. F.R.E. 407 does not preclude use. The exhibit is not hearsay because it is made by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). Furthermore, this is an internal DLC or DLS email, sent within the regular course of business, thus it falls under the business record exception to hearsay and is admissible. See F.R.E. 803(6). To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. | DLS maintains privilege objection DLS preserves hearsay and subsequent remedial measures objections at trial |
| FTC | PX03277 | | 4/18/2013 | Email from William Brown to Oscar Navarro, Chris Wong regarding Regarding Security Vulnerability reported on DCS-2102/2121... | DKS00001924 | DKS00001933 | Falsity | Brown or By Stipulation | Relevance. Subsequent Remedial Measure; DLS reserves the right to seek a limiting instruction for the use of this exhibit at trial | FRE 402; FRE 403; FRE 407 | See MIL response. F.R.E. 407 does not preclude use. This objection is overbroad and not specific. Defendant fails to provide a succinct summary in support of the objection, or any evidence that the exhibit is not relevant. Rather, this exhibit goes to DLS's knowledge of security vulnerabilities in the DCS-942L and other IP cameras in April 2013, and thus, it is relevant to falsity and should be admitted. | DLS maintains relevance objection DLS preserves subsequent remedial measures objection at trial |

FTC v. D-Link Systems, Inc. (17-cv-039)

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FTC | PX03280 | | 4/8/2013 | Email from William Brown to Core Security Technologies Advisories-team (fm) regarding Follow-up Regarding Security Vulnerability Advisory on D-Link DCS-2102/2121 | DKS00001894 | DKS00001902 | Falsity | Brown or By Stipulation | Relevance. Hearsay; Subsequent Remedial Measure; DLS reserves the right to seek a limiting instruction for the use of this exhibit at trial. | FRE 402; FRE 403; FRE 407; FRE 801; FRE 802 | See MIL response. F.R.E. 407 does not preclude use. Defendant has already provided a certification of regularly conducted activity for documents it produced during the FTC's investigation. See F.R.E. 902(11). To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. This exhibit goes to DLS's knowledge of security vulnerabilities in its IP cameras in April 2013, and thus, it is relevant to falsity and should be admitted. | DLS maintains relevance objection DLS preserves hearsay and subsequent remedial measures objections |
| FTC | PX03311 | | 4/13/2015 | 4/13/2015 email from William Brown to Hans Liu, Shinglin Chung, Daniel Daniel Hsu, Robert Lin, Ping Chen, Richard Chen, AJ Wang, Osbert Ong regarding New D-Link backdoor | DLS0049148 | DLS0049149 | Falsity | Brown or By Stipulation | Privilege; Hearsay; Subsequent Remedial Measures; DLS reserves the right to seek limiting instructions at trial | FRE 502; FRE 801; FRE 407 | See MIL response. F.R.E. 407 does not preclude use. The exhibit is not hearsay because it is made by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). Furthermore, this is an internal DLC or DLS email, sent within the regular course of business, thus it falls under the business record exception to hearsay and is admissible. See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. | DLS maintains privilege objection DLS preserves hearsay and subsequent remedial measures objections at trial |
| FTC | PX03331 | | 6/30/2014 | Security Advisory "DIR-300 Rev. Bx / DIR-600 Rev Bx - Multiple Vulnerabilities - Command Injection, Information Disclosure, Plain-Text Password Storage, Unauthorized Password Change, Local Path Disclosure, XSS, (FW 2.03/2.14 and older)" | DLS0060253 | DLS0060255 | Falsity | Brown or By Stipulation | Relevance; Subsequent Remedial Measures; DLS reserves the right to seek a limiting instruction for the use of this exhibit at trial. | FRE 402; FRE 403; FRE 407 | See MIL response. F.R.E. 407 does not preclude use. This objection is overbroad and not specific. Defendant fails to provide a succinct summary in support of the objection, or any evidence that the exhibit is not relevant. Rather, this exhibit goes to vulnerabilities identified on the Messner blog, and thus, it is relevant to falsity and should be admitted. | DLS maintains relevance objection DLS preserves subsequent remedial measures objection at trial |

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FTC | PX04133 | | 4/30/2013 | 4/30/2013 email from Robert Lin to Emil Tseng regarding Regarding Security Vulnerabilities on DCS-2102/2121 | DKC0015673 | DKC0015676 | Falsity | Tsai or by Stipulation | Relevance. Hearsay; Subsequent Remedial Measures; DLS reserves the right to seek a limiting instruction for the use of this exhibit at trial. Completeness, Translation; Discuss at Meet & Confer. | FRE 106; FRE 402; FRE 403; FRE 407; FRE 802 | See MIL response.  F.R.E. 407 does not preclude use. The exhibit is not hearsay because it is made by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). Furthermore, this is an internal DLC or DLS email, sent within the regular course of business, thus it falls under the business record exception to hearsay and is admissible. See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice.  This exhibit goes to the security of the vulnerability reported by coresecurity, and thus, it is relevant to falsity and should be admitted. | DLS maintains relevance objection

DLS preserves hearsay and subsequent remedial measures objections at trial

Withdraws completeness objection |
| FTC | PX05010 | | 4/10/2015 | Article from devttys0.com titled Hacking the D-Link DIR-890L | n/a | n/a | Falsity | Mark Graff or by Stipulation | Foundation, Hearsay; DLS reserves the right to seek limiting instruction at trial | FRE 402; FRE 403 | The exhibit is not hearsay because it is adopted in a document created by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. | DLS maintains foundation objection

DLS preserves hearsay objection at trial |
| FTC | PX05011 | | 4/14/2015 | Article from devttys0.com titled What the Ridiculous F, D-Link?! | n/a | n/a | Falsity | Mark Graff or by Stipulation | Foundation, Hearsay; DLS reserves the right to seek limiting instruction at trial | FRE 402; FRE 403 | The exhibit is not hearsay because it is adopted in a document created by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. | DLS maintains foundation objection

DLS preserves hearsay objection at trial |
| FTC | PX05013 | | 8/11/2016 | Vulnerability Note VU#332115, D-Link routers contain buffer overflow vulnerability | n/a | n/a | Falsity | Mark Graff or by Stipulation | Foundation, Hearsay; DLS reserves the right to seek limiting instruction at trial | FRE 402; FRE 403 | The exhibit is not hearsay because it is adopted in a document created by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. | DLS maintains foundation objection

DLS preserves hearsay objection at trial |

Case 3:17-cv-00039-JD   Document 246-2   Filed 12/20/18   Page 32 of 35
FTC v. D-Link Systems, Inc. 3:17-cv-00039
Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FTC | PX05015 | | 9/18/2015 | Article from makeuseof.com titled ""D-Link Keys Blunder Puts Everyone At Risk" | n/a | n/a | Falsity | Mark Graff or by Stipulation | Foundation; Hearsay; DLS reserves the right to seek limiting instruction at trial | FRE 801; FRE 802; FRE 407 | The exhibit is not hearsay because it is adopted in a document created by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. | DLS maintains foundation objection / DLS preserves hearsay objection at trial |
| FTC | PX05025 | | 2/27/2014 | Security Advisory titled "DI-524/524UP/604+/604UP/624S, DIR-100/120, and TM-G524G authenticate administrative access using specific User-Agent string resulting in a stack-overflow vulnerability" Security Advisories >SAP10001 | n/a | n/a | Falsity | Brown or By Stipulation | Relevance | | | DLS maintains relevance objection |
| FTC | PX05029 | | 2/28/2014 | Security Advisory titled "mydlink Lite mobile application for Android - Mis-handling user-credentials with-in the local file system" Security Advisories >SAP10011 | n/a | n/a | Falsity | Brown or By Stipulation | Relevance | FRE 106 | This exhibit goes to encryption android account credentials, and thus, it is relevant to falsity and should be admitted. | DLS maintains relevance objection |
| FTC | PX05032 | | 7/17/2014 | Security Advisory titled "DAP-1320 - Path Traversal, Cross-Site Scripting (XSS) Vulnerabilities" Security Advisories >SAP10024 | n/a | n/a | Falsity | Brown or By Stipulation | Relevance | FRE 106 | This exhibit goes to notice of the Kyle Lovett XSS vulnerability, and thus, it is relevant to falsity and should be admitted. | DLS maintains relevance objection |
| FTC | PX05038 | | Undated document | Article from cvedetails.com on CVE-2017-14429 | n/a | n/a | Falsity | Brown or By Stipulation | Foundation, Hearsay; DLS reserves the right to seek limiting instruction at trial | FRE 106; FRE 407 | The exhibit is not hearsay because it is adopted in a document created by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. | DLS maintains foundation objection / DLS preserves hearsay objection at trial |
| FTC | PX05042 | | 1/10/2017 | Article from exploit-db.com titled DIR-615 - Multiple Vulnerabilities | n/a | n/a | Falsity | | Foundation, Hearsay; DLS reserves the right to seek limiting instruction at trial | FRE 801; FRE 802; FRE 407 | The exhibit is not hearsay because it is adopted in a document created by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. | DLS maintains foundation objection / DLS preserves hearsay objection at trial |

FTC v. D-Link Systems, Inc. 5:17-cv-39-JD

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FTC | PX05066 | | 7/15/2016 | Tech Alert from dlink.com titled "Regarding Senr.io Vulnerability Affecting Many D-Link Products" | n/a | n/a | Falsity | Brown or By Stipulation | Hearsay; Foundation; Subsequent Remedial Measures DLS reserves the right to seek limiting instruction at trial | FRE 801; FRE 802; FRE 407 | See MIL response. F.R.E. 407 does not preclude use. The exhibit is not hearsay because it is made by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). Furthermore, this is an internal DLC or DLS document, kept within the regular course of business, thus it falls under the business record exception to hearsay and is admissible. See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. | DLS maintains foundation objection DLS preserves hearsay and subsequent remedial measures objections at trial |
| FTC | PX05084 | | 4/5/2013 | Multiple Vulnerabilities in D-Link devices - DIR-600 / DIR-300 revB / DIR-815 / DIR-645 / DIR-412 / DIR-456 / DIR-110 | n/a | n/a | Falsity | Brown or By Stipulation | Foundation. Hearsay; Subsequent Remedial Measures; DLS reserves the right to seek limiting instruction at trial | FRE 801; FRE 802; FRE 407; FRE 901 | See MIL response. F.R.E. 407 does not hearsay because it is made by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). Furthermore, this is an internal DLC or DLS email, sent within the regular course of business, thus it falls under the business record exception to hearsay and is admissible. See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. | DLS maintains foundation objection DLS preserves hearsay and subsequent remedial measures objections at trial |
| FTC | PX05121 | | 10/5/2018 | 2018.10.05 (D.E. 199-8) Exhibit 6 | n/a | n/a | Falsity | By Stipulation | Foundation. Completeness; Discuss at meet and confer | FRE 106; FRE 901 | This objection is overbroad and not specific. Defendant fails to provide a succinct summary in support of the objection, or any evidence that the document lacks foundation. The remedy for lack of completeness is introduction of related documents, if any. | DLS maintains foundation and completeness objections |
| FTC | PX05122 | | 10/5/2018 | 2018.10.05 (D.E. 199-11) Exhibit 9 | n/a | n/a | Falsity | By Stipulation | Foundation. Completeness; Discuss at meet and confer | FRE 106; FRE 901 | This objection is overbroad and not specific. Defendant fails to provide a succinct summary in support of the objection, or any evidence that the document lacks foundation. Document contains URLs identifying source. Defendant fails to provide a succinct summary in support of the objection, or any evidence that the email chain is incomplete. The remedy for lack of completeness is introduction of related documents, if any. | DLS maintains foundation and completeness objections |

Federal Trade Commission v. D-Link Systems, Inc., 3:17-cv-00039

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FTC | PX07000 | | Undated document | Senrio D-Link Vulnerability Details For William Brown and the D-Link Security Incident Report Team | n/a | n/a | Falsity | Stephen Ridley | Foundation. Hearsay; DLS reserves the right to seek limiting instruction at trial | FRE 901; FRE 801 | The exhibit is not hearsay because it is made by a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). Furthermore, this is an internal DLC or DLS document, kept within the regular course of business, thus it falls under the business record exception to hearsay and is admissible. See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice. Document authenticated at Senrio 30(b)(6) deposition. | DLS maintains foundation objection    DLS preserves hearsay objection at trial |
| FTC | PX07001 | | Undated document | ISE - RIoT - Raiding Internet of Things Presentation by Jacob Holcomb, ISE Security Analyst | n/a | n/a | Falsity | Stephen Bono | Foundation. Hearsay; DLS reserves the right to seek limiting instruction at trial. Relevance | FRE 901; FRE 801; FRE 402; FRE 403 | Document authenticated as a business record at the ISE deposition, and is admissible. See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination.  This objection is overbroad and not specific. Defendant fails to provide a succinct summary in support of the objection, or any evidence that the document lacks foundation. Document authenticated at ISE 30(b)(6) deposition.  This exhibit goes to demonstrate how a security researcher at ISE attacks a router with cross-site request forgery (CSRF), command injection, and buffer overflow attacks, and thus, it is relevant to falsity and injunctive relief and should be admitted. | DLS maintains foundation and relevance objections   DLS preserves hearsay objection at trial |
| FTC | PX08069 | | 8/7/2016 | D-Link Code review brief report AMIT DWR-925 | DKC1828107 DKC1828107 | DKC1828107 DKC1828107 | Falsity | Tsai or by Stipulation | Hearsay; DLS reserves the right to make limiting instruction at trial. Relevance | FRE 402; FRE 801 | The exhibit is not hearsay because it is made at the direction of a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). Furthermore, this is an internal DLC or DLS document, kept within the regular course of business, thus it falls under the business record exception to hearsay and is admissible. See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice.   This exhibit goes to recent testing, and thus, it is relevant to injunctive relief and should be admitted. | DLS maintains relevance objection   DLS preserves hearsay objection at trial |

FTC v. D-Link Systems, Inc., 17-cv-00039

Exhibit List 2: Admissibility Disputed

| Party | DLS Ctrl. No. | Exhibit No. | Date | Description | BegBates | EndBates | Purpose at Trial | Sponsoring Witness | Opposing Party Objections | Opposing Party's Authority | Party's Authority | Result of Meet & Confer |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FTC | PX08071 | | 7/19/2017 | D-Link Code review brief report DIR-878 | DKC1828167 | DKC1828167 | Falsity | Tsai or by Stipulation | Hearsay; DLS reserves the right to make limiting instruction at trial. Relevance | FRE 402; FRE 403; FRE 801; FRE 802 | The exhibit is not hearsay because it is made at the direction of a DLC or DLS employee, an opposing party. See F.R.E. 801(d)(2). Furthermore, this is an internal DLC or DLS document, kept within the regular course of business, thus it falls under the business record exception to hearsay and is admissible. See F.R.E. 803(6). This document is probative of the security of DLS devices, and any prejudice may be cured by cross examination or direct examination. To the extent any of the contents of the exhibit is neither a business record nor an adoptive admission, this exhibit also is admissible to establish notice.   This exhibit goes to recent testing, and thus, it is relevant to injunctive relief and should be admitted. | DLS maintains relevance objection  DLS preserves hearsay objection at trial |