1   FEDERAL TRADE COMMISSION
    Kevin H. Moriarty (D.C. Bar No. 975904)
2     kmoriarty@ftc.gov
    Cathlin Tully (NY Bar)
3     ctully@ftc.gov
    Jarad A. Brown (CA Bar No. 294516)
4     jbrown4@ftc.gov
    Katherine E. McCarron (D.C. Bar No. 486335)
5     kmccarron@ftc.gov
    Laura Riposo VanDruff (D.C. Bar No. 481785)
6     lvandruff@ftc.gov
    Brian C. Berggren (CA Bar No. 279279)
7     bberggren@ftc.gov
    600 Pennsylvania Avenue NW, Mail Drop CC-8232
8   Washington, D.C. 20580
    Telephone:   (202) 326-3232
9   Facsimile:   (202) 326-3062

10  Attorneys for Plaintiff
    FEDERAL TRADE COMMISSION

11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15  FEDERAL TRADE COMMISSION,           Case No. 3:17-CV-00039-JD

16              Plaintiff,              **FEDERAL TRADE COMMISSION'S
                                        OPPOSITION TO DEFENDANT'S
17        v.                            ADMINISTRATIVE MOTION TO FILE
                                        UNDER SEAL RE: OPPOSED SEALING
18  D-LINK SYSTEMS, INC., a California  DOCUMENTS**
    Corporation,
19                                      Judge:   The Honorable James Donato
                Defendant.
20

21

22

23

24

25

26

27

28

_____
         FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANT'S MOTION TO SEAL
                          CASE NO. 3:17-CV-00039-JD

## I.     __INTRODUCTION__

Defendant D-Link Systems, Inc.'s ("Defendant") Administrative Motion to File Documents Under Seal should be denied in its entirety.  Defendant attempts to prevent the public from viewing portions of thirteen (13) exhibits (hereinafter, the "Contested Exhibits") filed in connection with dispositive motions that reveal embarrassing and preventable deficiencies in Defendant's software security practices—the central topic of the upcoming trial.  Despite claiming that the courtroom did not needed to be closed for "any party evidence presented at trial" (ECF No. 232, ¶ X.A.), Defendant now attempts to seal information in trial exhibits and from trial witnesses because it shows "trade secrets" and "proprietary procedures" that could be "harmful competitively and financially" to Defendant and D-Link Corporation.  *See* Mot. at 2–7 (chart of Contested Exhibits).  Not so.  Putting aside that Defendant's request to seal the Contested Exhibits is grossly overbroad and based on flimsy generic explanations, Defendant's only evidence to support its self-serving characterizations in the Motion is a declaration from its lead counsel, John Vecchione.  Defendant has no evidence, let alone an affidavit from company witnesses, to substantiate its claims of trade secret, privilege, or alleged competitive harm.  Accordingly, the Court should unseal the Contested Exhibits.

## II.     __ARGUMENT__

Defendant attempts to seal Contested Exhibits filed in connection with motions for summary judgment and *Daubert* motions.  For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking to seal must establish "compelling reasons" to overcome that presumption.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006) (concerns about information leading to "a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records") (citation omitted).  This standard presents a "high threshold," and "[a] 'good cause' showing will not, without more, satisfy" it.  *Id*. at 1180 (citation omitted).  "The 'compelling reasons' standard applies not just to motions for summary judgment, but also to *Daubert* motions submitted 'in connection with' pending motions for summary judgment."  *Open Text S.A. v. Box, Inc.*, No. 13-CV-04910-JD, 2014 WL 7368594, at *1 (N.D. Cal. Dec. 26, 2014) (citing *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120–21 (9th Cir. 2012)).

Here, Defendant has failed to establish "compelling reasons" that overcome the "strong presumption" of access to judicial records.  Defendant's overbroad requests to seal the Contested Exhibits filed in connection with dispositive motions should be denied for two separate reasons.

*First*, Defendant has put forth no evidence to show that the Contested Exhibits actually contain "trade secrets" or "proprietary procedures" that, if disclosed, would cause competitive harm to Defendant's business operations.  Defendant did not file a declaration from a single witness from Defendant or its parent company, D-Link Corporation, to support its claims.  In fact, Defendant's only supporting evidence is an attorney declaration that asserts—in a conclusory fashion—that the Contested Exhibits contain trade secrets and sensitive information important to Defendant's and D-Link Corporation's alleged competitive standing.  Mot. at 2:17–19.  Such a vague and conclusory declaration fails to satisfy Defendant's burden.  *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307–08 (N.D. Cal. 2005) (business must provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm").

*Second*, the basis for Defendant's request to seal the Contested Exhibits is grossly overbroad and based on flimsy generic explanations.  *See* Mot. at 2-7.  Despite knowing that the FTC contested Defendant's requests to seal, Defendant has done little to substantiate the basis for sealing here.  Simply reciting conclusory statements about trade secrets, privilege, and confidentiality does not satisfy the "compelling reasons" standard.  To the contrary, the party seeking to seal material must show "specific, individualized reasons for sealing the material, 'without relying on hypothesis or conjecture[.]'"  *Open Text S.A.*, 2014 WL 7368594, at *3 (citation omitted).  Indeed, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."  *Kamakana*, 447 F.3d at 1184.  Where, as here, a party only provides "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information,'" the burden to seal is not met.  *Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *1 (N.D. Cal. Jun. 5, 2015); *see also Innovative Automation LLC v. Kaleidescape, Inc.*, No. 13-CV-05651-JD, 2014 WL 12770254, at *2 (N.D. Cal. Oct. 17, 2014) (denying motion to seal "protectable" information under good cause standard, and admonishing counsel that "other filings this trivial will be met with sanctions").

1   Although the Court need not review the Contested Exhibits given these substantive failures,

2   even a cursory review of the Contested Exhibits reveals that Defendant's assertions about trade

3   secret, privilege, and alleged competitive harm are meritless.  The chart below contains the FTC's

4   response to Defendant's proposed basis for sealing each of the Contested Exhibits.

| Contested Exhibit | FTC's Response to Defendant's Conclusory Reason(s) for Sealing |
|---|---|
| **Exhibit 1**<br><br>**(Excerpts from Expert Report of Mark Graff)** | Defendant's assertions of "sensitive information about D-Link proprietary procedures," "detailed strategy information," and "3rd party licensing and contract materials" are overbroad and unsupported.  Many of the proposed redactions are not actually protectable; they merely describe Defendant's security budget and its blind reliance on D-Link Corporation and third party vendors for testing and security practices.  *See* ECF No. 253-3 (Redacted Graff Report) at 32, 37-39, 41-48, 50-51, 55-56.  Much of this information is also deducible from other motions and filings; indeed, Defendant attempts to seal information publicly disclosed in its counsel's declaration filed in opposition to the FTC's Motions *in Limine*.  ECF No. 239 (Exhibit 8).  Finally, information about Defendant's failure to fix vulnerabilities shipped with its products and general descriptions of its security practices should not be redacted.  *See Open Text S.A.*, 2014 WL 7368594, at *3 (no "specific compelling reasons" to seal "information related to the mere existence of source code," the "operations of [the] products," "basic information about the structure of [party's] products and API," or "other information regarding its products and development plans").<br><br>Separately, Defendant has represented that it does not anticipate closing the courtroom from the public during trial.  ECF No. 232, ¶ X.A.  Mr. Graff, as well as Defendant's other witnesses, are expected to testify in-detail about the information that Defendant seeks to redact here.  Accordingly, none of this information should be redacted.  *See Open Text S.A.*, 2014 WL 7368594, at *4 (no compelling reason to seal information when it is "deducible" from other documents not filed under seal). |
| **Exhibit 2**<br><br>**(Excerpts from FTC's *Daubert* Motion for Dr. Schaumont)** | *See* FTC's Response to Exhibit 1.<br><br>Defendant's privilege assertion, without any further elaboration, does not satisfy its burden to seal.  *See Kamakana*, 447 F.3d at 1184.  The proposed redaction encompasses a generic description of an email sent from a third party, Rapid7, to D-Link Corporation.  Even assuming communications between two third parties could be privileged (they are not), Defendant has never identified this document on a privilege log, nor has it asserted any rights as to the document under the Protective Order.  Defendant has no valid claim of privilege here. |
| **Exhibit 3**<br><br>**(Email from W. Brown, then Acting-President for Defendant)** | *See* FTC's Responses to Exhibit 1 and Exhibit 2.<br><br>Defendant proposes redacting a URL to a public-facing researcher report that remains publicly available on the Internet today, and which reveals serious vulnerabilities in a D-Link router.  *See* http://www.devttys0.com/2015/04/hacking-the-d-link-dir-890l/.  Defendant's claim of privilege is equally meritless, as this is the same document discussed in Exhibit 2. |

| Contested Exhibit | FTC's Response to Defendant's Conclusory Reason(s) for Sealing |
|---|---|
| **Exhibit 4**<br><br>**(D-Link Corporation Code Review Report)** | *See* FTC's Response to Exhibit 1.<br><br>Separately, Exhibit 4 is a document that contradicts certain of Dr. Schaumont's purported expert opinions and contains generic references to Defendant's failure to have remediated vulnerabilities identified in 2015.  Because Dr. Schaumont may testify in-detail about these issues in open court, none of this information should be redacted here.  *See Open Text S.A.*, 2014 WL 7368594, at *4. |
| **Exhibit 5**<br><br>**(Excerpts of FTC's Motion to Summary Judgment)** | *See* FTC's Response to Exhibit 1 and Exhibit 3.<br><br>Defendant seeks to redact all text (197 lines in total) that the FTC provisionally sealed because of Defendant's confidentiality designations.  Defendant claim that this information constitutes "source code testing" and "detailed information about D-Link's proprietary procedures" is overbroad.  The proposed redactions include deposition testimony of Defendant's trial witnesses, including William Brown, innocuous facts, like the dates of sale for a camera model (ECF No. 256-11 at 10 n.34), and uncontested propositions about security from Defendant's expert witness (*id.* at 10 n.40).  This information, as well as the other Contested Exhibits that Defendant proposes to redact, are exactly the kinds of evidence that the FTC intends to present at trial.  They should not be restricted from the public's view.  *See Open Text S.A.*, 2014 WL 7368594, at *3. |
| **Exhibit 6**<br><br>**(Internal Email from W. Brown in 2013)** | *See* FTC's Response to Exhibit 1, Exhibit 3, and Exhibit 5.<br><br>Defendant's claims that this exhibit contains "detailed information regarding firmware specifications, software configuration and security testing of D-Link's devices" is wrong.  Mr. Brown simply describes how it is easy for a third party, without authorization, to access the video feed of D-Link cameras over the Internet using the well-known guest-guest backdoor.  Mr. Brown provides these instructions to many of his colleagues, including at D-Link Corporation.<br><br>Defendant publicly filed Mr. Brown's testimony regarding this vulnerability and steps to exploit it.  ECF No. 265-23 (Brown Tr.) at 760:11-13, 760:19-762:17. |
| **Exhibit 7**<br><br>**(Internal Email from W. Brown to D. Hsu at D-Link Corporation in 2013)** | *See* FTC's Response to Exhibit 1, Exhibit 3, Exhibit 5, and Exhibit 6.<br><br>Defendant seeks to redact excerpts about a router vulnerability that it claims to have fixed.  Nearly all of the text on the first page that Defendant seeks to redact is taken verbatim from a security researcher report that remains available today. *See* http://roberto.greyhats.it/advisories/20130227-dlink-dir.txt.  The remaining redactions are statements from one of Defendant's employees, Mr. Brown, about the seriousness of the vulnerability for affected customers and the need for an immediate fix.  This is not information about its "proprietary procedures" or "internal security testing of its software." |
| **Exhibit 8**<br><br>**(January 2017 Email to W. Brown)** | *See* FTC's Response to Exhibit 1, Exhibit 6, and Exhibit 7.<br><br>Defendant seeks to redact excerpts about a vulnerability that it claims to have fixed.  It is also taken verbatim from a security researcher report that remains available today.   *See*  https://packetstormsecurity.com/files/140489/D-Link-DIR-615-Open-Redirection-Cross-Site-Scripting.html. |

| Contested Exhibit | FTC's Response to Defendant's Conclusory Reason(s) for Sealing |
|---|---|
| **Exhibit 9** | *See* FTC's Response to Exhibit 6.  Defendant's proposes to redact the same information at issue in Exhibit 6 from Defendant's employee, Mr. Brown. |
| **Exhibit 10** | *See* FTC's Response to Exhibit 6 and Exhibit 9.  Defendant's proposes to redact the same information from Defendant's employee, Mr. Brown.  The other proposed redactions merely explain how a specific search engine (Shodan) could be used to exploit the vulnerability, which Defendant discussed in its Motion *in Limine* No. 2. |
| **Exhibit 11**<br><br>**(Excerpts of IH Transcript for W. Brown)** | *See* FTC's Response to Exhibit 1, Exhibit 3, and Exhibit 6.<br><br>Mr. Brown's testimony about Defendant's "security budget," "CSRF," and the "guest/guest" backdoor does not disclose "trade secrets," "proprietary procedures," or "source code."  In fact, much of the information in Mr. Brown's testimony is deducible from the other portions of the deposition transcript and other aspects of the Contested Exhibit (e.g., Expert Report of Mark Graff).  There is simply no basis to seal this information, particularly since Mr. Brown will likely testify about it at trial.  *See Open Text S.A.*, 2014 WL 7368594, at *3. |
| **Exhibit 12** | *See* FTC's Response to Exhibit 6 and Exhibit 9.  Defendant's proposes to redact the same information from Defendant's employee, Mr. Brown, at issue in both Exhibit 6 and Exhibit 9. |
| **Exhibit 13**<br><br>**(Excerpts from the FTC's Opposition to Defendant's Motion for Summary Judgment)** | *See generally* FTC's Response to Exhibit 1 through Exhibit 12.<br><br>Defendant seeks to redact all text (69 lines in total) that the FTC provisionally sealed because of Defendant's confidentiality designations.  Like Exhibit 5, the proposed redactions include deposition testimony of Defendant's trial witnesses and innocuous facts.  This information, as well as the other Contested Exhibits that Defendant proposes to redact, are exactly the kinds of evidence that the FTC intends to present at trial.  They should not be restricted from the public's view.  *See Open Text S.A.*, 2014 WL 7368594, at *3. |

## III.   <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should deny Defendant's motion to seal the Contested Exhibits.  The sufficiency of Defendant's software development practices will be the central aspect of the upcoming (and public) trial.  Defendant has not offered any evidence, let alone with the requisite specificity, to substantiate any "compelling reasons" for sealing the Contested Exhibits.  It is hard to imagine how Defendant could do so, given that the sufficiency of its software development practices—through both the testimony of its own witnesses and experts—will be the central aspect of trial.  Accordingly, the Court should deny Defendant's motion with prejudice.

1    Dated: January 7, 2019                    FEDERAL TRADE COMMISSION

2

3                                        By:   */s/ Kevin H. Moriarty*
                                               Kevin H. Moriarty
4                                              FEDERAL TRADE COMMISSION
                                               600 Pennsylvania Avenue NW, CC-8232
5                                              Washington, D.C. 20580

6                                              *Attorneys for Plaintiff*
                                               *FEDERAL TRADE COMMISSION*
7

8                         **CERTIFICATE OF SERVICE**

9           The undersigned certifies that on January 7, 2019, the foregoing document was electronically

10   filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, NORTHERN

11   DISTRICT OF CALIFORNIA, using Court's Electronic Case Filing (ECF) system. The ECF system

12   routinely sends a "Notice of Electronic Filing" to all counsel of record who have consented to accept

13   this notice as service of this document by electronic means.  Any party not receiving the Court's

14   electronic notification will be sent a copy of the foregoing document.

15

16   Dated: January 7, 2019                    */s/ Kevin H. Moriarty*
                                               Kevin H. Moriarty
17

18

19

20

21

22

23

24

25

26

27

28